## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA RYNASKO, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>NEW YORK UNIVERSITY,<br><br>          Defendant.<br><br><u>Related Cases</u><br>*Zagoria v. New York University,*<br>  No. 1:20-cv-03610-GBD<br>*Morales et al v. New York University,*<br>  No. 1:20-cv-04418-GBD<br>*Romankow v. New York University,*<br>  No. 1:20-cv-04616-GBD | Civil Action No. 1:20-cv-03250-GBD |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS RYNASKO,  MORALES, AND GUIDRY 'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL</u>

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Andrew J. Obergfell
888 Seventh Avenue
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
Email: aobergfell@bursor.com


Sarah N. Westcot *(pro hac vice* app.
forthcoming)
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (Pro Hac Vice Forthcoming)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com

Nathaniel A. Tarnor (Bar No. 4742797)
555 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 752-5455
Email: nathant@hbsslaw.com

*Additional attorneys on signature page*

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

APPLICABLE LAW .............................................................................................................. 4

ARGUMENT .......................................................................................................................... 6

I.      PROPOSED CO-LEAD INTERIM CLASS COUNSEL HAS THOROUGHLY
        IDENTIFIED AND INVESTIGATED THE CLAIMS ....................................................... 6

II.     PROPOSED CO-LEAD INTERIM CLASS COUNSEL IS EXPERIENCED IN
        HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION .................... 7

III.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL ARE LOCAL TO THIS
        DISTRICT AND VERY FAMILIAR WITH THE APPLICABLE LAW ...................... 11

IV.     PROPOSED CO-LEAD INTERIM CLASS COUNSEL WILL COMMIT ALL
        NECESSARY RESOURCES TO REPRESENTING THE CLASS ............................... 12

CONCLUSION..................................................................................................................... 14

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Anderson v. Fiserv, Inc.*,
   2010 WL 571812 (S.D.N.Y. Jan. 29, 2010) ................................................................. 5

*Bernstein v. Cengage Learning, Inc.*,
   2019 WL 6324276 (S.D.N.Y. Nov. 26, 2019) ............................................................ 4, 5

*Blessing v. Sirius XM Radio Inc.*,
   2011 WL 1194707 (S.D.N.Y. Mar. 29, 2011) ............................................................ 5, 7

*Buonasera v. Honest Co., Inc.*,
   318 F.R.D. 17 (S.D.N.Y. 2016) ................................................................................. 4, 5

*Ebin v. Kangadis Food Inc.*,
   297 F.R.D. 561 (S.D.N.Y. 2014) ................................................................................... 8

*Hart v. BHH, LLC*,
   2017 WL 2912519 (S.D.N.Y. July 7, 2017) ................................................................. 8

*In re Amla Litig.*,
   320 F.R.D. 120 (S.D.N.Y. 2017) ................................................................................... 5

*In re Municipal Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008) ................................................................................... 4

*In re Scotts EZ Seed Litig.*,
   304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) ..................................................................... 8

*In re Stericycle, Inc., Sterisafe Contract Litig.*,
   2017 WL 4864874 (N.D. Ill. Oct. 26, 2017) ............................................................... 13

**RULES**

Fed. R. Civ. P. 23 ........................................................................................................ 4, 5, 7

Fed. R. Civ. P. 23(c)(1) ...................................................................................................... 7

Fed. R. Civ. P. 23(g) .......................................................................................................... 4

Fed. R. Civ. P. 23(g)(1) .................................................................................................. 5, 6

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................................ 5

Fed. R. Civ. P. 23(g)(1)(A)(ii) .......................................................................................... 7

Fed. R. Civ. P. 23(g)(1)(C)(i) ............................................................................................. 12

Fed. R. Civ. P. 23(g)(2)(A) ................................................................................................ 4

Fed. R. Civ. P. 23(g)(3)...................................................................................................... 1, 4

**OTHER AUTHORITIES**

Fed. Prac. § 23.12 .............................................................................................................. 6

