IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA RYNASKO, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>NEW YORK UNIVERSITY,<br><br>      Defendant. | Case No. 1:20-cv-3250-GBD |

## DEFENDANT NEW YORK UNIVERSITY'S RESPONSE TO PLAINTIFFS CHRISTINA RYNASKO, SERINA MORALES, AND ADRIANA GUIDRY'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

**DLA PIPER LLP (US)**

Brian S. Kaplan
Keara M. Gordon
Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
brian.kaplan@us.dlapiper.com
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant New York University*

Defendant New York University ("NYU"), by and through its undersigned counsel, hereby responds to plaintiffs Christina Rynasko, Serina Morales, and Adriana Guidry's (collectively, the "Plaintiffs") Motion for Appointment of Interim Class Counsel (the "Motion").[1]

## ARGUMENT

In both the Motion and in their response to Plaintiff Zagoria's Motion for Consolidation and for Appointment of His Counsel as Interim Class Counsel, the plaintiffs in *Rynasko* and *Morales* do not move, but assume, without sufficient support or argument, that consolidation of this case with *Zagoria*, *Morales*, and *Romankow* is warranted. While the Motion is fourteen pages long, it never addresses consolidation or explains why consolidation is appropriate here. *See* Motion at 1–14. Instead, the Motion merely differs with Mr. Zagoria in arguing that their lawyers – Bursor & Fisher, P.A. and Hagens Berman Sobol Shapiro LLP – should serve as co-lead interim class counsel in a consolidated action (which NYU takes no position whatsoever on). Similarly, the Joint Response in the *Zagoria* matter, which Plaintiffs filed in response to Mr. Zagoria's consolidation motion, lacks any serious argument or analysis in support of consolidation, devoting only about a page to a conclusory and half-hearted attempt at arguing for consolidation. *See Zagoria*, No. 1:20-cv-03610, ECF No. 13, at 2.

Contrary to the Plaintiffs' apparent assumption, consolidation of these cases is neither warranted nor appropriate. The party moving for consolidation has the burden of demonstrating that consolidation is appropriate. *KGK Jewelry LLC v. ESDNetwork*, Nos. 11CV9236-LTS-RLE, 12CV9130-LTS-RLE, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (denying consolidation

---

[1] Defendant NYU's time to answer, move or otherwise respond to the complaint in this case, as well as in *Zagoria v. New York University*, No. 1:20-cv-3610-GBD (S.D.N.Y., filed May 8, 2020) ("*Zagoria*"), *Morales v. New York University*, No. 1:20-cv-4418-GBD (S.D.N.Y., filed Jun. 9, 2020) ("*Morales*") and *Romankow v. New York University*, No. 1:20-cv-04616 (S.D.N.Y., filed Jun. 16, 2020) ("*Romankow*"), has not yet passed. As a result, counsel for NYU makes a limited appearance to oppose consolidation. NYU reserves its right to move to dismiss or otherwise respond to the merits of the complaints and does not waive, but explicitly reserves, all substantive rights and defenses.

where moving parties did not meet their burden of demonstrating that consolidation was appropriate). Plaintiffs here entirely fail to make any serious argument regarding consolidation and therefore fail to carry their burden.

Indeed, as set forth in NYU's Memorandum of Law in Opposition to Plaintiff Daniel Zagoria's Motion for Consolidation (*see id.* at ECF No. 20) ("NYU Opp."),[2] consolidation is not warranted. There are substantial and material factual differences between the four cases, including, among numerous others, that the students were enrolled in different schools and different programs within NYU, and thus the attendant experiences, tuition and fees (and fee refunds), and exposure to admissions-related material all differ. *See* NYU Opp. at 11-13. And, as Mr. Zagoria pointed out, in some cases, the plaintiffs are students, while another case is brought by a parent, and yet another is brought by both. NYU Opp. at 11-12. Four of the five students finished their NYU classes at the end of the Spring semester, while Mr. Zagoria chose to enroll in summer classes, knowing that NYU would conduct them remotely. *Id.* These are significant factual distinctions.

As explained in NYU's Opposition, all of the plaintiffs' claims should be dismissed because New York courts "consistently decline to entertain actions" that challenge the effectiveness of one's education. NYU Opp. at 13-14. Nevertheless, resolution of each plaintiff's claims will involve individualized analysis because each plaintiff's vaguely and inadequately alleged "contract" with NYU is alleged to contain different terms based on the circumstances of each student's enrollment and experiences at NYU. *See* NYU Opp. at 14-17. Mr. Zagoria's reply brief criticizes NYU for not attaching the "contracts" that he and these Plaintiffs attack in its opposition to consolidation, suggesting incorrectly that the burden is on defendant NYU to

---

[2] NYU incorporates the NYU Opposition by reference as if fully set forth herein.

articulate for the Court the contracts on which each plaintiff predicates his or her suit, how it was breached, and the cognizable damages flowing therefrom. *Zagoria*, No. 1:20-cv-03610, ECF No. 27, at 1. But Mr. Zagoria does point out how the differences among the plaintiffs will necessarily affect the Court's standing analyses. *Id.* at ECF No. 8, at 6-13.

Consolidation, moreover, will not serve judicial economy, and may in fact confuse the issues and prejudice NYU, as motions practice and any discovery or trial (should any of the actions survive a motion to dismiss, which NYU respectfully submits they should not), will similarly require focus on each plaintiff's distinct and individualized circumstances, as well as the distinct terms of each plaintiff's alleged contract (if any) with the university. *See* NYU Opp. at 17-20.

## CONCLUSION

For the foregoing reasons and for the additional reasons set forth in NYU's Opposition the Court should decline to consolidate these actions.

Dated: July 14, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

 /s/ *Keara M. Gordon*
Brian S. Kaplan
Keara M. Gordon
Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
brian.kaplan@us.dlapiper.com
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant New York University*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am one of the attorneys for the defendant in this action and that on July 14, 2020, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

/s/ *Keara M. Gordon*
Keara M. Gordon