IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERINA MORALES, ADRIANA GUIDRY, and ERIKA CHAMBERS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>Defendant. | Case No. 1:20-cv-04418-GBD |
| CHRISTINA RYNASKO on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>Defendant. | Case No. 1:20-cv-03250-GBD |

**DEFENDANT NEW YORK UNIVERSITY'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL AUTHORITIES**

On January 20, 2020, plaintiffs Serina Morales, Adriana Guidry, and Erika Chambers (the "*Morales* plaintiffs") filed a Notice of Supplemental Authority in *Morales v. New York University*, Case No. 1:20-cv-04418-GBD (ECF No. 53) in opposition to New York University's ("NYU") Motion to Dismiss the Amended Complaint (ECF No. 34).  On the same day, plaintiff Christina Rynasko filed a Notice of Supplemental Authority in *Rynasko v. New York University*, No. 1:20-cv-03250-GBD (ECF No. 45) in response to NYU's Motion to Dismiss the Amended Complaint in that case (ECF No. 36).

1

In each, the plaintiffs cite recent decisions in Covid-19 related tuition refund cases. NYU responds briefly to these cases below. Additionally, should the court consider any Covid-19-related tuition refund cases, NYU respectfully submits three recent decisions where each university's motion to dismiss was granted in its entirety, including a recent decision from the Southern District of New York.

As with the plaintiffs' previous supplemental authorities, the cases they bring to the court's attention do not provide any basis to conclude that the *Morales* plaintiffs or Ms. Rynasko have plausibly alleged their claims under New York law, each of these decisions is distinguishable in material ways, and none changes the conclusion here: the *Morales* plaintiffs' and Ms. Rynasko's claims should be dismissed. First, the *Morales* plaintiffs and Ms. Rynasko each cite the same seven out-of-state cases that are distinguishable and non-binding. *Doe v. Bradley Univ.*, 2020 U.S. Dist. LEXIS 240698 (C.D. Ill. Dec. 22, 2020) (applying Illinois law); *Bahrani v. Ne. Univ.*, 2020 WL 7774292 (D. Mass. Dec. 30, 2020) (applying Massachusetts law); *Garland v. W. Mich. Univ., et al.*, No. 20-000063-MK (Mich. Ct. Cl. Jan. 6, 2021) (applying Michigan law);[1] *Hiatt v. Brigham Young Univ.*, 2021 WL 66298 (D. Utah Jan. 7, 2021) (applying Utah law); *In Re: Boston Univ. Covid-19 Refund Litig.*, 2021 WL 66443 (D. Mass. Jan. 7, 2021) (applying Massachusetts law); *McCarthy v. Loyola Marymount Univ.*, No. 2:20-CV-04668-SB (C.D. Cal. Jan. 8, 2021) (applying California law); *Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, 2021 WL 140708 (M.D. Fla. Jan. 14, 2021) (applying Florida law). None of these cases analyze New York law, which is the only law that is applicable to deciding the motions to dismiss in these cases.

---

[1] The defendant in *Garland* moved for summary disposition of the claims twice, and the decision cited by the *Morales* plaintiffs and Ms. Rynasko here relates to the second motion. NYU distinguished the *Garland* Court's September 15, 2020 decision on the first motion for summary disposition in its Reply in Further Support of its Motion to Dismiss in *Romankow v. NYU*, Case No. 1:20-cv-04616-GBD, ECF No. 39, at 3 n. 6 (Dec. 21, 2020). NYU respectfully refers the Court to that brief for further discussion of the *Garland* case.

Second, Ms. Rynasko also cites to *Chong v. Northeastern University*, 2020 WL 7338499 (D. Mass. Dec. 14, 2020) and *Ford v. Rensselaer Polytechnic Institute*, 2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020). NYU distinguished each of these cases in detail in its January 4, 2021 Response to the *Morales* plaintiffs' Supplemental Authorities, and respectfully refers the Court to that response for further discussion of each of these cases and why they are inapposite here. (*See Morales* ECF No. 50).

