# EXHIBIT 3

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ILYA MITELBERG, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

STEVENS INSTITUTE OF TECHNOLOGY,

Defendant.

Civil Action No. 20-5748 (SDW) (MAH)

**ORDER**

January 22, 2021

**WIGENTON,** District Judge.

**THIS MATTER**, having come before this Court by way of Defendant Stevens Institute of Technology's ("Defendant") Motion to Dismiss ("Motion") Plaintiff Ilya Mitelberg's ("Plaintiff") First Amended Putative Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6),[1] and

**WHEREAS** this putative class action is one of many similar cases throughout the country which involves a monetary dispute over the transition to virtual higher education that arose during the global COVID-19 pandemic;[2] and

---

[1] Defendant also implicitly challenges this Court's subject matter jurisdiction under Rule 12(b)(1). (*See* D.E. 22-1 at 35–37 (arguing that Plaintiff lacks privity of contract to allege claims based on his daughter's purported contract with Defendant).) In any event, this Court may *sua sponte* raise issues pertaining to its subject matter jurisdiction. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."). In addition, case captions from Defendant's briefs indicate that this action was lodged against "the Trustees of the Stevens Institute of Technology." (D.E. 22-1; D.E. 24.) However, the docket and Complaint state that "Stevens Institute of Technology" is the named defendant. (*See* D.E. 18.)

[2] *See* Anjelica Cappellino, *More Than 70 Universities Sued for Refunds Following COVID-19 Campus Closures*, Expert Institute (June 25, 2020), https://www.expertinstitute.com/resources/insights/universities-sued-for-covid-19-refunds-following-campus-closures/.

1

**WHEREAS** Plaintiff is the parent of Leah Mitelberg ("L.M."), a student who was enrolled in the cyber security program at Stevens Institute of Technology in Hoboken, New Jersey during the period at issue (D.E. 18 ¶¶ 2, 18); and

**WHEREAS** Defendant began remote learning on March 11, 2020 and continued with virtual instruction through the completion of the Spring 2020 academic semester (*id.* ¶¶ 11–12); and

**WHEREAS** Plaintiff alleges that he is entitled to a tuition and fee refund after Defendant transitioned from in-person to virtual academic instruction (*id.* ¶¶ 16, 63, 65); and

**WHEREAS** Plaintiff asserts claims for breach of contract, unjust enrichment, conversion, and money had and received (*id.* ¶¶ 50–89); and

**WHEREAS** the instant Motion was fully briefed on November 16, 2020 (*see* D.E. 22-1, 23, 24); and

**WHEREAS** Defendant argues, among other reasons, that Plaintiff's Complaint should be dismissed because Plaintiff lacks privity of contract with Defendant, which this Court construes as a challenge to Plaintiff's standing (*see* D.E. 22-1 at 35–37; D.E. 24 at 14–15; D.E. 25 at 2); and

**WHEREAS** on December 1, 2020, the parties filed a stipulation ("Stipulation") stating that Plaintiff intends to add L.M. as a named plaintiff to the present action (D.E. 25 at 1); and

**WHEREAS** the parties agreed and stipulated that for purposes of Defendant's Motion, this Court should consider L.M. a named plaintiff to the present action (*id.* at 2); and

**WHEREAS** the parties agreed and stipulated that this Court should apply all of Defendant's Motion arguments to Plaintiff and L.M. equally, except for Defendant's argument that Plaintiff lacks standing (*id.* at 2);[3] and

---

[3] Stated differently, the parties agreed and stipulated that Defendant does **not** challenge L.M.'s standing to bring the present action. (*See* D.E. 25 at 2.)

