UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA RYNASKO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>Defendant. | Civil Action No. 1:20-cv-03250-GBD<br><br>The Honorable George B. Daniels, U.S.D.J. |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Andrew J. Obergfell
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARD............................................................................................................3

ARGUMENT .........................................................................................................................5

I.     JUSTICE WARRANTS GRANTING LEAVE TO AMEND.............................................5

II.     AMENDMENT IS NOT FUTILE AND DEFENDANT WILL NOT SUFFER SUBSTANTIAL OR UNDUE PREJUDICE.......................................................................6

CONCLUSION......................................................................................................................7

## TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Abbatiello v. Monsanto Co.*,
   571 F. Supp. 2d 548 (S.D.N.Y. 2008) .................................................................................. 3

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
   404 F.3d 566 (2d Cir. 2005) ................................................................................................... 3

*Aguilar v. Boulder Brands, Inc.*,
   2014 WL 4352169 (S.D. Cal. Sept. 2, 201 4) .......................................................................... 6

*D.J. through O.W. v. Connecticut State Bd. of Educ.*,
   2019 WL 1499377 (D. Conn. Apr. 5, 2019) .......................................................................... 4

*Dluhos v. Floating & Abandoned Vessel, Known as "New York"*,
   162 F.3d 63 (2d Cir. 1998) ..................................................................................................... 3

*Doe v. Karadzic*,
   176 F.R.D. 458 (S.D.N.Y. 1997) ........................................................................................... 4

*Duling v. Gristede's Operating Corp.*,
   265 F.R.D. 91 (S.D.N.Y. 2010) ......................................................................................... 3, 5

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................................... 3

*Gilliam v. Addicts Rehab. Ctr. Fund*,
   2006 WL 1049352 (S.D.N.Y. Apr. 19, 2006) .................................................................... 4, 5

*Gumer v. Shearson, Hammill & Co.*,
   516 F.2d 283 (2d Cir. 1974) ................................................................................................... 3

*In re Avon Sec. Litig.*,
   1998 WL 834366 (S.D.N.Y. Nov. 30, 1998) ......................................................................... 5

*In re Currency Conversion Fee Antitrust Litig.*,
   2005 WL 3304605 (S.D.N.Y. Dec. 7, 2005) ......................................................................... 4

*In re Gen. Motors LLC Ignition Switch Litig.*,
   2017 WL 5504531 (S.D.N.Y. Nov. 15, 2017) ................................................................... 4, 6

*In re Initial Pub. Offering Sec. Litig.*,
   2008 WL 2050781 (S.D.N.Y. May 13, 2008) ....................................................................... 4

*In re Nat'l Australia Bank Sec. Litig.*,
   2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006) ......................................................................... 4

*In re Thornburgh*,
  869 F.2d 1503 (D.C. Cir. 1989) .................................................................................. 4

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) ...................................................................................... 3

*Richardson Greenshields Sec., Inc. v. Lau*,
  825 F.2d 647 (2d Cir. 1987) ...................................................................................... 3

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
  659 F.3d 234 (2d Cir. 2011) ...................................................................................... 5

*SM Kids, LLC v. Google LLC*,
  963 F.3d 206 (2d Cir. 2020) .................................................................................. 1, 5

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) ...................................................................................... 4

*Travelex Currency Servs., Inc. v. Puente Enterprises, Inc.*,
  449 F. Supp. 3d 385 (S.D.N.Y. 2020) ....................................................................... 6

*Uddin v. New York Univ.*,
  6 N.Y.S.3d 900 (N.Y. App. Term 2014) ................................................................... 5

**RULES**

Fed. R. Civ. P. 15 .............................................................................................................. 3

Fed. R. Civ. P. 15(a) ..................................................................................................... 3, 4

**INTRODUCTION**

Plaintiff Christina Rynasko ("Plaintiff") hereby respectfully moves for leave to file a Second Amended Complaint against Defendant New York University ("NYU" or "Defendant"). *See* Ex. A (Proposed Second Amended Complaint) ("SAC"). Plaintiff filed this case as a putative class action seeking to represent "all people who paid NYU Spring Semester 2020 tuition and/or fees for in-person educational services that NYU failed to provide, and whose tuition and fees have not been refunded." *See* First Amended Complaint (ECF No. 25) ("FAC"), at ¶ 98.

In its motion to dismiss Plaintiff's FAC, Defendant NYU argued that Ms. Rynasko does not have Article III standing. *See* Defendant New York University's Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff Christina Rynasko's First Amended Complaint (ECF No. 32) ("MTD"), at 11. As discussed at the hearing on Defendant's motion to dismiss, NYU, as a matter of binding Second Circuit precedent, conflates Article III standing (which relates to subject-matter jurisdiction) with contractual standing (which relates to the merits of a breach of contract claim). *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 212 n.3 (2d Cir. 2020) (explaining "contractual standing goes to the merits of a claim rather than to the existence of subject-matter jurisdiction"). Regardless, because NYU has brought arguments that may raise typicality issues at the class certification stage, Plaintiff Rynasko hereby moves to amend to add a student-plaintiff, Casey E. Hall-Landers.

