# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ZAGORIA, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>NEW YORK UNIVERSITY,<br><br>        Defendant. | Case No. 1:20-cv-3610-GBD |
| SERINA MORALES, ADRIANA GUIDRY, and ERIKA CHAMBERS on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>        Defendant. | Case No. 1:20-cv-04418-GBD |
| CHRISTINA RYNASKO on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>       Defendant. | Case No. 1:20-cv-03250-GBD |
| DAVID ROMANKOW and JACLYN ROMANKOW, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>       Defendant. | Case No. 1:20-cv-04616-GBD |

**DEFENDANT NEW YORK UNIVERSITY'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant New York University ("NYU") respectfully notifies the Court of supplemental authority in further support of its motions to dismiss plaintiff Daniel Zagoria's Complaint (*Zagoria* at ECF No. 29), plaintiffs Serina Morales, Adriana Guidry, and Erika Chambers' Amended Complaint (*Morales* at ECF No. 34), plaintiff Christina Rynasko's Amended Complaint (*Rynasko* at ECF No. 31), and plaintiffs David and Jaclyn Romankow's Amended Complaint (*Romankow* at ECF No. 29) (collectively, the "plaintiffs"): *In re Columbia University Tuition Refund Action* and *Marbury v. Pace University*, which Judge Jesse M. Furman of the Southern District of New York decided together on February 26, 2021. Nos. 20-CV-3208, 20-CV-3210 (JMF), 2021 WL 790638 (S.D.N.Y. Feb. 26, 2021). A true and correct copy of the decision is attached hereto as Exhibit 1.

In both *In re Columbia Tuition Refund Action* and *Marbury v. Pace University*, students brought breach of contract, unjust enrichment, conversion, and New York General Business Law claims on behalf of a putative class against their respective universities – Columbia University ("Columbia") and Pace University ("Pace") – seeking a refund of tuition and certain fees following the universities' transition to remote learning due to Covid-19. Each university moved to dismiss. While the "cases are not formally consolidated . . . the Court addresse[d] the two motions together because they raise similar issues." Ex. 1, at *1. As detailed further below, the Court dismissed the plaintiffs' claims in each case in part for failure to state a claim.

**A.   Breach of Contract – Tuition**

   1.   *Columbia*

First, the Court dismissed the breach of contract claim against Columbia seeking a return of tuition, holding that the plaintiffs "fail[ed] to plead any specific promise by Columbia to provide exclusively in-person instruction." *Id.* at *3. The Court rejected allegations similar to the ones in

2

this case. (*See*, *e.g.*, *Rynasko* AC ¶¶ 13, 18, 36, 38-39, 91-96; *Rynasko* at ECF No. 36 at 13-14; *Morales* AC at ¶¶ 13, 18, 27, 36, 54-57, 111; *Morales* at ECF No. 39 at 10-14; *Zagoria* Compl. at ¶¶ 12-19, 39; *Zagoria* at ECF No. 39 at 13-14; *Romankow* AC ¶¶ 20, 77, 88-89; *Romankow* at ECF No. 35 at 21-22).

- "[T]he fact that Columbia provided in-person instruction in Plaintiffs' courses before March 2020 does not imply a contractual entitlement to continued instruction in the same location and manner." Ex. 1, at *4.

- "Nor do the references to classroom locations and physical attendance requirements in Columbia's syllabi, departmental policies and handbooks, and course registration portal. They merely memorialize the pre-pandemic practice; they offered no guarantee that it would continue indefinitely." *Id.*

- The Court rejected the plaintiffs' argument that because "Columbia advertised certain academic programs as 'fully online,'" the plaintiffs had an entitlement to in-person instruction, finding: "students in such ['fully online'] programs might be able to claim a contractual entitlement to exclusively online instruction. It does not follow, however, that students in *other* programs . . . were contractually entitled to exclusively in-person instruction." *Id.* (emphasis in original).

- The Court found that references to "the on-campus experience" and Columbia's "physical location in New York City" in Columbia's marketing materials and publications were insufficient to support a breach of contract claim because they were "mere opinion or puffery that is too vague to be enforced as a contract," *id.* at 9 (quotation omitted), or were for services "other than in-person instruction." *Id.*

  2. *Pace*

By contrast, the Court found that the *Pace* plaintiff's breach of contract claim seeking a tuition refund "survives because she alleges that the course registration portal on Pace's website stated that '[o]n campus' courses would be 'taught with *only* traditional in-person, on-campus class meetings.'" *Id.* at *5 (emphasis in original). Based on this specific statement, the Court found the plaintiff plausibly alleged that "Pace breached a promise to provide specific services when it 'mov[ed] all classes online.'" *Id.* None of the plaintiffs here, on the other hand, allege any similarly specific statement regarding in-person instruction made by NYU, and therefore they each

3

fail to adequately state a breach of contract claim.  (*See Zagoria* at ECF No. 30 at 13–16; *Rynasko* at ECF No. 32 at 15–21; *Morales* at ECF No. 35 at 14–20; *Romankow* at ECF No. 30 at 16–21).

