UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CHRISTINA RYNASKO,
*on behalf of herself and all others similarly situated,*

                                           Plaintiff,

                -against-

NEW YORK UNIVERSITY,

                                           Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 3250 (GBD)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff, the parent of a former NYU student, brings this putative class action against New York University. Much like the cases already decided by this Court, Plaintiff brings this lawsuit for breach of contract, unjust enrichment, conversion, and money had and received. (*See* First Amended Compl. ("FAC"), ECF No. 25, ¶¶ 107–159); *see also Zagoria v. New York Univ.*, 2021 WL 1026511 (S.D.N.Y. Mar. 17, 2021); *Morales v. New York Univ.*, 2021 WL 1026165 (S.D.N.Y. Mar. 17, 2021); *Romankow v. New York Univ.*, 20-cv-4616, ECF No. 46, (S.D.N.Y. Apr. 20, 2021). Specifically, Plaintiff seeks a refund of tuition and fees in connection with NYU's decision to move all classes to remote learning in response to the COVID-19 pandemic. NYU moves to dismiss Plaintiff's class action complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Ms. Rynasko lacks the requisite standing under Article III to bring this action as a parent. (*See* Notice of Mot. to Dismiss, ECF No. 31.) After the motion to dismiss was submitted and argued, Plaintiff sought leave to amend the complaint for the purpose of adding a student plaintiff. (*See* Mot. for Leave to Amend Compl., ECF No. 48.) Defendant opposes Plaintiff's motion for leave to amend. (*See* ECF No. 52.) NYU's motion to dismiss is GRANTED. Plaintiff's motion for leave to amend is DENIED.

## I.  FACTUAL BACKGROUND

Similar to the allegations made in *Zagoria*, *Morales*, and *Romankow*, the facts of this case are simple. Plaintiff is the mother of Emily Rynasko, a former NYU undergraduate student enrolled in NYU's Tisch School of the Arts during the Spring 2020 academic semester. (FAC ¶¶ 16, 21.) Plaintiff paid tuition and fees to NYU on behalf of her daughter for the Spring semester. (*Id.*) On March 16, 2020, NYU announced that it would be "closing residence halls and holding classes remotely through the end of the semester." (*Id.* ¶ 5.) Plaintiff acknowledges that such measures were "justified." (*Id.* ¶ 69.) But Plaintiff maintains she "lost the benefit of the in-person education for which [she] paid, and/or the services for which the[] fees were paid, without having . . . tuition and fees refunded." (*Id.* ¶¶ 1, 15.)

Because NYU continued to charge full tuition and fees for the Spring 2020 semester, despite transitioning to online instruction, Plaintiff now seeks "a refund of tuition and fees for in-person educational services, facilities, access, and/or opportunities" that Plaintiff claims she paid for and that NYU has failed to provide to her daughter. (*Id.* ¶ 14.) Plaintiff maintains that she "enrolled her daughter at NYU to obtain the full experience of live, in-person courses and direct interactions with instructors and students." (*Id.* ¶ 17.) Thus, Plaintiff seeks "a full refund for the portion of the Spring 2020 semester during which classes were held online and not in person."[1] (*Id.* ¶¶ 14.)

---

[1] NYU represents that they "refunded a *pro rata* amount of housing and meal costs" after the campus' closure. (Mem. of Law in Supp. of Def.'s Motion to Dismiss ("Def. MTD Mem."), ECF No. 32, at 5.) Additionally, "NYU also refunded certain activity fees, following evaluation of 'dozens of individual school-and course-based fees for the purpose of determining potential refunds.'" (*Id.*)

2

## II.   LEGAL STANDARDS

### A. Standing

"Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Ross v. Bank of America, N.A.*, 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). To invoke the jurisdiction of a federal court, a plaintiff must establish that they have standing under Article III of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

To establish standing a plaintiff must demonstrate that they have suffered "(1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that can likely be redressed by a favorable decision." *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015). An "injury in fact" must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. A district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a plaintiff fails to establish standing to bring the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

### B. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has broad discretion in determining whether to grant leave to amend . . . ." *Perez v. 117 Ave. of the Americas Food Corp.*, No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)). However, "[i]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (quoting *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)).

