UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY E. HALL-LANDERS, individually and on behalf of all others similarly situated<br><br>         Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>         Defendant. | CIVIL ACTION NO.: 20 Civ. 3250 (GBD) (SLC)<br><br>**OPINION & ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Casey E. Hall-Sanders ("Hall-Landers" or "Plaintiff")[1] brings this putative class action against Defendant New York University ("NYU") asserting claims for breach of contract, unjust enrichment, conversion, and money had and received seeking a refund of tuition and fees in connection with NYU's decision to move all classes to remote learning in response to the COVID-19 pandemic. (ECF No. 66 (the "SAC")). Before the Court is NYU's letter-motion requesting bifurcation of class action discovery from merits discovery, which Hall-Landers opposes. (ECF Nos. 73 (the "Motion"); 74 (the "Opposition")). As explained more fully below, the Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

This action is one of several post-COVID lawsuits against universities "seeking partial refunds of the tuition and fees that students pre-paid, allegedly for in-person learning and other, non-academic services." Garcia de León v. N.Y. Univ., No. 21 Civ. 5005 (CM), 2022 WL 2237452,

---

[1] The Court employs the pronouns "they" and "them" when referring to Hall-Landers. (See, e.g., ECF No. 66 ¶¶ 18, 24–26, 98).

at *1 (S.D.N.Y. June 22, 2022) ("Garcia II") (denying motion for class certification and dismissing complaint without prejudice for lack of federal subject matter jurisdiction).[2]  The factual background of this action, originally filed by Christina Rynasko ("Rynasko"), the parent of an NYU student, is set forth in the memorandum decision and order of the Honorable George B. Daniels dated April 21, 2021, and the subsequent decision by the Second Circuit, and is incorporated by reference.  See Rynasko v. N.Y. Univ., 63 F.4th 186, 190–92 (2d Cir. 2023) ("Rynasko II"), aff'g in part, rev'g in part, and remanding, Rynasko v. N.Y. Univ., No. 20 Civ. 3250 (GBD), 2021 WL 1565614, at *1 (S.D.N.Y. Apr. 21, 2021) ("Rynasko I").  In Rynasko I, Judge Daniels granted NYU's motion to dismiss Rynasko's Complaint on the ground that she lacked standing to bring her claims, and denied leave to amend to add Hall-Landers as a plaintiff, finding that they failed to state a claim for breach of contract, unjust enrichment, money had and received, or conversion.  Rynasko I, 2021 WL 1565614, at *1, 3–4.  In Rynasko II, the Second Circuit affirmed Judge Daniels' holding that Rynasko lacked standing and found that she failed to state a claim for conversion, but found that Hall-Landers's proposed amendments stated plausible claims for breach of contract, unjust enrichment, and money had and received, and therefore vacated the denial of leave to amend and remanded for further proceedings.  Rynasko II, 62 F.4th at 193–202.

Following remand, on September 19, 2023, Hall-Landers filed the SAC, replacing Rynasko as the putative representative of proposed classes of NYU students who paid tuition and fees for the Spring Semester 2020 for in-person educational and on-campus services that NYU failed to

---

[2] See also Zagoria v. N.Y. Univ., No. 20 Civ. 3610 (GBD) (SLC) (S.D.N.Y.) (filed May 8, 2020); Morales v. N.Y. Univ., No. 20 Civ. 4418 (GBD) (S.D.N.Y.) (filed June 9, 2020); Romankow v. N.Y. Univ., No. 20 Civ. 4616 (GBD) (S.D.N.Y.) (filed June 16, 2020); Freeman v. N.Y. Univ., No. 21 Civ. 1029 (GBD) (S.D.N.Y.) (removed to Federal Court on Feb. 4, 2021).  On November 12, 2020, Judge Daniels denied without prejudice Plaintiff Zagoria's motion to consolidate his case with this action, Morales, and Romankow.  (ECF No. 39).


