IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY E. HALL-LANDERS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>NEW YORK UNIVERSITY,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-03250-GBD-SLC |

**<u>CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER</u>**

　　　**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

　　　**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

　　　1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information (the "Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Such stamping should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, the producing party may designate material as "CONFIDENTIAL" by informing the person to whom the material is provided, in writing in a clear and conspicuous manner at the time of production of such material, that such material is "CONFIDENTIAL."

　　　2. Counsel for any party may designate any document or information, in whole or in part, as highly confidential if counsel determines, in good faith, that it contains highly sensitive financial information or proprietary information, the disclosure of which would create a risk of causing the Producing Person to suffer monetary or non-monetary injury or competitive or commercial disadvantage; or sensitive non-public personal information provided that it is not already in the public domain, including (for example) social security numbers; personal financial, credit, or banking information, home addresses; personal e-mail addresses; personal telephone numbers; tax returns; medical history, student health information; or information of a personal or intimate nature regarding any individual (the "Highly Confidential Information"). It is intended that the designation of Production Material as Highly Confidential Information will only be utilized when

the Producing Party believes the designation of Production Material as Confidential Information will not otherwise sufficiently protect the Production Material. Information and documents designated by a party as confidential will be stamped "HIGHLY CONFIDENTIAL." Such stamping should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, the producing party may designate material as "HIGHLY CONFIDENTIAL" by informing the person to whom the material is provided, in writing in a clear and conspicuous manner at the time of production of such material, that such material is "HIGHLY CONFIDENTIAL."

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The Parties to this Action who are individuals, or for Parties who are entities, their officers, directors, and employees whose assistance is reasonably necessary to the litigation of this Action;

    b. In-house counsel for the Parties who are involved in managing and overseeing this Action;

    c. Outside counsel in this Action;

    d. Direct supporting personnel of (b) and (c), such as the attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, and litigation support personnel;

    e. Third-party experts or consultants (and their respective direct support personnel) that are retained by a Party in this Action and who have signed a Declaration in the form provided as Exhibit A;

    f. Any person who is the author, addressee, attendee or recipient of the Production Material;

    g. Deposition and trial witnesses and their counsel during the course of depositions or testimony in this Action where a Party's counsel in good faith

      determines that (i) the Confidential Information is necessary to the anticipated subject matter of testimony and (ii) the witness shall be required to sign a Declaration in the form provided as Exhibit A;

h. Deposition and trial witnesses and their counsel in preparation for depositions or testimony in this litigation where a Party's counsel in good faith determines that the Confidential Information is necessary to the anticipated subject matter of testimony; provided, however, that such Confidential Material can be shared with such person only in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Material and shall be required to sign a Declaration in the form provided as Exhibit A;

i. Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action and who have signed a Declaration in the form provided as Exhibit A hereto;

j. Mediators, arbitrators, or special masters retained by the Parties or assigned by this Court, and their direct support personnel;

k. Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

l. The Court, its officers, and its clerical staff in any judicial proceeding that may result from this Action;

m. The jury in this Action;

n. Insurers of any Party to this Action and insurers' counsel; and

o. Any other person or entity that the Producing Person or Designating Party agrees, in writing, to allow access so long as such person or entity has signed a Declaration in the form provided as Exhibit A hereto.

7. All documents designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

    a. Outside counsel for the Receiving Party;

    b. Direct supporting personnel of (a), such as the attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, and litigation support personnel employed by such counsel to whom it is reasonably necessary to disclose the Production Material for purposes of the Action;

    c.    Third-party experts or consultants (and their respective direct support personnel) to whom it is reasonably necessary to disclose Highly Confidential Information, that are retained by a signatory to this Order, and who have signed a Declaration in the form provided as Exhibit A.

    d.    Any person who is the author, addressee, attendee or recipient of the Production Material;

    e.    Deposition and trial witnesses and their counsel during the course of depositions or testimony in this litigation, provided, however, that Highly Confidential Information shall not lose its confidential status through such use and provided further that (i) the Highly Confidential Information is necessary to the anticipated subject matter of testimony and (ii) the witness shall be required to sign a Declaration in the form provided as Exhibit A;

    f.    Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action and who have signed a Declaration in the form provided as Exhibit A hereto;

    g.    Mediators, arbitrators, or special masters retained by the Parties or assigned by this Court, and their direct support personnel;

    h.    Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

    i.    The Court, its officers, and its clerical staff in any judicial proceeding that may result from this Action;

    j.    The jury in this Action; and

    k.    Any other person or entity that the Producing Person or Designating Party agrees, in writing, to allow access so long as such person or entity has signed a Declaration in the form provided as Exhibit A hereto.

8. Prior to disclosing or displaying the Confidential or Highly Confidential Information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential subject to all the terms of this Stipulation and Order.

10. "Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach with respect to the PII exchanged in discovery, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure."

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. At the conclusion of litigation, Confidential and Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. The terms of this Confidentiality Stipulation and Proposed Protective Order shall apply to any third-party required to produce documents or materials in connection with this litigation, via subpoena or otherwise.

SO STIPULATED AND AGREED.

Dated: January 16, 2024                              Respectfully submitted,

By:  /s/Sarah N. Westcot                             By:  /s/Keara M. Gordon

Joseph I. Marchese                                   Keara M. Gordon
**BURSOR & FISHER, P.A.**                            Colleen Carey Gulliver
1331 Avenue of the Americas                          Rachael C. Kessler
New York, NY 10019                                   **DLA PIPER LLP (US)**
Tel.: (646) 837-7150                                 1251 Avenue of the Americas
Fax: (212) 989-9163                                  New York, New York 10020-1104
jmarchese@bursor.com                                 Phone: (212) 335-4500
                                                     Facsimile: (212) 335-4501
Sarah N. Westcot (*admitted PHV*)                    keara.gordon@us.dlapiper.com
**BURSOR & FISHER, P.A.**                            colleen.gulliver@us.dlapiper.com
701 Brickell Avenue, Suite 1420                      rachael.kessler@us.dlapiper.com
Miami, FL 33131
Tel.: (305) 330-5512                                 *Counsel for Defendant New York University*
Fax: (305) 676-9006
swestcot@bursor.com

*Counsel for Plaintiff Casey Hall-Landers*

**SO ORDERED:**

Dated:  January 17 , 2024
       New York, New York

                                                     _____
                                                     Hon. Sarah L. Cave
                                                     United States Magistrate Judge

6

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____ declare under penalty of perjury (this "Declaration") that:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

   _____

4. I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order for Discovery (the "Order") relating to this Action, *Hall-Landers v. New York University,* Case No. 1:20-cv-03250-GBD (S.D.N.Y.) (the "Action"). All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Designated Material for any purpose other than this Action, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Materials, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

7. I understand that my failure to abide by the terms of the Order entered in the Action will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: _____ 20 ____

_____
SIGNATURE

_____
PRINT NAME

_____
TITLE (if any)