January 26, 2024

*V*IA ECF

The Honorable Sarah L. Cave, U.S.M.J.
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Hall-Landers v. New York University*, Case No. 1:20-cv-3250-GBD
      Issues to be Raised at Status Conference: Discovery Disputes and Scheduling.

Dear Judge Cave:

The parties jointly write pursuant to the January 10, 2024 Scheduling Order, directing the parties to file a joint letter outlining any issues requiring the Court's attention in advance of the February 5, 2024 status conference. (ECF No. 86.). The parties met and conferred on January 24 and 26, 2024. There remain, however, a few areas of dispute that are ripe for the Court to address.

**Plaintiff's Position:** Defendant's Document Production: Defendant's document production is deficient.[1] *First*, Defendant has failed to fully produce NYU's handbooks, catalogs, brochures, advertisements, and promotional materials which were available to NYU students enrolling in the Spring Semester 2020 at NYU (RFP 4, 23, 27, 36, 37). This evidence is at the heart of Plaintiff's implied contract claim and is directly relevant to class certification because such documentation is necessary to establish Rule 23 elements of commonality and predominance, namely that all students were exposed to the same materials which formed the terms of the implied contract. *Rynasko v. New York Univ.*, 63 F.4th 186, 198 (2d Cir. 2023) ("NYU's marketing materials, which described the numerous benefits of attending college in New York City; NYU's descriptions of its on-campus services and facilities and the benefits of personal contacts with faculty and fellow students" formed an implied contract); *Ninivaggi v. Univ. of Delaware*, 2023 WL 2734343, at *7 (D. Del. Mar. 31, 2023) (finding Rule 23 predominance met based in part on university marketing materials). As to Defendant's website, Plaintiff requests production of the pages Plaintiff reviewed by Plaintiff, as set forth in Plaintiff's response to NYU's Interrogatories 3 and 4, the pages referenced in the Second Amended Complaint (¶¶ 37-53), and pages under NYU's "Academics" and "University Life" tabs as they existed from August 1, 2019 to May 31, 2020.[2] For the same reasons, Defendant should make a full production of any agreements, contracts, or university codes of conduct regarding tuition and fees during the Spring Semester 2020 (RFP 13), and any social media posts related to NYU's campus offerings (RFP 28). *Second*, Defendant's has failed to produce documents necessary for Plaintiff to establish that damages may

---

[1] Defendant's responses to Plaintiff's RFPs are attached as **Exhibit A**.
[2] Plaintiff requests that these pages be produced either through NYU's archives (to the extent they exist) or by pulling the archived webpages from the Wayback Machine (archive.org), as NYU did in the *García* matter.

be determined based on class wide proof. *Dial Corp. v. News Corp.*, 314 F.R.D. 108, 114–15 (S.D.N.Y. 2015). Defendant must produce documents sufficient for Plaintiff to determine the total amount of undergraduate tuition and fees collected and refunded for the Spring 2020 Semester (RFP 7, 9). For tuition, this data must include documents sufficient to ascertain gross tuition charges, discounts, internal NYU aid, and other financial aid such that gross and net tuition amounts can be ascertained. Relatedly, Defendant must produce documents sufficient to determine how fees are allocated, meaning how particular fees are allocated to on-campus resources (RFP 24, 25). NYU must produce documents sufficient to determine costs saved because of the switch to online learning (RFP 16, 35), including government or CARES Act funding. *Third*, Defendant has not produced communications regarding "NYU's tuition policies and practices during the Spring 2020 Semester" and "NYU's Covid-19 Policies during the Spring Semester 2020." NYU's documents make clear that the decision not to issue tuition refunds was a policy "set forth by the Central university and not its Schools."[3] Communications regarding how (and at what level) such determinations were made will be relevant to several of the Rule 23 factors (RFP 5, 6, 11, 12, 16, 41). Also, it does not appear that Defendant has carried out searches on the custodial files of its 30(b)(6) witnesses.

Plaintiff's 30(b)(6) Notice: Defendant has refused to designate a 30(b)(6) witness to testify as to financial funding received by Defendant in connection with COVID-19 (including CARES Act funding and other funding intended to financially compensate colleges and universities for expenses incurred as a result of the pandemic).[4] Amounts received by Defendant intended to offset COVID-19 related expenses Defendant incurred in Spring Semester 2020 are directly related to the calculation of damages which Plaintiff will be required to show at the class certification stage. *See* Exhibit C at p. 11 (NYU response to Topic 19) and p. 22 (NYU response to Topic 41).

Plaintiff's Document Production: Plaintiff produced documents in response to Defendant's requests on January 5, 2024. Plaintiff's counsel has agreed to conduct an additional search for responsive documents to verify Plaintiff's search was thorough and accurate. Plaintiff has now received the raw data necessary to conduct that search and is in the process of reviewing the data.