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Christina Rynasko, Serina Morales, and Adriana Guidry ("Plaintiffs") move for an order appointing Bursor & Fisher, P.A. ("Bursor & Fisher") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") (collectively, "Proposed Co-Lead Interim Class Counsel") as co-lead interim class counsel. Bursor & Fisher and Hagens Berman have significant nationwide consumer class action experience, knowledge of the applicable law, and substantial resources to litigate these actions. They also have a proven track record of success in consumer class actions, and prior class actions brought on behalf of students, that will be of great benefit to the proposed class. Appointment of interim class counsel will promote efficiency, conserve judicial resources and create a unified voice for putative class members that will streamline this litigation with a team capable of taking the case to trial if necessary.

Bursor & Fisher has a wealth of experience successfully litigating consumer class actions in this District.  *See, e.g.*, *Edwards v. Hearst Communications, Inc*., 1:15-cv-09279, ECF No. 314 (S.D.N.Y. Apr. 24, 2019) (approving $50 million settlement over violations of the Michigan Preservation of Personal Privacy Act and claims of unjust enrichment by Hearst); *In re Scott's EZ Seed Litig*., No. 12-cv-4727, ECF No. 367 (S.D.N.Y. Dec. 19, 2018) (approving settlement valued at $47 million over deceptive advertising and breach of contract claims relating to EZ Seed product by The Scotts Company); *Rodriguez v. CitiMortgage, Inc.*, No. 1:11-cv-04718, ECF No. 71 (S.D.N.Y. Oct. 6, 2015) (approving $38 million settlement over violations of the Servicemembers Civil Relief Act by CitiMortgage); *Gregorio v. Premier Nutrition Corp.*, No. 1:17-cv-05987, ECF No. 101 (S.D.N.Y. Jan. 17, 2019) (approving $9 million settlement over deceptive advertising of protein supplement products by Premier); *Hart v. BHH, LLC*, No. 1:15-cv-04804, ECF No. 93 (S.D.N.Y. July 7, 2017) (certifying nationwide class of purchasers of

non-functional ultrasonic pest repellent product); *In re Welspun Litig.*, No. 1:16-cv-06792, ECF No. 58 (S.D.N.Y. Jan. 26, 2017) (appointing Bursor & Fisher as lead interim class counsel). Indeed, Bursor & Fisher's track record of prevailing in six of six class action jury trials since 2007 – with the latest being a $267 million class jury verdict in the Northern District of California in May 2019 – demonstrates that Bursor & Fisher is qualified to serve as interim class counsel in this matter.

Hagens Berman brings its own stockpile of experience and a proven track record of success in this District, with major settlements not only secured but currently pending. *See, e.g., In re Elec. Books Antitrust Litig.*, Case No. 11-md-02293 (DTC) (S.D.N.Y.) (serving as co-lead counsel, which resulted in compensation to consumers of $560 million); *In re: General Motors LLC Ignition Switch Litigation,* 14-MD-2543 (JMF) (S.D.N.Y.) ($120 million settlement for economic loss claims, preliminary approval granted); *In re Tremont Securities Law, State Law and Insurance Litig.*, No. 08-cv-11117 (TPG) (S.D.N.Y.) (serving as co-lead counsel for the state law actions, $100 million settlement).   Hagens Berman lawyers have led or taken important roles in hundreds of billions of dollars in recoveries for the firm's clients and class members, with hundreds of millions of dollars recovered by or on behalf of current and former students.

## BACKGROUND

On April 24, 2020, Plaintiff Christina Rynasko filed the first-filed case in the country against Defendant New York University ("NYU"), seeking relief on behalf of herself and a class of "all people who paid tuition and fees for the Spring 2020 academic semester at NYU, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them."  *See Rynasko v. New York University*, Case No. 1:20-cv-03250 (S.D.N.Y.), Class Action Complaint and Demand for

Jury Trial (ECF No. 1) ("Complaint"), at ¶ 1.  Specifically, Plaintiff Rynasko and class members paid tuition and fees to NYU in exchange for an in-person, on-campus education.  NYU cancelled all in-person classes as of March 11, 2020, and transitioned to remote online education. *Id.* at ¶ 3.  In addition to depriving students of the facilities and benefits of being on campus, the online learning environment is not what the students contracted for.  Plaintiff Rynasko brings her claims on behalf of herself, a nationwide class and a Florida subclass, asserting claims of breach of contract, unjust enrichment, and conversion.  *Id.* at ¶¶ 31-32, 40-61.