To the extent the Court does consider any Covid-19-related tuition refund cases, NYU respectfully submits the following three recent decisions where the university's motion to dismiss was granted in full: *Hassan v. Fordham Univ.*, 2021 WL 293255 (S.D.N.Y. Jan. 28, 2021), (Exhibit 1), *Gociman v. Loyola Univ. of Chicago*, 2021 WL 243573 (N.D. Ill. Jan. 25, 2021), (Exhibit 2), and *Mitelberg v. Stevens Inst. of Tech.*, Case No. 2:20-cv-05748-SDW-MAH, ECF No. 35 (D.N.J. Jan. 22, 2021), (Exhibit 3).

    a.    <u>*Hassan v. Fordham University* (S.D.N.Y. Jan. 28, 2021)</u>

In *Hassan*, Judge Kimba M. Wood granted Fordham University's ("Fordham") motion to dismiss in full, holding that a student failed to state claims for breach of contract, unjust enrichment, conversion, and money had and received premised on allegations that the student was entitled to a refund of tuition and fees for the Spring 2020 semester following Fordham's move to remote learning in response to Covid-19. 2021 WL 293255, at *1. While the Court found the claims were not barred by the educational malpractice doctrine "at [the pleading] stage," it agreed with Fordham that "the Court may not evaluate and measure the quality of instruction" and "[t]o the extent that adjudicating Plaintiff's claims entails evaluation of whether a course conducted remotely was less valuable than one conducted in person—and if so, by how much—the Court should decline to 'enter the classroom and determine whether or not the judgments and conduct of

professional educators were deficient.'" *Id.* at *4 (quoting *Paladino v. Adelphi Univ.*, 89 A.D.2d 85, 92 (2d Dep't 1982)). The Court then evaluated each of the plaintiff's claims and found each insufficient to state a claim as a matter of law.

First, the Court dismissed the breach of contract claim, finding that the plaintiff "failed to plead two essential elements of its contract claim: a sufficiently specific promise to provide in-person educational services, and breach of the contract between Fordham and its students." *Id.* With regard to the purported promise of in-person instruction, the plaintiff's claims were premised on (1) "a catalog that identifies courses offered, instructors, and the times and locations of classes," (2) Fordham's "Academic Policies and Procedures," which provides that "students 'are expected to attend every class of every course for which they are registered,'" and (3) Fordham's marketing materials allegedly touting the "'on-campus experience' as a benefit of enrollment." *Id.* at *5. The Court held that "[n]one of these statements . . . constitutes a specific promise on Fordham's part to provide 'certain specified services.'" *Id.* (quoting *Baldridge v. State*, 293 A.D.2d 941, 943 (3d Dep't 2002)).[2] The Court likewise rejected the plaintiff's claim that the parties' "prior course of conduct" established a right to in-person services, finding that "[b]reach of contract actions between a student and a university 'must be grounded in a text'" *id.* at *7 (citation omitted), and an alleged implied promise "based on the 'nature of [Plaintiff's] dealings' with Fordham . . . does not withstand scrutiny." *Id.* (citation omitted).

---

[2] The plaintiffs in *Fordham*—like the *Morales* plaintiffs and Ms. Rynasko here—cited to the decisions in cases against Rensselaer Polytechnic Institute and the Rochester Institute of Technology as examples of cases where the court found "plaintiffs had sufficiently alleged specific promises to provide in-person programs." *Id.* at *6. The Court reviewed those cases and found them inapposite. *Id.* at *6 (distinguishing *Ford*, 2020 WL 7389155, at *5-6 and *Bergeron v. Rochester Inst. of Tech.*, 2020 WL 7486682, at *2 (W.D.N.Y. Dec. 18, 2020)). Instead, the Court found "more persuasive the analysis in *Lindner [v. Occidental College]*," where the court "analyzed statements similar to those that Plaintiff alleges here, that were contained in Occidental University's corresponding publications, including a course catalog and attendance policy" and "held that plaintiffs had 'failed to identify any specific language' in these documents that promised in-person instruction." *Id.* (quoting *Lindner*, 2020 WL 7350212, at *2, *8–9 (C.D. Cal. Dec. 11, 2020).