2

**WHEREAS** the parties agreed and stipulated that in the event the Motion is denied or denied-in-part, this Court should accept a second amended complaint adding L.M. as a named plaintiff (*id.*); and

**WHEREAS** the undersigned never approved the parties' Stipulation (*see id.*); and

**WHEREAS** in order to establish Article III standing, a plaintiff "must demonstrate (1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (internal quotations omitted); *see also Patel v. Crist*, No. 19-8946, 2020 WL 64571, at *2 (D.N.J. Jan. 7, 2020); and

**WHEREAS** an injury-in-fact must be "particularized" such that it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992); and

**WHEREAS** "[a]bsent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims . . . ." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006); and

**WHEREAS** federal courts across the country have held that plaintiff-parents lack standing to bring identical claims against their adult children's institutions of higher education "even when the parents pay tuition on behalf of their children." *Lindner v. Occidental Coll.*, No. 20-8481, 2020 WL 7350212, at *5–6 (C.D. Cal. Dec. 11, 2020) (holding that plaintiff-parent "failed to allege any separate and distinct injury" and that his claims were derivative of the student's claims) (citing *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 761 (E.D. Tenn. 2009) ("It is fairly evident that the payment of tuition does not create a contractual relationship between parents and a college when the parents' child is over the age of majority" (internal quotations omitted))); *see, e.g.*,

3

*Salerno v. Fla. S. Coll.*, No. 20-1494-30, 2020 WL 5583522, at *3–4 (M.D. Fla. Sept. 16, 2020) (granting defendant's motion to dismiss plaintiff-parent from the action for lack of standing because "regardless of whether [plaintiff-parent] provided financial support to her daughter . . . . [t]hat arrangement was between mother and daughter"); *Bergeron v. Rochester Inst. of Tech.*, No. 20-6283, 2020 WL 7486682, at *3–4 (W.D.N.Y. Dec. 18, 2020); and

**WHEREAS** Plaintiff alleges that he paid approximately $4,500 of L.M.'s tuition and fees (D.E. 18 ¶ 19); however, Plaintiff does not allege that his daughter is a minor child nor that he directly entered a contract with Defendant (*see generally id.*); and

**WHEREAS** Plaintiff otherwise does not allege that he is a third-party beneficiary of L.M.'s purported contract with Defendant (*see generally id.*) and therefore has no right to enforce the contract on her behalf, *see Town of Kearny v. New Jersey Rail Carriers, LLC*, No. A-1304-04T5, 2005 WL 2363101, at *3 (N.J. Super. Ct. App. Div. Sept. 28, 2005) ("A non-party cannot seek enforcement of a contract unless it clearly appear[s] that the contract was made by the parties with the intention to benefit the third party and that the parties to the contract intended to confer upon [the third-party] the right to enforce it.") (internal quotations omitted); and

**WHEREAS** it is well settled that a plaintiff may "'not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists.'" *Arrow Drilling Co. v. Carpenter*, No. 02-9097, 2003 WL 23100808, at *5 (E.D. Pa. Sept. 23, 2003) (quoting *Moore's Federal Practice* ¶ 15.13[2] (3d ed. 1999)), *aff'd*, 125 F. App'x 423 (3d Cir. 2005) (concluding that the district court "did not abuse its discretion in refusing [plaintiff's] request to amend in violation of Rule 15"); *see also Slaughter v. Nat'l Sec. Agency*, No. 15-5047, 2015 WL 7180511, at *2 (E.D. Pa. Nov. 16, 2015); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir.

1983) ("The longstanding and clear rule is that if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.") (internal quotations omitted); and

**WHEREAS** Plaintiff is the sole individual who asserts this action individually and on behalf of all those similarly situated (*see* D.E. 18); and

**WHEREAS** the parties' Stipulation is an attempt to circumvent this Court's lack of subject matter jurisdiction over Plaintiff's claims;

**IT IS, on this 22nd day of January, 2021,**

**ORDERED** that the parties' Stipulation (D.E. 25) is **VACATED**; and it is further

**ORDERED** that Defendant's Motion (D.E. 22) is **GRANTED** for lack of standing; and it is further

**ORDERED** that the Clerk of Court **CLOSE** this matter.

**SO ORDERED**.

    /s/ Susan D. Wigenton
**United States District Judge**

Orig: Clerk
cc: Parties
    Michael A. Hammer, U.S.M.J.

Case 2:20-cv-05248-SDW-AGBD Document 547 Filed 01/22/04/21 Page 5 of 5 PageID: 576