Ms. Hall-Landers is a sophomore in NYU's Tisch School of the Arts.[1] *See* SAC, at ¶ 23. During the Spring 2020 Semester, Ms. Hall-Landers took seven classes (totaling 19 credits), all of which were to be taught in-person and on campus. SAC ¶ 26. Ms. Hall-Landers paid $27,964

---

[1] Ms. Rynasko's daughter, Emily Rynasko, was also enrolled in the Tisch School of the Arts. *See* FAC at ¶ 21.

in tuition for the Spring 2020 semester and a Tisch School of the Arts Undergraduate Registration and Services Fee which totaled $1,312. SAC ¶ 27. As a result of Defendant's breach of its promise to offer an in-person on-campus education, Ms. Hall-Landers was deprived of the in-person education they[2] bargained for and the use of Defendant's on-campus facilities. SAC ¶¶ 29-32. Specifically, prior to the onset of Covid-19, Ms. Hall-Landers' dance cohort would meet each weekday for three hours in NYU's dance studio. SAC ¶ 29. After the onset of Covid-19, Ms. Hall-Landers was deprived access to the dance studio as a result of NYU's closure. *Id*. Following Defendant's move to remote instruction, Plaintiff (from the west coast) had to take classes at off hours (sometimes 6 a.m.) or record the class, which deprived them of the ability to obtain in-person professor feedback. SAC ¶ 30. Ms. Hall-Landers also was required to perform their dance routines on their back porch, a far cry from the professional-grade facilities they were accustomed to during their in-person instruction at NYU.[3] SAC ¶ 29-31. Further, while on campus, Ms. Hall-Landers had access to physical therapy services related to their dance instruction, which they no longer had access to when Defendant moved to remote instruction. SAC ¶ 32. For each of the classes in which Ms. Hall-Landers enrolled, NYU's Course Catalog for Spring 2020 promised that the instruction mode for the classes would be "in person" and designated a physical meeting place on campus for each class. SAC ¶ 105.

Other than the Plaintiff-specific paragraphs set forth above, the proposed SAC is identical to the FAC, and therefore there is no prejudice to Defendant in adding Ms. Hall-Landers to the SAC. Prejudice is also minimized because there has not been a scheduling order set in the case, and Defendant will have the full discovery period to seek discovery from Ms. Hall-Landers. As

---

[2] Ms. Hall-Landers uses they/them pronouns.
[3] In fact, Ms. Hall-Landers had to purchase a ballet bar out-of-pocket for their instruction at home, whereas at NYU they had access to one on Defendant's campus. SAC ¶ 31.

2

discussed below, courts in the Second Circuit and around the country routinely permit addition of class representatives, even up to the time of class certification. Accordingly, Plaintiff seeks leave to file an amended complaint that will add Ms. Hall-Landers as a second plaintiff and class representative. Just like Ms. Rynasko, Ms. Hall-Landers paid tuition to NYU for the Spring 2020 semester, and despite all classes being moved online, they have yet to receive a refund. Justice requires permitting this amendment in order to ensure the interests of the putative class in this litigation will be fully represented.

Counsel for Plaintiffs requested NYU's consent to amend the operative complaint to name Plaintiff Hall-Landers, but NYU has refused to consent to the amendment. Therefore, the present motion is necessary.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 embodies a liberal approach, and "[l]eave to amend a pleading should be freely granted when justice so requires." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (citing Fed. R. Civ. P. 15(a)); *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603–04 (2d Cir. 2005); *Dluhos v. Floating & Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1998); *Gumer v. Shearson, Hammill & Co*., 516 F.2d 283, 287 (2d Cir. 1974). Leave to amend a complaint should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Abbatiello v. Monsanto Co*., 571 F. Supp. 2d 548, 552 (S.D.N.Y. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 227 (1962)); *see also Richardson Greenshields Sec*., *Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir. 1987) ("A motion to amend should be denied only for such reasons as 'undue

delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'") (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *Doe v. Karadzic*, 176 F.R.D. 458, 461 (S.D.N.Y. 1997) ("The Second Circuit has established liberal guidelines dictating when a district court must grant leave to amend a complaint. Absent a showing of undue delay, bad faith, futility, or prejudice to the other party, a district court should grant leave to amend.").