The Court rejected Pace's reliance on a narrowly worded disclaimer contained in its University Catalog, which provided that "'unforeseen circumstances may necessitate adjustment to class schedules' and that '[t]he University shall not be responsible for the refund of any tuition or fees in the event of any such occurrence . . . . Nor shall the University be liable for any consequential damages as a result of such a change in schedule.'"  Ex. 1, at *5.  While recognizing that disclaimers "may excuse the university from a specific promise that would otherwise be a contractual obligation," the Court noted that the disclaimer at issue was narrow in scope and "arguably does not cover the change in instructional format from in-person to online."  *Id.* (citation and internal quotation marks omitted).  The Court therefore held that the disclaimer was not a proper basis for dismissal at the pleading stage.  *Id.*

Here, conversely, the disclaimers applicable to Ms. Rynasko, Ms. Morales, Ms. Guidry, Ms. Romankow, and Mr. Romankow's claims are broad in scope and cover "[t]he policies, requirements, course offerings, schedules, activities, tuition, fees, and calendar of the school and its departments and programs."  (*Rynasko* at ECF No. 32 at 6; *Morales* at ECF No. 35 at 6; *Romankow* at ECF No. 30 at 5-6).  The disclaimers state each of these items "are subject to change without notice at any time at the *sole discretion of the administration*. Such changes may be of *any* nature, including, but not limited to, the elimination of the school, programs, classes, or activities; the relocation of or modification of the content of any of the foregoing; and the cancellation of scheduled classes or other academic activities."  (*Id.*) (emphasis added).  Unlike the narrow disclaimer in *Pace,* these broad disclaimers clearly apply to the transition to remote instruction and therefore bar Ms. Rynasko's, Ms. Morales', Ms. Guidry's, Ms. Romankow's, and Mr.

Romankow's claims. (*Rynasko* at ECF No. 32 at 16–18; *Morales* at ECF No. 35 at 15–17; *Romankow* at ECF No. 30 at 19–20).

Finally, the Court determined that the plaintiff's claims were not subject to the "educational malpractice" doctrine, noting that "the gravamen" of the plaintiff's "claim is not that the online education she received was subpar or ineffective, but rather that it was a 'materially different product'" and the Court was "not persuaded that adjudicating the claim will necessarily require the Court to 'substitute [its] judgment for that of [U]niversity officials.'" Ex. 1, at *6 (quoting *Sirohi v. Lee*, 222 A.D.2d 222, 222 (1st Dep't 1995)). The Court's reasoning is inapplicable here because the plaintiffs here explicitly allege that the quality of the education they received after NYU's transition to remote instruction was less valuable – some using the exact words "subpar" and "ineffective" – and thereby ask the Court to assess the value of the education they received. (*See Zagoria* Compl. at ¶ 25; *Rynasko* AC at ¶¶ 8, 9, 72, 76-81; *Morales* AC at ¶¶ 8, 9, 90, 151; *Romankow* AC at ¶¶ 2, 7, 8, 20, 60, 66-71, 80). As a result, each plaintiff's claims are therefore barred under New York's longstanding doctrine that courts are not to make such assessments. (*See Zagoria* at ECF No. 30 at 7–9; *Rynasko* at ECF No. 32 at 8–11; *Morales* at ECF No. 35 at 9–11; *Romankow* at ECF No. 30 at 8–11).

### B. Breach of Contract – Fees

Second, the Court allowed both the *Columbia* and *Pace* plaintiffs' breach of contract claims seeking a refund of particular, specific fees to proceed. Ex. 1, at *6, *8. The Court noted that the *Columbia* plaintiffs specifically alleged that "they paid a Facilities Fee, which Columbia describes as the fee for 'access to the facilities at the Dodge Physical Fitness Center and Lerner Hall'; a Student Life Fee, 'supporting student activities, access to the facilities at the Dodge Physical Fitness Center and Lerner Hall, and library and computer network privileges'; a Student Activity Fee, which 'help[s] cover the costs of student events, activities, and . . . help[s] fund student