3

"Amendment to a pleading is futile if it could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Long v. Parry*, 679 F. App'x 60, 63 (2d Cir. 2017) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."). Therefore, "to survive a motion to amend challenged on futility grounds, the proposed amended complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. MS. RYNASKO LACKS STANDING TO SUE

The standing analysis and applicable substantive law discussed in *Romankow* applies with equal weight here.

Plaintiff here argues that she has Article III standing because she suffered an "economic loss" due to NYU's "switch from the more valuable in-person education and campus access they contracted for to the less valuable online-only education." (Mem. of Law in Opp'n to Def.'s Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 36, at 4.) NYU argues that Plaintiff's payment of her adult daughter's tuition does not confer standing and, in its motion to dismiss, provides multiple exhibits demonstrating that Emily Rynasko's NYU account was in her own name (not her mother's) and that Emily maintained responsibility for keeping her accounts "paid on time and in full." (Def. MTD Mem. at 13.) NYU (correctly) maintains that any tuition contract is between NYU and the adult student, not the student's parent. (*Id.*)

Plaintiff fails to allege any creditable theory of standing. Plaintiff does not plausibly allege that her daughter is a minor child or that she was an intended third-party beneficiary of the contract

4

between her daughter and NYU. *See Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 761 (E.D. Tenn. 2009) ("It is fairly evident that the 'payment of tuition does not create a contractual relationship between parents and a college' when the parents' child is over the age of majority"). Plaintiff argues that "she brings this action to recover payments for pro-rated tuition, access, programs, and services for which NYU was paid, but failed to deliver" and that she "would not have paid as much, if any, tuition and fees . . . had she known that the courses would not, in fact be taught in-person." (Pl.'s Opp'n at 4–5.) But Plaintiff alleges no facts which dictate the conclusion that she and NYU had a contractual relationship which would entitle her—rather than her daughter—to in-person instruction, or any other service. While Plaintiff maintains that she paid her daughter's tuition, such payment stems from an arrangement between Plaintiff and her daughter, not a contractual relationship between Plaintiff and NYU. Moreover, any "economic loss" Plaintiff believes she suffered as a result of NYU's transition to online courses is also traceable to the arrangement between mother and daughter. *See Metzner v. Quinnipiac Univ.*, 2021 WL 1146922, at *3–5 (D. Conn. Mar. 25, 2021); *Salerno v. Fla. S. Coll.*, 2020 WL 5583522, *4 (M.D. Fla. Sept. 16, 2020). Simply put, Plaintiff, not being an NYU student, has suffered no injury at the hands of NYU.[2]

---

[2] At oral argument Plaintiff relied on *SM Kids, LLC v. Google LLC*, 963 F.3d 206 (2d Cir. 2020) to argue that the issue is not one of Article III standing, but rather contractual standing. (Tr. of Oral Argument, Jan 21. 2021, at 142:21-143:15.) In *SM Kids*, the Second Circuit held that the validity of a trademark assignment was not a question of Article III standing and, instead, "was one of contractual standing, which asks . . . whether a party has the right to enforce a contract." *SM Kids*, 963 F.3d 206 at 211. "Contractual standing," the Second Circuit noted, "is distinct from Article III standing and does not implicate subject-matter jurisdiction . . . . Although the question of whether Google breached a contract with SM Kids depends on whether SM Kids enjoyed a contractual relationship with Google, the existence of such a relationship is not a prerequisite to a court's power to adjudicate a breach-of-contract claim." (*Id.*) Plaintiff's reliance on this case is misplaced because Plaintiff has not plausibly alleged the existence, let alone injury due to breach, of a contract between herself and NYU. As noted above, the contract between NYU and its students confers no rights upon a parent. Indeed, Plaintiff is not getting the education and does not have any obligation to pay her daughter's tuition.