provide and for which NYU failed to provide refunds. (ECF No. 66 ¶¶ 103–04 (the "Proposed Classes")). Hall-Landers, a graduate who majored in dance at NYU's Tisch School of the Arts ("Tisch"), alleges that they "enrolled at NYU to obtain the full experience of live, in-person course and direct interactions with instructors and students." (Id. ¶¶ 16–17). Because of the global COVID-19 pandemic, NYU suspended all in-person classes as of March 11, 2020, following which "[c]lasses that continued were only offered in an online format, with no in-person instruction." (Id. ¶¶ 3, 5–6). Because of NYU's conversion to online classes and closure of its facilities after March 11, 2020, NYU "did not deliver the in-person educational services, facilities, access and/or opportunities that Plaintiff and the members of the [Proposed Classes] contracted and paid for." (Id. ¶ 7; see id. ¶¶ 22, 28–29). For example, Plaintiff "was deprived of access to the dance studio as a result of NYU's closure[,]" "had to take classes at off hours (sometimes 6 a.m.) or record the class, which deprived them of the ability to obtain in-person professor feedback[,]" and "had to purchase a ballet [barre] out-of-pocket for their instruction at home[.]" (Id. ¶¶ 22–24). Plaintiff was also deprived of "access to physical therapy services related to their dance instruction" and "vital collaborations with other students that were part of their classes." (Id. ¶¶ 25–26).

In the SAC, Hall-Landers asserts four claims. (ECF No. 66 ¶¶ 113–56). First, they allege that NYU, through "statements on its website and in its handbooks, policy manuals, brochures, course catalogs, advertisements, and other promotional materials[,]" promised, offered, and committed to provide "in-person educational services, experiences, opportunities, and other related services[,]" in exchange for payment of tuition and fees by Hall-Landers and members of the Proposed Classes. (Id. ¶¶ 116–17). Hall-Landers alleges that NYU "materially breached the parties' contractual agreement by failing to provide in-person educational services for the

3

entirety of the Spring Semester 2020[,]" damaging Hall-Landers and the members of the Proposed Classes to the extent of the pro-rated portion of Spring Semester 2020 tuition and fees for educational services that NYU did not provide. (Id. ¶¶ 124–29 (the "Breach of Contract Claim")). Second, Hall-Landers alleges that they and the members of the Proposed Classes "entered into an implied contract by accepting [NYU's] offer to register for on-campus classes and use of [NYU's] facilities in accordance with [its] usual and customary practice of providing on-campus courses[,]" but NYU breached this implied contract by "mov[ing] all classes to online classes, restrict[ing] or eliminat[ing] Plaintiff's and [members of the Proposed Classes'] ability to access university facilities, and/or evict[ing] Plaintiff and [members of the Proposed Classes] from campus housing[,]" thus depriving them of "the benefit of their bargains with" NYU. (Id. ¶¶ 132–37 (the "Implied Contract Claim")). Third, Hall-Landers alleges that it would be unjust and inequitable for NYU to retain "the full benefit of the tuition and a majority of the mandatory fee payments by Plaintiff and the members of the [Proposed Classes] for the semester" when it "failed to provide the in-person and on-campus live education and access to NYU's services and facilities for which tuition and mandatory fees were paid." (Id. ¶¶ 144, 147 (the "Unjust Enrichment Claim")). Fourth, Hall-Landers alleges that NYU has retained the monies that they and the members of the Proposed Classes paid "for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for with those monies were paid." (Id. ¶¶ 149–56 (the "Money Had & Received Claim")). Hall-Landers seeks on behalf of themselves and the Proposed Classes compensatory and punitive damages, prejudgment interest, restitution, injunctive relief, and attorneys' fees and costs. (Id. at 47). The sole basis for federal subject matter jurisdiction over this action is the Class Action Fairness Act

4

of 2005, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), which requires at least one member of the Proposed Classes to be a citizen of a different state than NYU, more than 100 members of the class, and an aggregate amount in controversy greater than $5,000,000.00 exclusive of interest and costs. (Id. ¶ 31). See 28 U.S.C. §§ 1332(d)(2)–(6); see also Garcia II, 2022 WL 2237452, at *17 n.7 (discussing CAFA requirements).

On November 2, 2023, NYU filed an answer to the SAC. (ECF No. 72). On November 6, 2023, NYU filed the Motion and Hall-Landers filed the Opposition. (ECF Nos. 73; 74). Following a conference with the parties on November 7, 2023, Judge Daniels referred the action to the undersigned for general pretrial supervision and settlement. (ECF Nos. 75; 77; ECF min. entry Nov. 7, 2023). On November 16, 2023, the Court heard further argument from the parties and took the Motion under advisement. (ECF Nos. 76; 82; ECF min. entry Nov. 16, 2023).

### III. DISCUSSION

#### A. Legal Standard

On "a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); accord Roper v. City of New York, No. 15 Civ. 8899 (PAE) (GWG), 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017).[3] "Federal Rule of Civil Procedure 26(d) also allows the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case." Roper, 2017 WL 462270, at *1; see Thrower v. Pozzi, No. 99 Civ. 5871 (GBD), 2002 WL91612, at *7 (S.D.N.Y. Jan. 24, 2002); Ass'n Fe Y Allegria v. Rep. of Ecuador, No. 98

---

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

Civ. 8650 (BSJ), 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999). In determining whether to exercise its discretion to grant a stay of discovery, the Court "must look to the particular circumstances and posture of each case." Alford v. City of New York, No. 11 Civ. 6222 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012). As the moving party, NYU bears the burden of demonstrating good cause under Rule 26(c). See Roper, 2017 WL 462270, at *1.

In the context of putative class actions, good case may be found "where the resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary[,]"or where "a narrow, potentially dispositive issue" that is "totally distinct from class issues" has the potential to render the named plaintiff's claims non-actionable. Charvat v. Plymouth Rock Energy, LLC, No. 15 Civ. 4106 (JMA) (SIL), 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016). Bifurcation, however, "is the exception, not the rule." Cunningham v. Big Think Cap. Inc., No. 21 Civ. 2162 (DRH) (JMW), 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021). In addition, "courts will not bifurcate if bifurcation will simply delay class certification or obfuscate the issue of what discovery relates to the class as opposed to the named plaintiff." Id.

Also relevant to the question of bifurcation is Federal Rule of Civil Procedure 42(b), which permits a district court, "[f]or convenience, to avoid prejudice, or to expedite and economize, [to] order a separate trial of one or more separate issues" or claims. Fed. R. Civ. P. 42(b). The Second Circuit has recognized that Rule 42(b):

> affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency. Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party.

6

Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999).  Finally, it is well-settled that "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process."  See EM Ltd. v. Rep. of Argentina, 695 F.3d 201, 207 (2d Cir. 2012).

### B. Application

#### 1. The Parties' Arguments

In the Motion, NYU asks the Court to bifurcate class discovery from merits discovery and "expedite[] class certification briefing to determine whether the Court has subject matter jurisdiction over this case."  (ECF No. 73 at 1).  NYU also asks the Court to stay merits discovery until Hall-Landers' class certification motion (the "Class Motion")—which has not yet been filed—is decided.  (Id. at 3; see ECF No. 77 at 6 (NYU's counsel arguing that, to decide class certification, "we don't need to do [] the next step, which is then have 50,000 different analyses as pertain to each putative class member, what their individual contract was.")).  NYU argues that because the Court lacks federal subject matter jurisdiction over Hall-Landers' individual claims—which do not meet the $75,000 amount in controversy threshold under 28 U.S.C. § 1332(a)—and the sole basis for jurisdiction is CAFA, if Hall-Landers does not "meet their burden to demonstrate that class certification is appropriate, the Court would not have jurisdiction over their claims."  (ECF No. 73 at 2–3; see ECF No. 81 at 5 (Hall-Landers' counsel conceding that CAFA is the "only basis for federal subject matter jurisdiction"); id. at 11.[4]  "[T]o promote efficiency and preserve the Court's and the parties' resources," NYU asks the Court to: (1) set an expedited briefing schedule for the

---

[4] Because Hall-Landers does not assert any federal law claims, federal question jurisdiction under 28 U.S.C. § 1331 does not exist.

7

Class Motion; and (2) set a schedule for discovery related to the Class Motion but stay merits discovery until the Class Motion is decided. (ECF No. 73 at 3).

Hall-Landers responds that NYU has failed to demonstrate "good cause" for bifurcation of discovery, which, as noted above, "'is the exception, not the rule.'" (ECF No. 74 at 1 (quoting Melville v. HOP Energy, LLC, No. 21 Civ. 10406 (KMK), 2023 WL 4054945, at *2 (S.D.N.Y. May 11, 2023)). Hall-Landers maintains that "there will be significant overlap between class and merits issues[,] which would make bifurcation unwieldy and unworkable, and lead to unnecessary discovery disputes." (Id. at 2). Hall-Landers cites other tuition and fee refund cases in which courts have declined to bifurcate class and merits discovery. (Id. at 2–3 (citing, inter alia, Ford v. Rensselaer Polytech. Inst., No. 20 Civ. 470 (DNH) (CFH), 2022 WL 715779 (N.D.N.Y. Mar. 10, 2022)).

### 2. The Garcia Action

Because the parties vigorously dispute the import of the Honorable Colleen McMahon's decisions in the Garcia action, the Court briefly summarizes the allegations, history, and rulings in that action. Nelcy Mabel Garcia de León ("Garcia") was a full-time graduate student in the Master of Social Work program at NYU's Rockland campus. See Garcia II, 2022 WL 2237452, at *1. Like Hall-Landers, she brought a putative class action on behalf of herself and others similarly situated seeking lost tuition and fees arising from NYU's "decision to suspend all in-person classes and all in-person university sponsored events in March 2020 in response to COVID-19." Id. Garcia asserted claims to recover tuition (the "Tuition Claims") and fees (the "Fee Claims"). See Garcia de Leon v. N.Y. Univ., No. 21 Civ. 5005 (CM), 2022 WL 179812, at *7–14 (S.D.N.Y. Jan. 20, 2022) ("Garcia I").

8

On January 20, 2022, Judge McMahon granted NYU's motion to dismiss the Tuition Claims but declined to dismiss the Fee Claims. Garcia I, 2022 WL 179812, at *8–14.[5] In light of that ruling, Judge McMahon noted that Garcia's "individual claims [were] not federal in nature and [did] not come close to meeting the threshold for diversity jurisdiction, if diversity even existed (which, apparently, it [did] not)[,]" and therefore, the only remaining basis for federal jurisdiction was CAFA. Id. at *15. The court concluded that it was "therefore, imperative that the court ascertain as quickly as possible whether [the] action [could] be maintained as a class action." Id. Judge McMahon accordingly set an expedited schedule for class certification discovery and briefing, ruling that "[o]nly class-related discovery may go forward during the next 60 days[,]" with "discovery addressing only the merits [] stayed until the [Garcia's class certification] motion [was] decided." Id. at *16.

The parties proceeded to conduct class discovery, after which Garcia moved for certification of a "Fees Class," defined as "all persons who paid fees for or on behalf of students enrolled at [NYU] who were charged for services, facilities, resources, events and/or activities for the spring 2020 semester that were not provided in whole or in part." Garcia II, 2022 WL 2237452, at *1.

Judge McMahon denied Garcia's class certification motion for three reasons. First, the court found that Garcia had "not demonstrated, and cannot demonstrate, that she suffered the same injury as every other NYU student[]" because "the undisputed evidence demonstrate[d] that students enrolled in different schools across the university paid different types of fees—

---

[5] Judge McMahon also dismissed Garcia's claims for injunctive relief and under N.Y. General Business Law §§ 349 and 350. Garcia I, 2022 WL 179812, at *6–7, 15.

individual to each department or school or program within the institution[]" and "that each individual school or program made its own decision about what fees to refund or not refund[.]" Garcia II, 2022 WL 2237452, at *11. Judge McMahon found that these undisputed facts "cut[] off at the knees any suggestion that the claims of all NYU students could possibly revolve around a single issue the truth or falsity of which could be resolved 'at one stroke.'" Id. Similarly, the court found that Garcia failed to establish that "any other students, let alone 'all students,' were 'uniformly impacted' by the shutdown and lack of fee refund that she claims to have experienced[,]" and therefore did not establish that her claim was "typical of the class she [sought] to represent." Id. Second, Judge McMahon found that Garcia was an inadequate class representative and that her proposed class counsel was similarly inadequate. Id. at *13–17. Third, Judge McMahon found that "individual questions undoubtedly predominate[d] over class questions in [that] case[,]" such as "'whether the amount already refunded by NYU [was] sufficient to redress lack of access to the various activities and services covered by student fees.'" Id. at *17–18. The court observed that to determine whether NYU's refunds were sufficient, it "would have to review each individual fee, each individual refund, and determine whether the associated services, supplies, or equipment were provided and, if not, whether a sufficient refund was issued." Id. at 18. Accordingly, Judge McMahon denied Garcia's motion for class certification and appointment of class plaintiff and class counsel, and, "[b]ecause th[e] case [could not] be maintained as a class action . . . the lone basis for federal jurisdiction disappear[ed,]" requiring dismissal of the complaint without prejudice. Id.

### 3. Partial bifurcation is warranted.

Viewing Hall-Landers' claims in the context of Judge McMahon's rulings in the very similar Garcia action, the Court finds that NYU has shown good cause for—and efficiency and economy warrant—partial bifurcation of class and merits discovery.

First, if class certification is denied, the Court will no longer have subject matter jurisdiction over Hall-Landers' claims. (See ECF No. 81 at 5). Thus, as in Garcia, it is "imperative that the [C]ourt ascertain as quickly as possible whether this action can be maintained as a class action." Garcia I, 2022 WL 179812, at *15. The presence of this threshold jurisdictional question renders this action distinguishable from other cases on which Hall-Landers relies to support the denial of bifurcation. (ECF No. 74 at 2).[6] See Cunningham, 2021 WL 4407749, at *1 (involving claims under federal statute); Melville, 2023 WL 4054945, at *2 (denying bifurcation in diversity action but referring to magistrate judge defendant's request to "narrow the scope of pre-certification discovery and 'direct the parties not to conduct a full-blown class-wide merits discovery'" until after class certification briefing); Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 1166047, at *1 (S.D.N.Y. Mar. 11, 2020) 1 (involving federal claims); Hines v. Overstock.com, Inc., No. 09 Civ. 991 (SJ), 2010 WL 2775921, at *1 (denying bifurcation request in diversity action where defendant "made no showing that discovery relating to class certification is entirely distinct from, and not enmeshed with, discovery relating to class certification"). Hall-Landers also misplaces their reliance on Ford,

---

[6] Hall-Landers also cites scheduling orders from several other tuition and fee refund cases, most of which are pending in courts outside the Second Circuit and in which the courts appear to have set a single fact discovery deadline. (ECF No. 74 at 3). These scheduling orders do not reflect whether bifurcation was requested, let alone contain any analysis why bifurcation was not appropriate under the circumstances of those cases, and therefore are not determinative here.

11

where the parties' proposed schedule "did not bifurcate discovery," and the court simply ruled on which categories of class-related discovery would proceed, rejecting some of the plaintiffs' requests and granting others. 2022 WL 715779, at *4–32. To the extent that the parties have disputes about whether specific requests fall within the scope of this Order, they may raise them pursuant to the Court's discovery dispute practices.[7]

Second, NYU is willing to gather and produce documents and information concerning Hall-Landers. (ECF No. ECF No. 81 at 17). Accordingly, the Court expects that NYU will promptly gather and produce documents specific to Hall-Landers including, inter alia, statements reflecting tuition and fees charged and paid, use of NYU facilities and services during the Spring Semester 2020, and marketing materials and course catalogs concerning the dance program in which Hall-Landers was enrolled at Tisch.

Third, as NYU acknowledged, a significant portion of the class-wide discovery concerning Hall-Landers' Fee Claims has already been gathered and produced and can easily be reproduced here. (ECF No. ECF No. 81 13–16). This included information concerning approximately 66 different fees that were charged among NYU's programs during Spring Semester 2020, the services that NYU continued to provide, admissions materials, NYU's communications to the student body regarding COVID-19 policies and procedures, among others. (Id. at 13–17). The Court will direct NYU to make the entirety of the Garcia production available to Hall-Landers.

Fourth, the Court will work with the parties to manage the scope of discovery concerning the Tuition Claims—which were not at issue in Garcia—to expedite NYU's production of the

---

[7] See Individual Rules and Practices in Civil Cases, available at https://www.nysd.uscourts.gov/hon-sarah-l-cave.

materials most pertinent to class certification, even if such discovery also pertains to the merits. Cf. Loc. 3621, 2020 WL 1166047, at *6 (narrowing for "efficiency and economy" the scope of merits discovery that would proceed while class motion was pending).

Fifth, the Court agrees with Hall-Landers that a single Federal Rule of Civil Procedure 30(b)(6) deposition is likely insufficient for class certification purposes. (ECF No. 81 at 30). The Court will therefore permit, in addition to a Rule 30(b)(6) deposition of NYU generally, a deposition of a representative of NYU's Bursar's Office, and a representative of Tisch, the school in which Hall-Landers was enrolled. Hall-Landers may request additional class certification depositions on a showing of good cause.

Sixth, the Court will set an expedited class certification briefing schedule, with a conference once briefing is completed to discuss what, if any, additional discovery may proceed while the motion is pending. See Loc. 3621, 2020 WL 1166047, at *7 (specifying merits discovery to proceed while class motion was pending).

The Court concludes that this approach—a partial bifurcation to permit the parties to prioritize class certification discovery—will result in the most efficient use of the parties' and the Court's resources while promoting the prompt resolution of this action. See Fed. R. Civ. P. 1; Fed. R. Civ. P. 42(b).

## IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED IN PART and DENIED IN PART as follows:

1. For the next 90 days, i.e., until **February 20, 2024**, the parties shall focus their efforts on discovery related to class certification ("Class Discovery"), which shall consist of the following:

    a. Discovery specific to Hall-Landers, including: (i) documents in their possession, custody, and control concerning their claims; (ii) Hall-Landers' deposition; (iii) NYU's account statements reflecting tuition and fees with respect to Hall-Landers; and (iv) NYU records reflecting Hall-Landers access to and use of facilities and services during the Spring Semester 2020;

    b. NYU's re-production of documents in Garcia relevant to the Fee Claims;

    c. Documents sufficient to show NYU's tuition policies and practices during the Spring Semester 2020;

    d. Documents sufficient to show NYU's COVID-19 Policies during the Spring Semester 2020;

    e. Documents sufficient to show Tisch's marketing materials, course catalogs, and policies and procedures;

    f. Depositions of: (i) a Rule 30(b)(6) representative of NYU; (ii) a Rule 30(b)(6) representative of Tisch; and (iii) a Rule 30(b)(6) representative of NYU's Bursar's Office; and

    g. Other categories of documents and information or witnesses mutually agreed by the parties.

2. Until **May 16, 2024**, discovery other than Class Discovery, as defined in ¶ 1, is held in abeyance.

3. By **March 21, 2024**, Hall-Landers shall file the Class Motion.

4. By **April 22, 2024**, Defendants shall file their opposition to the Class Motion.

5. By **May 6, 2024**, Hall-Landers shall file any reply in further support of the Class Motion.

6. By **May 13, 2024**, the parties shall file a joint letter of no longer than five (5) pages setting forth their positions as to which, if any, merits discovery may proceed while the Class Motion is pending.

7. On **Thursday, May 16, 2024 at 10:00 am**, the Court will hold an <u>in-person</u> conference in Courtroom 18A 500 Pearl Street, New York, New York.

The Clerk of Court is respectfully directed to close ECF No. 73.

Dated:    New York, New York
             November 22, 2023

                                      SO ORDERED.

                                      **SARAH L. CAVE**
                                      **United States Magistrate Judge**