**NYU's Position:** The Plaintiff's Document Production: To date, NYU has produced a total of 2,326 pages, including 151 e-mails. NYU also is preparing two additional productions and expects production to be substantially complete by February 5. The plaintiff, on the other hand, self-collected their documents and produced only 55 pages, including only nine e-mails, on January 5, 2024. NYU promptly raised concerns regarding the plaintiff's self-collection and the resulting clear production deficiencies. (Ex. 1, Jan. 16 letter.) During the parties' January 25, 2024 meet and confer, the plaintiff's counsel admitted that – even though more than two months had passed since the Court's Order – they had only recently asked the plaintiff to send them their e-mail and calendar data and not yet obtained it (much less reviewed it). The plaintiff also agreed to collect and produce additional responsive documents that were not properly produced. (Ex. 2,

---

[3] *See* **Exhibit B**, an email message entitled "Covid-19 Response: An Update on Tuition and Fees, Bates Nos. NYU_Hall-Landers_00000805-807.
[4] Defendant's Responses and Objections to Plaintiff's Amended 30(b)(6) Notice is attached hereto as **Exhibit C**.

Jan. 25 e-mail.) Given that, NYU is unable to depose the plaintiff on the date previously agreed, February 1. As NYU does not yet know when the plaintiff will complete their production, NYU reserves the right to raise any issues to the Court that are identified when the plaintiff makes their further production(s), including objecting to the plaintiff's assertion that they will only appear for deposition once and not again should the case proceed past class certification.

One dispute regarding the plaintiff's discovery responses is ripe for the Court now. NYU sought the plaintiff's engagement letter with counsel, which the plaintiff improperly has refused to produce citing the attorney-client privilege. Courts in this District and elsewhere, however, routinely hold that "the fact of representation and nature of a fee arrangement between an attorney and his client are not privileged [and] need to be transparent so that absent class members can understand the arrangements that are pertinent to the representation of their interests as absent parties, and so that class actions are not lawyer-driven." *In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *11 (S.D.N.Y. Sept. 29, 2020); *accord Porter v. Nationscredit Consumer Disc. Co.*, 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004), *aff'd*, 285 F. App'x 871 (3d Cir. 2008) (granting motion to compel). In fact, in a prior analogous Covid-19 refund action, the Court denied class certification in part relying on information contained in the engagement agreement. *See García De León v. New York University*, 2022 WL 2237452, at *12 (S.D.N.Y. Jun. 22, 2022). Accordingly, NYU respectfully requests that the Court order the plaintiff to produce this agreement.

**The Plaintiff's 30(b)(6) Deposition Notice**: Despite the Court's Order that "partial bifurcation" was appropriate "to prioritize class certification discovery" (ECF 85 at 13), on December 20, 2023, the plaintiff served a 30(b)(6) deposition notice seeking testimony on *45 different topics*, which it amended on January 23, 2024 to add an additional topic (Ex. 3, Amended Notice), many of which relate entirely to the merits of the case in violation of the Order. (*See* ECF 85 at 14.) After meeting and conferring, the parties were unable to reach agreement with respect to one topic: the receipt of federal funds after Covid, which is exclusively merits. NYU respectfully requests a protective order barring the plaintiff from seeking deposition testimony regarding those topics. *See Pizana v. Sanmedica Int'l, LLC*, No. 1:18-cv-00644-DAD-SKO (E.D. Cal. Oct. 15, 2020) (granting defendant's motion for a protective order limiting deposition topics that were merits when court had bifurcated class discovery); *see also Seliger v. Breitbart New Network, LLC*, 2021 WL 707063, at *3 (S.D.N.Y. Feb. 22, 2021) (granting protective orders limiting 30(b)(6) testimony where certain "testimony would be beyond the scope of this case").

**The Parties' Joint Position on the Case Schedule:** Considering the current state of document production and the outstanding discovery disputes between the parties, the parties jointly request that the current fact discovery deadline of February 20, 2024 be extended, as well as the briefing deadlines for class certification. Additionally, the plaintiff has represented that they intend to use one or two experts in support of expert discovery, which the parties believe necessitates inclusion of expert discovery deadlines into the case schedule. To preserve the Court's resources, the parties respectfully request that they continue to confer regarding these scheduling issues and jointly present the Court with a proposed revised discovery schedule once the Court has resolved the disputes identified above and the parties can exchange dates for substantial completion of production.

Hon. Sarah L. Cave<br>
January 26, 2024<br>
Page Four

Respectfully submitted,

| BURSOR & FISHER, P.A. | DLA PIPER LLP (US) |
|---|---|
| By: */s/ Joseph I. Marchese* <br>    Sarah N. Westcot <br>    Joseph I. Marchese <br>    Andrew Obergfell | By: */s/ Keara M. Gordon* <br>    Keara M. Gordon <br>    Colleen Carey Gulliver <br>    Rachael C. Kessler |
| 1330 Avenue of the Americas, 32nd Floor <br> New York, NY 10019 <br> Telephone: (646) 837-7150 <br> Facsimile: (212) 989-9163 | 1251 Avenue of Americas, 27th Floor <br> New York, NY 10020 <br> Telephone: (212) 335-4500 <br> Facsimile: (212) 335-4501 |
| BURSOR & FISHER, P.A. <br><br> 701 Brickell Avenue, Suite 1420 <br> Miami, FL 33131 <br> Telephone: (305) 330-5512 <br> Facsimile: (305) 676-9006 | *Attorneys for Defendant New York University* |
| *Attorneys for Plaintiff Casey E. Hall-Landers* | |