Since the filing of the *Rynasko* action, three additional putative class action lawsuits have been filed against NYU on behalf of individuals seeking a reimbursement of tuition and fees paid for Spring Semester 2020.  *See Zagoria v. New York University*, Case No. 1:20-cv-3610 (S.D.N.Y.), filed on May 8, 2020; *Morales, et al. v. New York University*, Case No. 1:20-cv-4418 (S.D.N.Y.), filed on June 9, 2020; and *Romankow v. New York University*, Case No. 1:20-cv-4616 (S.D.N.Y.), filed on June 16, 2020.

Each of the cases against NYU were filed by different law firms.  Of these, the team of Bursor & Fisher and Hagens Berman are best suited to represent the putative class.  Proposed Co-Lead Interim Class Counsel not only have extensive class action experience and success, but they have significant experience successfully litigating class actions in this District.  Bursor & Fisher, who developed the first-filed *Rynasko* case, and Hagens Berman have engaged in a thorough investigation of the law and facts at issue in this case.  Their investigation demonstrates the thoroughness and care they will employ for the benefit of the putative class.  Furthermore, Bursor & Fisher is based in this District and practices regularly in this District while Hagens Berman also maintains a New York office.  Their local presence and experience with consumer class actions featuring similar claims will significantly streamline the litigation here and reduce

unnecessary cost and expense to the putative class.   Accordingly, Plaintiffs respectfully move for the appointment of Bursor & Fisher and Hagens Berman as co-lead interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).   This appointment will provide the putative class with unique resources and expertise and enable it to speak with a unified voice.   Moreover, they will do so respectively and cooperatively.

## APPLICABLE LAW

The appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class.   *See* Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification).   Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."   Although the rule states the court "may" appoint an interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of interim class counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities."   *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted); *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (same); *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019) ("Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently.").   Further, the Notes contemplate "that in many cases the need to progress toward the certification determination may <u>require</u> designation of interim counsel."   Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

As stated in the *Manual*, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See Anderson v. Fiserv, Inc.*, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010); *Bernstein*, 2019 WL 6324276, at *1 ("When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A).") (quoting *Buonasera*, 318 F.R.D. at 18); *In re Amla Litig.*, 320 F.R.D. 120, 121 (S.D.N.Y. 2017) (same).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *See Blessing v. Sirius XM Radio Inc.*, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011). Each of these

considerations, as detailed below, support the appointment of Bursor & Fisher and Hagens

Berman as co-lead interim class counsel.

## ARGUMENT

## I.   PROPOSED CO-LEAD INTERIM CLASS COUNSEL HAS THOROUGHLY IDENTIFIED AND INVESTIGATED THE CLAIMS

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily

be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of

counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken.  All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Bursor & Fisher (who brought the first-filed case weeks before any other cases)

and Hagens Berman's work in identifying and investigating the claims in this case demonstrates

that they have and will continue to fairly and adequately represent the proposed Class.  For

example, Proposed Co-Lead Interim Class Counsel has performed the following work thus far:

a) Investigated potential legal claims arising from Defendant's closure of its campus and failure to provide in-person classes from March 11, 2020 onward;

b) Reviewed and analyzed numerous articles describing Defendant's challenged conduct;

c) Reviewed and analyzed Defendant's website;

d) Reviewed and analyzed Defendant's policies, student handbooks, and course catalogs;

e) Reviewed and analyzed NYU's billing records, and students' payment records, relating to the Spring 2020 semester;

    f)   Investigated the nature of the challenged conduct at issue by interviewing numerous NYU students;

    g)   Reviewed and analyzed comments and statements by NYU staff related to the challenged conduct at issue;

    h)   Investigated the adequacy of the named Plaintiffs to represent the putative class; and

    i)   Drafted and filed the Complaint in this action.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop and demonstrate the claims alleged in the Complaint.  These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

The Notes to Rule 23 also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination."  *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification.  *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification").  Discovery in this matter may be complicated, and it may require meet-and-confers and motion practice prior to class certification.  Proposed Co-Lead Interim Class Counsel's thorough investigation into the claims will enable them to efficiently and adequately handle this discovery and related motion practice.

## II.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL IS EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."  Fed. R. Civ. P.

23(g)(1)(A)(ii).  Here, Proposed Co-Lead Interim Class Counsel has substantial experience

handling consumer class actions and other complex litigation, including successful experience

litigating and settling consumer claims for unjust enrichment and breach of contract.  The firms'

attorneys have represented plaintiffs in more than 100 class action lawsuits in state and federal

courts throughout the United States.  Decl. of Joseph I. Marchese ("Marchese Decl.") ¶ 3; Decl.

of Steve W. Berman ("Berman Decl.) ¶ 4.

Bursor & Fisher has an extensive and successful history within this District, including

certification of contested nationwide classes in *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561

(S.D.N.Y. 2014) and *Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017), as well as

New York and California classes in *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan.

26, 2015).  As Judge Rakoff recognized in appointing Bursor & Fisher class counsel in *Ebin*,

"Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims.

. . .  The firm has been appointed class counsel in dozens of cases in both federal and state courts,

and has won multi-million dollar verdicts or recoveries in five class action jury trials since

2008."  *Ebin*, 297 F.R.D. at 566.

Likewise, courts in this district and others have recognized Hagens Berman's experience

and tenacity.  In *In re Electronic Books Antitrust Litigation,* No. 11-md-2293 (DLC) (S.D.N.Y.)

Hagens Berman was appointed co-lead counsel in this complex litigation involving six

defendants, 33 Attorneys General and the U.S. Department of Justice.  Berman Decl. ¶ 5.

Settlements in the case totaled more than $550 million, representing recovery of approximately

200% of class members' damages.  *Id.* ¶ 6.  More recently, in the high-profile *In re General

Motors LLC Ignition Switch Litigation,* No. 14-MD-2543 (JMF) (S.D.N.Y.), a multidistrict

litigation, Judge Furman *sua sponte* appointed Mr. Berman as a co-lead counsel for the economic

loss plaintiffs.  *Id.* ¶ 7.  After a lengthy hearing in which over 40 lawyers presented their applications, Judge Furman appointed Hagens Berman's Steve Berman as one of three permanent class counsel.  *Id.* ¶ 8.  The *GM* litigation recently announced a $120 million settlement on behalf of the economic loss class, with the final approval hearing due to occur later this year.  *Id.* ¶ 9.  The *sua sponte* appointment in GM followed another notable appointment in *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation,* No. 10-md-02151 (C.D. Cal.).  *Id.* ¶ 10.  In that case, Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel.  *Id.* ¶ 11.  Hagens Berman secured a $1.6 billion settlement, the largest automobile class settlement in history at the time. *Id.* ¶ 12.

More generally, within the past seven years, Bursor & Fisher and Hagens Berman's lawyers have been court-appointed counsel or interim class counsel in over thirty class actions. Marchese Decl. ¶ 6 and Ex. A at 1-3; Berman Decl. ¶¶ 3-4, 7.  Bursor & Fisher also negotiated and obtained court approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively, at the time). Marchese Decl. ¶ 3.  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  *Id*.  Bursor & Fisher has also proven that it can—and will—take cases to trial if necessary, having won multi-million dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008.  *Id.* at ¶ 5.  For example, while serving as lead trial counsel in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.  *Id*.  And last year, in *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a

$267 million judgment.  *Id.*

Hagens Berman also stands out for numerous appointments as class counsel on behalf of students.  For example, Hagens Berman served as co-lead counsel for the Plaintiffs in landmark litigation in *In re: USC Student Health Center Litigation*, No. 2:18-cv-04258-SWB-GJS (C.D. Cal.).  Berman Decl. ¶ 15.  In that case, the court granted final approval to a $215 million settlement reached with USC and its former full-time gynecologist, Dr. George Tyndall, covering approximately 18,000 USC alumnae.  *Id.* ¶ 16.  The settlement also required USC to implement important institutional changes as well.  *Id.* ¶ 17.  The USC settlement is the largest-ever class resolution of sexual assault claims and first to incorporate equitable relief reforms ensuring institutional change and implemented a thoughtful, streamlined claims structure.  *Id.* ¶ 18.  As another example, Hagens Berman secured a $208 million settlement on behalf of tens of thousands of current and former college-athletes (including but not limited to USC student-athletes) in *In re: NCAA Grant-In-Aid Cap Antitrust Litigation*, No. 4:14-md-02541-CW (N.D. Cal.).  *Id.* ¶ 19.  There, Hagens Berman served as co-lead class counsel for the Consolidated Plaintiffs.  *Id.* ¶ 20.  Hagens Berman represented a class of student-athletes who received a scholarship package (referred to as a grant-in-aid, or GIA) and sought damages based on the difference in athletically related financial aid they could have received under new NCAA rules allowing for athletically related aid up to the full "cost of attendance," typically a few thousand dollars more per academic year.  *Id.* ¶ 21.  In addition to securing the extensive settlement, the case included class-wide claims for injunctive relief, which Hagens Berman attorneys took to a successful bench trial.  *Id.* ¶ 22.

Hagens Berman also served as co-lead counsel in *In re: NCAA Student-Athlete Concussion Litigation*, No. 13-cv-9116 (N.D. Ill.), brought on behalf of then-current and former

NCAA student-athletes, which claimed that the NCAA had been negligent and had breached its duty to (1) protect current and former student-athletes by failing to adopt appropriate rules regarding concussions and/or (2) manage the risks from concussions. *Id.* ¶ 23. Hagens Berman sought and obtained medical monitoring relief for all qualifying current and former student-athletes, among other benefits. *Id.* ¶ 24. Hagens Berman secured a $75 million settlement that implements a 50-year medical monitoring program for student-athletes to assess certain mid- to late-life onset brain diseases and disorders, and included injunctive relief provisions to be implemented at NCAA member schools (including NYU) regarding return-to-play guidelines schools must follow after an athlete's head injury. *Id.* ¶ 25.

## III.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL ARE LOCAL TO THIS DISTRICT AND VERY FAMILIAR WITH THE APPLICABLE LAW

Proposed Co-Lead Interim Class Counsel are also knowledgeable about the law applicable to instant claims, as demonstrated by their experience litigating other multi-state class actions. As set forth above, the attorneys of Bursor & Fisher and Hagens Berman have a long track record of successfully litigating and resolving large-scale consumer and complex actions, including cases in this District, and are also familiar with this Court's rules and procedures.

Both Bursor & Fisher and Hagens Berman operate offices in New York, and are very familiar with the applicable laws and practices of this District. In contrast, the other firms seeking appointment as co-lead interim class counsel, The Katriel Law Firm and The Kalfayan Law Firm, are both located in the San Diego, California area with no office in New York. Appointment of those firms would lead to inefficiencies, requiring assistance of local New York counsel and expensive plane travel (as opposed to subway travel) for attendance at hearings and case management conferences. These inefficiencies in attorney time and litigation costs would unnecessarily burden the putative class.

**IV.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS**

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Bursor & Fisher and Hagens Berman.  Bursor & Fisher and Hagens Berman are not small firms with limited class action practices.  Rather both are well-established successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions.  As a result, the firms can fully utilize their resources and knowledge of local practice to the direct benefit of Plaintiffs and the class members.  Bursor & Fisher and Hagens Berman have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class. Bursor & Fisher and Hagens Berman's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Notably, other courts have opined on the resources and commitment of Bursor & Fisher in representing clients in class action cases.  For instance, Chief United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014), noting that the firm Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial."  Marchese Decl. ¶ 10 and Ex. B at 3.  Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so.  The Court is confident that Bursor & Fisher will fairly and

adequately represent the interests of the class." *Id.* (citation omitted).  Similarly, in appointing

Bursor & Fisher as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718

(PGG) (S.D.N.Y. Nov. 14, 2011), Judge Gardephe recognized that Bursor & Fisher is a "well-

established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale

class action litigation."  Marchese Decl. ¶ 11 and Ex. C at 3.

   Likewise, with respect to Hagens Berman, the firm has garnered praise from the courts

before whom the firm has appeared.  For example, in another major breach of contract action, *In

re Stericycle, Inc., Sterisafe Contract Litigation,* MDL No. 2455 (N.D. Ill.), in appointing

Hagens Berman as lead counsel, Judge Shadur remarked:

> But it must be said that the track record of Hagens Berman and its
> lead partner Steve Berman is even more impressive, having racked
> up such accomplishments as a $1.6 billion settlement in the Toyota
> Unintended Acceleration Litigation and a substantial number of
> really outstanding big-ticket results.
>
> It may be worth mentioning that to this Court's recollection it has
> had no first-hand judicial experience with either of the two finalist
> firms…. But that is not true of its colleagues in this District of a
> more recent vintage, an email inquiry to whom brought in return
> some high praise of attorney Berman's skills.

*In re Stericycle, Inc., Sterisafe Contract Litig.,* MDL No. 2455, No. 13-C-5795 (Mem. Order

dated October 11, 2013) (Dkt. # 56).  Following the announcement of that case's $295 million

settlement and equitable relief, Judge Shadur commended both sides for their "professionalism

of the highest order" and commented that "the current submission [plaintiffs' motion for

preliminary approval of the class settlement] contains…an impeccable covering of all the

necessary bases, demonstrating the high quality work product that this Court anticipated when it

designated Hagens Berman and its lead partner Steve Berman as Class Counsel."  *In re

Stericycle, Inc., Sterisafe Contract Litig.,* MDL No. 2455, No. 13-C-5795 2017 WL 4864874, at

*1 (N.D. Ill. Oct. 26, 2017).

The same is true with respect to this action.  As interim class counsel, Bursor & Fisher and Hagens Berman will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations.  Bursor & Fisher and Hagens Berman have already established a team of attorneys to litigate this matter, ensuring the most organized and efficient representation of the putative class.  On the litigation team from Bursor & Fisher are partners Joseph I. Marchese and Sarah N. Westcot, and associate Andrew Obergfell. From Hagens Berman, partners Steve W. Berman and Daniel J. Kurowski, counsel Nathaniel Tarnor and associate Whitney K. Siehl will staff the case.  And both firms will draw on others from within their firms as the case demands.

## CONCLUSION

In the interest of judicial economy and for the reasons set forth above, the Plaintiffs respectfully request that the Court appoint Bursor & Fisher and Hagens Berman as co-lead interim class counsel.

Dated:  June 30, 2020

Respectfully submitted,

By:   */s/ Joseph I. Marchese*
          Joseph I. Marchese

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Andrew J. Obergfell
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  jmarchese@bursor.com
            aobergfell@bursor.com

Sarah N. Westcot *(pro hac vice* app.
forthcoming*)*
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

14

**HAGENS BERMAN SOBOL
SHAPIRO LLP**

Steve W. Berman (Pro Hac Vice Forthcoming)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com

Nathaniel A. Tarnor (Bar No. 4742797) 555
Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 752-5455
Email: nathant@hbsslaw.com

Daniel J. Kurowski (Pro Hac Vice)
Whitney K. Siehl (Pro Hac Vice)
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Email: dank@hbsslaw.com
        whitneys@hbsslaw.com

*Attorneys for Plaintiffs Christina Rynasko,
Serina Morales, and Adriana Guidry*