The Court found that the plaintiffs failed to plead a breach because "[t]he Complaint does not allege that Fordham acted in bad faith when it suspended in-person classes and transitioned to remote learning. Indeed, the Complaint makes clear that Fordham made this transition 'because of' the COVID-19 pandemic." *Id.* at *9. In so finding, the Court rejected the plaintiff's arguments that the "'bad faith' standard" does not apply outside of "Article 78 proceedings and cases involving the subjective judgment of professional educators." *Id.* at *7-9.[3]

Second, the Court dismissed the plaintiff's unjust enrichment claim, finding the plaintiff failed to allege "facts . . . regarding tortious or fraudulent conduct" where Fordham "acted promptly in the face of the pandemic in order to continue educating its students" by remote instruction. *Id.* at *11. The Court also found the plaintiff did "not sufficiently plead[] that 'equity and good conscience require restitution'" because the plaintiff failed to "identif[y] sufficiently specific statements in connection with in-person educational services, such that the cessation of those services would lead to inequity." *Id.* (citation omitted).

Third, the Court dismissed the plaintiff's conversion claim because "'in-person educational services' do not constitute tangible property that can support a conversion claim" and, to the extent the claim was premised on tuition and fees as opposed to in-person instruction, the plaintiff could not "identify a . . . 'specific, identifiable' fund and [could not] realistically argue that once that money was paid to defendant it remained intact, as opposed to pooling in with defendant's other funding." *Id.* (citation omitted).

Finally, the Court dismissed the plaintiff's money had and received claim because the plaintiff did "not allege[] any facts that would support a finding of 'oppression, imposition,

---

[3] In addressing Fordham's argument that the plaintiff failed to allege damages, the Court noted "serious damages issues that may arise in light of New York law and public policy regarding educational malpractice," but declined to decide the issue in light of the failure to allege a promise or a breach. *Id.* at *10. The Court similarly declined to render a decision on Fordham's argument that its performance was rendered impossible. *Id.*

extortion, or deceit.'" *Id.* at *12 (quoting *Panix Promotions, Ltd. v. Lewis*, 2002 WL 122302, at *2 (S.D.N.Y. Jan. 22, 2002)). The Court further held that the claim failed because the plaintiff "freely paid tuition to Fordham, with the 'expectation of performance, not repayment'" and "'equity and good conscience' do not demand restitution in these circumstances." *Id.* (citation omitted).

        b.      *Gociman v. Loyola University of Chicago* (N.D. Ill. Jan. 25, 2021)

In *Gociman v. Loyola University of Chicago*, the plaintiffs were students and parents of students who sought a refund of tuition and fees for the Spring 2020 academic semester following the university's move to remote learning in March, and asserted claims for breach of contract and unjust enrichment. 2021 WL 243573, at *1. The plaintiffs premised their claims on allegations that the university's "website, brochures, course catalogues, and online registration portal establish a contractual promise to provide in-person instruction and access to facilities and resources," including notations in the course descriptions indicating that the format for certain courses would be "lecture (in-person)." *Id.* In addition, they argued that in-person instruction was implied by the difference in tuition between the university's "in-person" and "online program." *Id.* The court dismissed each of the plaintiffs' claims with prejudice.

First, the Court found that each of the parent plaintiffs lacked standing. *Id.* at *2. In so holding, the Court noted that "'courts have routinely held that parents lack standing to bring claims against their adult children's colleges and universities, even when the parents pay tuition on behalf of their children.'" *Id.* (quoting *Lindner v. Occidental Coll.*, 2020 WL 7350212, at *5 (C.D. Cal. Dec. 11, 2020)). The Court found insufficient the parent plaintiffs' allegations that "they paid the tuition and fees so their children could enroll as undergraduate students," and held that "because [the parent plaintiffs] do not allege that their children are minors … [or] that they entered into a

contract with defendant, or that they are an intended third-party beneficiary," they did not have standing to assert a claim against the university.  *Id.*

Second, the Court found that the plaintiffs' claims were barred because they improperly sought to have the Court intervene in educational decisions, noting that "Courts in Illinois and across the country have repeatedly rejected claims that seek damages for allegedly subpar education, or 'educational malpractice' claims, whether they sound in contract or tort."  *Id.* at *3.  In reaching its conclusion, the Court found that "the theory underlying all of plaintiffs' claims is that the education plaintiffs received once defendant transitioned to remote instruction in response to the COVID-19 pandemic was 'worth significantly less than the value of live classes'" and held that because "[t]he FAC clearly challenges the quality of the online instruction" by alleging it was "worth less," the claims were subject to dismissal.  *Id.*

Third, the Court found the breach of contract claim failed for the additional reason that the plaintiffs failed to allege a specific, identifiable promise for in-person instruction.  *Id.*  With regard to the plaintiffs' allegation regarding notations in the university's course catalogue indicating that the format for certain courses would be "lecture (in person)," the Court found that "parentheticals are hardly sufficient to form a binding contract."  *Id.* at *4.  The Court further held that the breach of contract claim was barred because the course catalogue contained an express disclaimer providing that "it is 'published for informational purposes,' is 'not a contract,' and 'reserves the right to change, at any time, without notice…curriculum, course structure and content…notwithstanding any information set forth in this catalog,'" thus the "Plaintiffs' attempt to read into the catalogue an obligation to provide only in-person instruction is plainly inconsistent with the document itself."  *Id.*  The Court also held that the plaintiffs' allegations regarding a difference in tuition between the university's online and an in-person programs were insufficient

to state a claim, finding that a "difference in tuition is insufficient to allege a specific contractual promise." *Id.*[4]

Finally, the Court dismissed the unjust enrichment claim, finding that it "specifically incorporates allegations of the existence of a contract between the parties," and that "[e]ven if plaintiffs had not incorporated the allegations of a contract, the unjust enrichment claim would still fail because the breach of contract claim fails." *Id.* at *5.

    c.    *Mitelberg v. Stevens Institute of Technology* (D.N.J. Jan. 22, 2021),

*Mitelberg v. Stevens Institute of Technology* involved a single plaintiff—the parent of a student—who asserted claims for breach of contract, unjust enrichment, conversion, and money had and received, seeking a refund of tuition and fees for the Spring 2020 academic semester following his child's university's move to remote learning. Ex. 3 at 2. The plaintiff amended his complaint once, and following briefing on the university's motion to dismiss the first amended complaint, the parties stipulated by agreement that "for purposes of [the motion to dismiss], th[e] Court should consider [the plaintiff's child] a named plaintiff to the present action" and that "in the event the [motion to dismiss was] denied or denied-in-part, the[e] Court should accept a second amended complaint adding [the plaintiff's child] as a named plaintiff." *Id.* at 2–3. The Court rejected the stipulation as an effort to "circumvent th[e] Court's lack of subject matter jurisdiction," and dismissed the plaintiffs' claims in full for lack of standing. *Id.* at 3–5. In so holding, the Court held that "a plaintiff 'may not amend the complaint to substitute a new plaintiff in order to cure a

---

[4] In dismissing the breach of contract claim, the Court also distinguished several other Covid-19 related tuition refund decisions cited by the plaintiffs, including *Cross v. University of Toledo*, 2020 WL 472681 (Ohio Ct. Cl. July 8, 2020); *Smith v. The Ohio State University*, 2020 WL 5694224 (Ohio Ct. Cl. Sept. 9, 2020); *Salerno v. Florida Southern College*, 2020 WL 5583522 (M.D. Fla. Sept. 16, 2020); *Bergeron v. Rochester Institute of Technology*, 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020), and *Doe v. Bradley University*, 2020 WL 7634159 (C.D. Ill. Dec. 22, 2020), finding that "[o]ther courts analyzing different promises, different states' laws, and reaching different results have little bearing on the instant case." *Id.* at *4.

lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists.'" *Id.* at 4–5 (citation omitted).

Dated: February 4, 2021

Respectfully submitted,

**DLA PIPER LLP (US)**

  */s/ Keara M. Gordon*
Brian S. Kaplan
Keara M. Gordon
Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
brian.kaplan@us.dlapiper.com
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant New York University*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am one of the attorneys for the defendant in this action and that on February 4, 2021, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

           */s/ Keara M. Gordon*
           Keara M. Gordon