Courts in this District, and in the Second Circuit generally, have overwhelmingly permitted pre-certification addition and/or substitution of class representatives. See *Doe*, 176 F.R.D. at 461 ("It is clear that plaintiffs may amend their Complaint under Rule 15(a) to add a new plaintiff"); *Gilliam v. Addicts Rehab. Ctr. Fund*, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) ("In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery."); *In re Initial Pub. Offering Sec. Litig.*, 2008 WL 2050781, at *2 (S.D.N.Y. May 13, 2008) ("Courts have generally permitted the addition or substitution of class representatives when there is no showing of prejudice to defendants and such addition or substitution would advance the purposes served by class certification."); *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 5504531, at *1 (S.D.N.Y. Nov. 15, 2017) (permitting amendment to replace named plaintiffs with new plaintiffs in putative class action where the new plaintiffs would "fill[] a gap in class representation"); *In re Nat'l Australia Bank Sec. Litig.*, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) (quoting *In re Thornburgh*, 869 F.2d 1503, 1509 (D.C. Cir. 1989) (explaining "that courts not only may, but should, . . . permit[] substitution of a new class representative.'"); *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 3304605, at *3 (S.D.N.Y. Dec. 7, 2005) (finding that "substitution of an adequate representative is appropriate to protect the interests of the class"); *D.J. through O.W. v. Connecticut State Bd. of*

*Educ.*, 2019 WL 1499377, at *6 (D. Conn. Apr. 5, 2019) (explaining that "courts have routinely held that adding a new representative is 'appropriate, or even required,' to protect the rights of the proposed class"); *Duling*, 265 F.R.D. at 96-98 (granting motion to amend to add an additional "named plaintiff in order to eliminate certain objections to [plaintiffs'] motion for class certification"); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 253 (2d Cir. 2011) (holding that if the original class representative becomes inadequate a court may grant leave to amend so a new class representative can be added); *In re Avon Sec. Litig.*, 1998 WL 834366, at *2-3, *9-10 (S.D.N.Y. Nov. 30, 1998) (granting request to substitute class representatives).

## ARGUMENT

**I.     JUSTICE WARRANTS GRANTING LEAVE TO AMEND**

Defendant argues in its MTD that Plaintiff does not have standing to sue because it is her daughter, not her, who attends NYU.  *See* MTD at 11.  While Defendant's argument is wrong because, as matter of Second Circuit precedent, Article III standing and contractual standing are separate inquiries, *see SM Kids, LLC*, 963 F.3d at 212 n.3, and because New York courts recognize contractual standing for parents seeking tuition refunds, *see Uddin v. New York Univ.*, 6 N.Y.S.3d 900, 900-01 (N.Y. App. Term 2014), amendment to the complaint to add student-plaintiff Hall-Landers will ameliorate any potential issues as to parent standing.  This is precisely the type of amendment that courts in the Second Circuit, and around the country, have permitted. *See, e.g., Gilliam*, 2006 WL 1049352, at *2 ("In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery.").

Plaintiff has been diligent is seeking leave to amend.  Plaintiff's counsel was only recently retained by Ms. Hall-Landers and worked to immediately vet her claim, and Plaintiff's counsel has promptly sought leave to amend.  Further, discovery has not commenced in this case,

5

and there is no requirement to extend the trial date or case deadlines. As such, justice warrants granting leave to amend.

Permitting an amendment will also be the most efficient course action. If the amendment is permitted, this case will be able to move forward on a similar schedule, and there will be little duplication of efforts, if any. Absent an amendment, however, the new proposed plaintiff will be required to file a separate action, adding yet one more docket to this already overloaded Court.

## II. AMENDMENT IS NOT FUTILE AND DEFENDANT WILL NOT SUFFER SUBSTANTIAL OR UNDUE PREJUDICE

Further, Defendant cannot carry its burden to demonstrate bad faith, futility, or prejudice. *See Travelex Currency Servs., Inc. v. Puente Enterprises, Inc.*, 449 F. Supp. 3d 385, 395 (S.D.N.Y. 2020) ("The party opposing the motion to amend bears the burden of establishing that amendment would be futile, unduly prejudicial, or in bad faith.").

First, the amendment would not be futile as it would ameliorate one of the main arguments Defendant made in support of dismissal, specifically standing as to Ms. Rynasko. The addition would also eliminate any potential typicality issues at class certification. *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 5504531, at *1 (permitting amendment to replace named plaintiffs with new plaintiffs in putative class action where the new plaintiffs would "fill[] a gap in class representation")

Second, Defendant will not sustain any substantial or undue burden as a result of the proposed amendment. The allegations against Defendant remain virtually unchanged. Ms. Hall-Landers paid tuition to NYU for the Spring 2020 semester and is an arts student like Ms. Rynasko's daughter, Emily. Other than Ms. Hall-Landers' specific allegations, the proposed SAC is virtually identical to the FAC. *See Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169 at *4 (S.D. Cal. Sept. 2, 2014) (rejecting the defendant's argument of bad faith and undue delay on

6

the grounds that the "proposed amendment makes substantial changes to the complaint" and permitting substitution). The present complaint remains similar in all material respects. It still focuses on NYU students who paid tuition for in-person classes yet were taught for the majority of the Spring 2020 Semester online, and were not provided a refund. The addition of Ms. Hall-Landers does not meaningfully alter or change the proceedings. Further, this case remains in its nascent stages, and there has not been a scheduling order entered to date. Defendant will not be impeded in taking discovery as to Ms. Hall-Landers, and will not suffer any prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant her request for leave to file the Proposed SAC.

Dated: March 2, 2021                            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joseph I. Marchese*
        Joseph I. Marchese

Joseph I. Marchese
Andrew J. Obergfell
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*