5

organizations'; and a Health and Related Services Fee, which confers 'access [to] the programs and services provided through Columbia Health's five departments, including 24/7 support from Counseling & Psychological Services, Medical Services, and Sexual Violence Response.'" *Id.* at *6. The Court found that the plaintiffs adequately alleged a breach of contract claim based on the allegation that "'the Dodge Center and Lerner Hall were closed, student events and activities were cancelled, [and] student organizations were no longer operational.'" *Id.* In so finding, the Court found that the "Plaintiffs need not plead or prove bad faith" but acknowledged that in so holding, "the Court parts ways with a recent decision by Judge Wood addressing similar claims against Fordham University." *Id.* at *7

As to the *Pace* plaintiff's breach of contract claim seeking a refund of particular fees, the Court found that "[a]lthough [the plaintiff's] allegations verge on conclusory, she narrowly states a plausible claim that Pace breached a contract to provide access to some on-campus facilities and activities in exchange for the fees that she paid." *Id.* at *8. There, the plaintiff alleged she paid "a General Fee that Pace described as intended to cover 'costs associated with . . . tutoring and writing centers, library services, co-op and career services, inter-campus transportation, safety and security, parking, and athletic activities'; an Activity Fee 'intended to cover a range of student activities'; a Health Center Fee intended to support costs for the University Health Care Unit; and a Technology Fee intended to confer access to 'the latest instructional technology resources available,' including on-campus computer labs." *Id.* The Court dismissed the Pace plaintiffs' breach of contract claims related to refunds for meal and on-campus housing for failure to state a claim. *Id.*

Here, conversely, none of the plaintiffs sufficiently alleges the specific fees NYU allegedly charged for services that it did not then provide and which were not refunded. (*See Zagoria* at ECF No. 30 at 6; *Rynasko* at ECF No. 32 at 20; *Morales* at ECF No. 35 at 19; *Romankow* at ECF

6

No. 30 at 20–21). Mr. Zagoria does not reference any specific fees, and the only specific fee referenced by Ms. Rynasko, the *Morales* plaintiffs, and the *Romankow* plaintiffs is the Registration and Services Fee (*Rynasko* AC ¶ 88; *Morales* AC ¶ 106; *Romankow* AC ¶ 85), which "furnish[es] resources to fund a portion of the budgets for a variety of services, operations, and activities that serve students and enhance university life in support of our academic program" including "the Registrar, Student Health Center, the Wellness Exchange / Counseling Service, the Wasserman Center, Information Technology, and Student Life." (*Rynasko* AC ¶ 54; *Morales* AC ¶ 72; *Romankow* at ECF No. 31-42). After Covid-19, NYU continued to provide these and other services remotely. (*See Rynasko* at ECF No. 33-27; *Morales* at ECF No. 36-27; *Romankow* at ECF No. 31-32). Unlike the *Columbia* and *Pace* plaintiffs, therefore, the plaintiffs here have not adequately alleged a breach of contract claim premised on NYU's alleged failure to refund fees.

### C.  Unjust Enrichment

Third, the Court dismissed the unjust enrichment claims in each case, finding that "the claims rest on the same factual allegations as their contract claims." Ex. 1, at *9. The Court rejected the plaintiffs' argument that they may plead the unjust enrichment claims in the alternative, stating, "unjust enrichment is not a catchall cause of action to be used when others fail" and noting that the claims were "indistinguishable from [the] contract claims." *Id.* (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)).

### D.  Conversion

Fourth, the Court dismissed the conversion claims for two reasons: (1) the universities were not "obligated to return [the plaintiffs'] tuition or fees or to treat them in a particular manner" (Ex. 1, at *9); and (2) the claims were "predicated on a mere breach of contract." *Id.* (citation omitted).[1]

---

[1] The Court also dismissed the plaintiffs' claims brought under the New York General Business Law Sections 349 and 350. Ex. 1, at *10 (stating "Plaintiffs' claims plainly fail").

### E. Leave to Amend

Finally, the Court declined to grant the plaintiffs leave to amend their complaints. With regard to the *Pace* plaintiff, who had explicitly requested leave to amend, the Court found that an amendment was unwarranted because she failed to "suggest that she is in possession of facts that would cure the problems with her dismissed claims." *Id.* at *10. Further, the Court noted that it had already "granted [p]laintiffs in both cases leave to amend their prior [c]omplaints in response to [d]efendants' motions . . . .'" *Id.*

Dated: March 5, 2021                                        Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Keara M. Gordon*
Brian S. Kaplan
Keara M. Gordon
Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, NY 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
brian.kaplan@us.dlapiper.com
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant New York University*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I am one of the attorneys for the defendant in this action and that on March 5, 2021, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

                                      /s/ *Keara M. Gordon*
                                        Keara M. Gordon