5

Once again, this Court, like many others considering parental standing in the context of college tuition refunds, finds that Plaintiff does not have standing to pursue her claims. *See Romankow*, 20-cv-4616, ECF No. 46 at 5–6; *see also Espejo v. Cornell Univ.*, 2021 WL 810159, at *2 (N.D.N.Y. Mar. 3, 2021) (collecting cases).

## IV. FURTHER AMENDMENT WOULD BE FUTILE

Plaintiff seeks leave to file a Proposed Second Amended Class Action Complaint ("Proposed SAC") to add Casey E. Hall-Landers, a student at NYU's Tisch School, as an unrelated plaintiff. Because the Proposed SAC does not contain any claims that would survive a motion to dismiss, amendment would be futile, and Plaintiff's motion is denied. *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (An amendment will be "futile" if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).)

Plaintiff's Proposed SAC fails to plead any specific promise by NYU to provide exclusively in-person instruction, and, thus, fails to state a claim for breach of contract. The Proposed SAC alleges that, prior to the outbreak of COVID-19, Ms. Hall-Landers's dance cohort would meet each weekday for three hours in NYU's dance studio. (Proposed SAC ¶ 29.) Ms. Hall-Landers further alleges that as a result of NYU's transition to remote instruction she was deprived of access to the dance studio, deprived of the ability to obtain in-person feedback from professors, deprived of physical therapy services related to dance instruction, and had to purchase her own ballet bar for use at home during remote instruction. (*Id.* ¶¶ 28–33.) Ms. Hall-Landers does not point to any express language promising the "certain specified service" of in-person classes or any language promising access to dance facilities and related service. *Baldridge v. State*, 293 A.D.2d 941, 943 (3d Dep't 2002).[3]

---

[3] Regardless of whether the Proposed SAC alleged a specific promise by NYU, the breach of contract claim would still fail because the claims here are subject to the same disclaimer analyzed in *Romankow*. Given

As to fees, Ms. Hall-Landers alleges payment of $1,312 for a Tisch "Registration and Services Fee." (Proposed SAC ¶ 27.) Indeed, this is the only specific fee cited in the Proposed SAC. (*Id.* ¶¶ 27, 65.) The conclusory allegation that fees are related to an on-campus experience falls short of the specific allegations necessary to reflect a promise to provide certain in-person services in exchange for students paying those fees. *But cf. Bergeron v. Rochester Inst. of Tech.*, 2020 WL 7486682, at *1 (W.D.N.Y. Dec. 18, 2020) (providing specific details of student activity and health services fees, including the allegation that the university did not offer refunds for those fees).

The Proposed SAC would also fail to state a claim for unjust enrichment and money had and received for all of the reasons identified in *Zagoria*. *See Zagoria v. New York University*, No. 20-cv-3610 (GBD), at ECF No. 70. The same is true for the conversion claim asserted in the Proposed SAC. (Proposed SAC ¶¶ 156–165.) Under New York law, a "cause of action for conversion cannot be predicated on a mere breach of contract." *Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 443 (1st Dep't 2015). Here, the conversion claim is premised on the same allegations as the breach of contract claim. Thus, the conversion claim would not survive a motion to dismiss. Accordingly, Plaintiff is denied leave to amend.

---

the broad scope of the disclaimer, contained in the Tisch School of the Arts, 2019-2021 Bulletin, it is clear that NYU expressly reserved the right to change, relocate, and/or modify its course offerings. *See Lindner*, 2020 WL 7350212 at *8 (dismissing claim premised on statements in course catalog and syllabi where the university expressly reserved the right to make changes to programs and courses.)

## V. CONCLUSION

Defendant's motion to dismiss the complaint, (ECF No. 31), is GRANTED. Plaintiff's motion for leave to amend, (ECF No. 48), is DENIED. The Clerk of Court is directed to close the motions and the case accordingly.

Dated: New York, New York
      April 21, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge