**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CASEY E. HALL-LANDERS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>NEW YORK UNIVERSITY,<br><br>                    Defendant. | 1:20-cv-03250-GBD |

**DEFENDANT NEW YORK UNIVERSITY'S OBJECTIONS TO PLAINTIFF
CASEY E. HALL-LANDERS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Defendant New York University ("NYU"), by and through its undersigned counsel, objects to the plaintiff's First Set of Requests for Production of Documents (the "Requests") as follows:

**PRELIMINARY STATEMENT**

In its November 22, 2023 Order (the "Order") (ECF No. 83), the Court granted in part NYU's letter-motion requesting bifurcation of class certification and merits discovery in this action. (ECF No. 73). Specifically, the Court found "that NYU has shown good cause for—and efficiency and economy warrant—partial bifurcation of class and merits discovery." (ECF No. 83, at 11.) As a result, the Court held that discovery initially will be limited to class certification issues ("Class Discovery"), with all remaining discovery to be held in abeyance. The Court "conclude[d] that this approach—a partial bifurcation to permit the parties to prioritize class certification discovery—will result in the most efficient use of the parties' and the Court's resources while promoting the prompt resolution of this action." *Id.* at 13. Accordingly, NYU objects to any Request that is outside the scope of the Order.

NYU also objects to the Requests' Instructions to the extent they attempt to impose different obligations than those to which the parties may ultimately agree or that are inconsistent with the limitations of the Federal Rules of Civil Procedure or Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

NYU objects to the Requests' Definitions of the terms "documents," "communications," and "concerning" to the extent they are inconsistent with the definitions provided in the Federal Rules of Civil Procedure and/or the Local Rules. NYU further objects to the Requests' Definition of the term "Defendant" as overbroad to the extent it seeks to encompass NYU campuses other than the New York City campus which the named plaintiff attended and which is the sole focus of the allegations in the Second Amended Complaint. (ECF No. 66).

Subject to and without waiving any of its objections, NYU has and will produce responsive documents while the parties negotiate an appropriate confidentiality order. For documents NYU produces before a confidentiality order is finalized, NYU requests that plaintiff's counsel only share such documents with the plaintiff after the Court enters the parties' agreed-upon confidentiality order.

Counsel for NYU is prepared to discuss the objections presented herein with counsel for the plaintiff Casey Hall-Landers ("plaintiff") for the purpose of resolving any disputes that may arise without the need for intervention by the Court.

## RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

ALL DOCUMENTS AND COMMUNICATIONS CONCERNING PLAINTIFF.

**RESPONSE TO REQUEST NO. 1:**

NYU objects to Request No. 1 to the extent "all" documents and communications "concerning" the plaintiff may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure. NYU further objects on grounds that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information requested exceeds the scope of the Order. Subject to and without waiving any objections, including its objection about negotiation and entry of an appropriate confidentiality order, NYU will produce non-privileged responsive documents specific to the plaintiff as the Order directs.[1]

**REQUEST FOR PRODUCTION NO. 2:**

ALL versions of DEFENDANT'S Course Registration portal existing from August 2019 through present.

**RESPONSE TO REQUEST NO. 2:**

NYU objects to Request No. 2 as overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) to the extent that it seeks "ALL versions" because NYU's course registration system is a live, dynamic system that is routinely changed and updated over time. NYU further objects to Request No. 2 to the extent it seeks information post-dating Spring semester 2020, as such time period is not relevant.

---

[1] "Discovery specific to Hall-Landers, including: (i) documents in their possession, custody, and control concerning their claims; (ii) Hall-Landers' deposition; (iii) NYU's account statements reflecting tuition and fees with respect to Hall-Landers; and (iv) NYU records reflecting Hall-Landers access to and use of facilities and services during the Spring Semester 2020." Order § IV(1)(a).

Subject to and without waiving any objections, NYU will produce documents sufficient to show the student-facing information that was available in the course registration portal for students enrolled at NYU's New York City campus for the Fall 2019 semester and the Spring 2020 semester at the time each set of data was archived.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS produced by DEFENDANT in the matter of *De León v. New York University*, Case No. 1:21-cv-5005-CM (S.D.N.Y.).

**RESPONSE TO REQUEST NO. 3:**

NYU objects to Request No. 3 to the extent that it seeks documents pertaining solely to plaintiff García De León, which are confidential and are irrelevant to this action. Subject to and without waiving any objections, NYU has produced all documents produced in the matter of *De León v. New York University*, Case No. 1:21-cv-5005-CM (S.D.N.Y.) with the exception of documents specific to Ms. García De León (*see* NYU_Hall-Landers_00000001 – NYU_Hall-Landers_00001523).

**REQUEST FOR PRODUCTION NO. 4:**

ALL versions of DEFENDANT'S handbooks, catalogs, brochures, advertisements, or other promotional materials existing from August 2019 through present.

**RESPONSE TO REQUEST NO. 4:**

NYU objects to Request No. 4 to the extent it seeks documents post-dating Spring semester 2020, as such time period is not relevant.

Subject to and without waiving any objections, NYU will produce "Tisch's marketing materials, course catalogs, and policies and procedures" as the Order directs as well as exemplar marketing materials from other schools for the period from August 2019 through Spring 2020.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS AND COMMUNICATIONS relating to DEFENDANT'S decision to not issue refunds for tuition and/or fees paid for the Spring 2020 semester.

**RESPONSE TO REQUEST NO. 5:**

NYU objects to the predicate of Request No. 5 as NYU did, indeed, issue pro-rata refunds of numerous student fees paid for the Spring 2020 semester and there may have been instances in particular factual circumstances where NYU refunded tuition to certain students. NYU further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the Request for "ALL DOCUMENTS AND COMMUNICATIONS relating to DEFENDANT'S decision" exceeds the scope of the Order because it seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and with regard to over 19,000 employees, including approximately 5,050 full-time faculty members. NYU further objects to the extent this Request is duplicative of Request for Production No. 3, which requests that NYU produce the fee refund information it previously produced in *García De Leon.* NYU further objects to the extent that it calls for the production of documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure. Subject to and without waiving any objections, NYU has and/or will produce non-privileged documents "sufficient to show NYU's tuition policies and practices" during the Spring 2020 semester, as the Order directs.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS relating to DEFENDANT'S COVID-19 response, including but not limited to training manuals, handbooks, internal policies and

COMMUNICATIONS, COMMUNICATIONS with parents, COMMUNICATIONS with students, COMMUNICATIONS with alumni, COMMUNICATIONS with donors, COMMUNICATIONS with any government agencies or officials, and COMMUNICATIONS with any outside consultants or experts.

**RESPONSE TO REQUEST NO. 6:**

NYU objects to Request No. 6 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because a Request seeking "ALL COMMUNICATIONS" related to COVID-19 pertains to the merits of this case and is not relevant to whether the putative Class can be certified, and the Request seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and with regard to over 19,000 employees, including approximately 5,050 full-time faculty members, and thus exceeds the scope of the Order.  NYU further objects to the extent that this Request seeks documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.  NYU further objects to the extent "COMMUNICATIONS" with third parties such as alumni, donors, or government officials are not relevant to the claims and defenses in this case.

Subject to and without waiving any objections, NYU will produce documents sufficient to show non-privileged communications from NYU to the NYU community, NYU students as a whole, or Tisch School of the Arts ("Tisch") students as a whole, and communications between NYU and the plaintiff or their parents.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show the amount of tuition monies DEFENDANT received for the Spring 2020 Semester.   This request is not meant to include students solely enrolled in your online learning programs.

**RESPONSE TO REQUEST NO. 7:**

NYU objects to Request No. 7 to the extent it is duplicative of Interrogatory No. 5, which requests that NYU state the total amount of tuition money it received for the Spring Semester 2020 courses.

Subject to and without waiving any objections, NYU has and/or will produce documents "sufficient to show NYU's tuition policies and practices" during the Spring 2020 Semester, as the Order directs.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show the amount of money DEFENDANT received for Spring Semester 2020 fees.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving any objections, NYU has produced documents sufficient to show the amount of money it received for Spring Semester 2020 fees for students at its New York City campus (*see* NYU_Hall-Landers_00000344, NYU_Hall-Landers_00000345).

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show the amount of tuition and fees for Spring Semester 2020 that YOU have refunded to students.

**RESPONSE TO REQUEST NO. 9:**

NYU objects to Request No. 9 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because it is not limited to refunds issued as a result of the transition to remote learning.  To the extent Request No. 9 seeks the amount of tuition refunded as a result of the transition to remote instruction, any tuition refunds issued were determined on either a course by course basis for a small number of courses that could not be continued remotely, or by NYU's 18 different schools and colleges on an individual student basis for students facing particular circumstances warranting a refund, and therefore identifying those individuals would require an overly burdensome individualized analysis to identify all such instances and the amounts refunded.

Subject to and without waiving any objections, NYU has produced documents sufficient to show the amount of fees for Spring Semester 2020 that it refunded to students at its New York City campus as a result of the transition to remote learning (*see* NYU_Hall-Landers_00000345) and that it generally did not refund tuition as a result of the transition to remote learning (*see* NYU_Hall-Landers_00000377).

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS showing the total number of students who attended New York University during the Spring 2020 Semester, including a breakdown of the number of students enrolled in each of DEFENDANT'S courses of study.

**RESPONSE TO REQUEST NO. 10:**

NYU objects to Request No. 10 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) to the extent that it asks for

the number of students enrolled in each of NYU's 18 different schools and colleges, 147 centers

and institutes, 400 programs, and 230 areas of study.

Subject to and without waiving any objections, and to the extent such documents exist,

NYU will produce documents sufficient to show the number of students enrolled in NYU at its

New York City campus during Spring 2020 and a break down by the school and college attended.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS AND COMMUNICATIONS CONCERNING requests by students

or parents for refunds for the Spring 2020 Semester, and DEFENDANT'S response to said

requests.

**RESPONSE TO REQUEST NO. 11:**

NYU objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome,

and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because

information related to "ALL" requests for refunds pertains to the merits of this case and is not

relevant to whether the putative Class can be certified, and the Request seeks discovery regarding

communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400

programs, and 230 areas of study, and thus exceeds the scope of the Order.  NYU further objects

to the extent that the Request seeks documents that may be protected by the attorney-client

privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or

protection against disclosure.

Subject to and without waiving any objections, NYU has produced and/or will produce

documents sufficient to show non-privileged communications from NYU to the NYU community

or students as a whole or Tisch students as a whole, and communications between NYU and the

plaintiff or their parents regarding Covid refunds.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS AND COMMUNICATIONS from YOUR students or parents of YOUR students regarding YOUR response to COVID-19 including COMMUNICATIONS regarding YOUR decision to suspend in-person classes.

**RESPONSE TO REQUEST NO. 12:**

NYU objects to Request No. 12 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because "ALL DOCUMENTS AND COMMUNICATIONS" pertains to the merits of this case, is not relevant to whether the putative Class can be certified, and thus exceeds the scope of the Order.

Subject to and without waiving any objections, NYU has produced and/or will produce documents sufficient to show non-privileged communications from NYU to the NYU community or students as a whole or Tisch students as a whole, and communications between NYU to the plaintiff or their parents regarding the transition to remote instruction.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS, including but not limited to agreements, contracts, or university codes of conduct governing rights and responsibilities between students and DEFENDANT CONCERNING tuition and fees paid for the Spring Semester 2020.

**RESPONSE TO REQUEST NO. 13:**

NYU objects to Request No. 13 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because it seeks information from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and thus exceeds the scope of the Order. NYU further objects to the extent that the Request seeks documents that may be protected by the attorney-client

privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

Subject to and without waiving any objections, NYU will produce non-privileged documents "sufficient to show NYU's tuition policies and practices during the Spring Semester 2020" and documents "sufficient to show Tisch's marketing materials, course catalogs, and policies and procedures," as the Order directs.

**REQUEST FOR PRODUCTION NO 14:**

ALL DOCUMENTS AND COMMUNICATIONS related to ANY training or education provided to YOUR professors and instructors as part of preparations to move Spring Semester 2020 classes to an online-only format.

**RESPONSE TO REQUEST NO. 14:**

NYU objects to Request No. 14 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) to the extent "ALL DOCUMENTS AND COMMUNICATIONS relating to ANY" remote transition training or education pertains to the merits of this case and is not relevant to whether the putative Class can be certified, and the Request seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and approximately 5,050 full-time faculty members, and thus exceeds the scope of the Order. NYU further objects to the extent that the Request seeks documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

Subject to and without waiving any objections, NYU will produce non-privileged exemplar documents of the guidance regarding the transition to remote learning that NYU provided to professors and instructors at its New York City campus during the Spring 2020 semester.

### REQUEST FOR PRODUCTION NO 15:

ALL DOCUMENTS and COMMUNICATIONS pertaining to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy in part or in whole a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

### RESPONSE TO REQUEST NO. 15:

NYU objects to Request No. 15 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because insurance agreements are not relevant to whether the putative Class can be certified and thus this Request exceeds the scope of the Order.

### REQUEST FOR PRODUCTION NO. 16:

ALL DOCUMENTS AND COMMUNICATIONS pertaining to YOUR financial planning or internal discussions of financial or budget matters related to changes in operation due to COVID-19.

### RESPONSE TO REQUEST NO. 16:

NYU objects to Request No. 16 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because information relating to NYU's financial planning and internal discussions of financial or budget matters are not relevant to whether the putative Class can be certified and because the Request seeks discovery regarding documents and communications from NYU's 18 different schools and

colleges, 147 centers and institutes, 400 programs, and 230 areas of study, and thus this Request exceeds the scope of the Order. NYU further objects to the extent the information requested constitutes proprietary business information and may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

Subject to and without waiving any objections, NYU will produce documents sufficient to show additional costs that it incurred as a result of Covid-19.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS that demonstrate YOU placed a litigation hold to preserve all evidence as a result of the instant action.

**RESPONSE TO REQUEST NO. 17:**

NYU states that it issued a litigation hold but objects to its production pursuant to Request No. 17 on the grounds that the communications are protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to show DEFENDANT'S tuition policies and practices during the Spring Semester 2020.

**RESPONSE TO REQUEST NO. 18:**

Subject to and without waiving any objections, NYU has produced and/or will produce documents responsive to Request No. 18.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show DEFENDANT'S COVID-19 Policies during the

Spring Semester 2020.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving any objections, NYU has produced and/or will produce

documents sufficient to show its "COVID-19 Policies during the Spring Semester 2020" as the

Order directs.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show the cost of tuition and fees for all online courses and/or

degrees offered by YOU for the Spring Semester 2020.

**RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving any objections, NYU has produced and/or will produce

documents responsive to Request No. 20.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING Tisch School of the Arts

marketing materials, course catalogs, and policies and procedures.

**RESPONSE TO REQUEST NO. 21:**

NYU objects to Request No. 21 as overly broad and not properly limited in temporal scope

by seeking discovery for an indefinite period. NYU further objects on the grounds that it is

overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set

forth in FRCP 26(b)(1) because it seeks "ALL DOCUMENTS and COMMUNICATIONS." NYU

further objects to the extent that this Request seeks documents that may be protected by the

attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

Subject to and without waiving any objections, NYU will produce non-privileged documents "sufficient to show Tisch's marketing materials, course catalogs, and policies and procedures" for the relevant period, as the Order directs.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS and COMMUNICATIONS identified in your responses to PLAINTIFF'S First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 22:**

NYU objects to Request No. 22 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information sought is not relevant to whether the putative Class can be certified and thus this Request exceeds the scope of the Order.  NYU further objects to the extent that this Request seeks documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

Subject to and without waiving any objections, NYU will produce all non-privileged documents that it identifies in response to the plaintiff's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING on-campus events scheduled for the Spring Semester 2020 at New York University.

**RESPONSE TO REQUEST NO. 23:**

NYU objects to Request No. 23 because it seeks "ALL DOCUMENTS and COMMUNICATIONS" regarding events at NYU's 18 different schools and colleges, 147 centers

and institutes, 400 programs, and 230 areas of study.  Subject to and without waiving any objections, NYU will produce documents sufficient to show on-campus events at Tisch scheduled for the Spring Semester 2020 at its New York City campus as well as exemplars of such documents from other schools.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS and COMMUNICATIONS sufficient to determine how fee monies were allocated to specific on-campus resources.

**RESPONSE TO REQUEST NO. 24:**

NYU objects to Request No. 24 because it does not "allocate" "fee monies" "to specific on-campus resources."  NYU further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information sought pertains to the merits of this case, is not relevant to whether the putative Class can be certified, and thus exceeds the scope of the Order.

Subject to and without waiving any objections, NYU has produced documents, previously produced in *García De León*, regarding the cost of various services incurred and the fees received and refunded in the Spring Semester 2020.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS and COMMUNICATIONS sufficient to determine how tuition monies were allocated to specific on-campus resources.

**RESPONSE TO REQUEST NO. 25:**

NYU objects to Request No. 25 because it does not "allocate" "tuition monies" "to specific on-campus resources."   NYU further objects to Request No. 25 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP

26(b)(1) because the information sought pertains to the merits of this case, is not relevant to whether the putative Class can be certified, and thus exceeds the scope of the Order.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS and COMMUNICATIONS DEFENDANT plans to introduce as evidence during the class certification stage of these proceedings.

**RESPONSE TO REQUEST NO. 26:**

Subject to and without waiving any objections, NYU will produce documents responsive to Request No. 26.

**REQUEST FOR PRODUCTION NO. 27:**

ALL versions of DEFENDANT'S website from August 2019 through June 1, 2020 and DOCUMENTS and COMMUNICATIONS sufficient to understand when and why any changes to DEFENDANT'S website were made during the time period stated above.

**RESPONSE TO REQUEST NO. 27:**

NYU objects to Request No. 27 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information sought pertains to the merits of this case and is not relevant to whether the putative Class can be certified, and the Request seeks information from approximately 170,000 different NYU webpages, the majority of which are not centrally managed but instead managed by NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study, and thus exceeds the scope of the Order.  NYU specifically objects to the Request to the extent it seeks information regarding "why" and "when" website changes were made as this information is not related to the claims and defenses in this case.  NYU further objects to the extent that the Request seeks documents that may be protected by the attorney-client privilege,

the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.  NYU further objects because NYU's website is equally available to the plaintiff as to NYU.

**REQUEST FOR PRODUCTION NO. 28:**

ALL social media posts from any New York University controlled account from August 1, 2019 through June 1, 2020.

**RESPONSE TO REQUEST NO. 28:**

NYU objects to Request No. 28 as overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because "ALL social media posts" is not tailored to specific topics relevant to whether the putative Class can be certified and thus this Request exceeds the scope of the Order.

Subject to and without waiving any objections, NYU has produced (*See* NYU_Hall-Landers_0000094-95; NYU_Hall-Landers_00000956-61) certain social media account posts from NYU's primary communications page (maintained by NYU's Office of Public Affairs) to the extent such posts relate to issues relevant to class certification.

**REQUEST FOR PRODUCTION NO. 29:**

ALL statements made by any administrator, professor, employee, or representative of New York University made in connection with New York University's response to COVID-19 and/or refunds of tuition and fees, including but not limited to any statements made to students or the media.

**RESPONSE TO REQUEST NO. 29:**

NYU objects to Request No. 29 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information sought

pertains to the merits of this case, seeks information regarding NYU's over 19,000 employees, and is not relevant to whether the putative Class can be certified and thus exceeds the scope of the Order.  NYU further objects to the extent that this Request seeks documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

Subject to and without waiving any objections, NYU has produced and/or will produce documents sufficient to show non-privileged communications from NYU to the NYU community or students as a whole or Tisch students as a whole and certain social media account posts from NYU's primary communications page (maintained by NYU's Office of Public Affairs) to the extent such posts relate to issues relevant to class certification.

### REQUEST FOR PRODUCTION NO. 30:

ALL DOCUMENTS provided to, relied upon, reviewed by, or created by ANY expert witness YOU intend to call at the class action hearing or in any other hearing in this litigation, including but not limited to, any written report prepared by or submitted to the expert and all reports, including factual observations, tests, supporting data, calculations, photographs, and opinions of any expert witness(es) YOU have retained in relation to class certification.

### RESPONSE TO REQUEST NO. 30:

NYU will respond to this Request in accordance with the Federal Rules and any deadlines set by this Court.  NYU further responds that the parties may benefit from conferring with each other and the Court regarding setting expert deadlines in advance of class certification briefing if the plaintiff intends to rely upon any expert testimony in connection with their motion for class certification.

**REQUEST FOR PRODUCTION NO. 31:**

ALL DOCUMENTS AND COMMUNICATIONS related to pricing of credits or courses for NYU Online and for in-person courses.

**RESPONSE TO REQUEST NO. 31:**

NYU objects to Request No. 31 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the Request for "ALL DOCUMENTS AND COMMUNICATIONS relating to pricing" exceeds the scope of the Order because it seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study. NYU further objects to this Request's use of the undefined term "NYU Online."

Subject to and without waiving any objections, NYU will produce documents sufficient to show tuition rates and fee amounts for online and in-person credits or programs for the Spring 2020 semester at its New York City campus.

**REQUEST FOR PRODUCTION NO. 32:**

ALL COMMUNICATIONS made by New York University to students regarding DEFENDANT'S response to COVID-19.

**RESPONSE TO REQUEST NO. 32:**

NYU objects to Request No. 32 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because "ALL" communications to students, individually, pertains to the merits of this case and is not relevant to whether the putative Class can be certified, and because it seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400

programs, and 230 areas of study and with regard to over 19,000 employees, including approximately 5,050 full-time faculty members, and thus exceeds the scope of the Order.

Subject to and without waiving any objections, NYU will produce documents sufficient to show non-privileged communications from NYU to NYU students as a whole or Tisch students as a whole, and communications between NYU and the plaintiff regarding the transition to remote learning.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to identify when each of the on-campus facilities at New York University closed in response to COVID-19 and when they were re-opened.

**RESPONSE TO REQUEST NO. 33:**

NYU objects to Request No. 33 as overbroad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) to the extent that it seeks information regarding the re-opening of on-campus facilities, as the re-opening occurred after the Spring semester 2020 and such time period is not relevant.

Subject to and without waiving any objections, NYU will produce documents sufficient to show Communications from NYU to the student body regarding the accessibility of NYU's services and facilities during the Spring 2020 Semester.

**REQUEST FOR PRODUCTION NO. 34:**

DEFENDANT'S Spring Semester 2020 Course Catalog.

**RESPONSE TO REQUEST NO. 34:**

NYU objects to Request No. 34 to the extent it uses the undefined term "Course Catalog."

Subject to and without waiving any objections, NYU will produce documents sufficient to show the student-facing information that was available in NYU's course registration portal for

students enrolled at NYU's New York City campus for the Fall 2019 semester and the Spring 2020

semester at the time each set of data was archived.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to determine any changes in operating costs for New York

University from before its closure due to COVID-19 in March 2020 and after its closure in March

2020.

**RESPONSE TO REQUEST NO. 35:**

NYU objects to Request No. 35 as overly broad, unduly burdensome, and disproportionate

to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information sought

pertains to the merits of this case, is not relevant to whether the putative Class can be certified, and

thus exceeds the scope of the Order.  NYU further objects to the use of the term "closure."

Subject to and without waiving any objections, NYU will produce documents sufficient to

show additional costs that it incurred as a result of Covid-19.

**REQUEST FOR PRODUCTION NO. 36:**

ALL DOCUMENTS referencing DEFENDANT'S on-campus resources, facilities and/or

location in New York City from January 1, 2018 through June 1, 2020, including but not limited

to all print advertisements, website pages, YouTube videos, or other videos.

**RESPONSE TO REQUEST NO. 36:**

NYU objects to Request No. 36 as overly broad, unduly burdensome, and disproportionate

to the needs of the case under the factors set forth in FRCP 26(b)(1) because the Request for "ALL

DOCUMENTS" exceeds the scope of the Order because it seeks discovery regarding

communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400

programs, and 230 areas of study and because the information sought pertains to the merits of this

case, is not relevant to whether the putative Class can be certified.  NYU further objects to Request No. 36 to the extent that it seeks information pre-dating August 1, 2019, as such time period is not relevant.

Subject to and without waiving any objections, NYU will produce documents "sufficient to show Tisch's marketing materials, course catalogs, and policies and procedures" as the Order directs as well as exemplar documents from other schools for the time period August 1, 2019 through June 1, 2020.

### REQUEST FOR PRODUCTION NO. 37:

ALL DOCUMENTS referencing DEFENDANT'S NYU Online program from January 1, 2018 through June 1, 2020, including but not limited to all print advertisements, website pages, YouTube videos, or other videos.

### RESPONSE TO REQUEST NO. 37:

NYU objects to Request No. 37 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the Request for "ALL DOCUMENTS" exceeds the scope of the Order because it seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and the information sought pertains to the merits of this case, is not relevant to whether the putative Class can be certified.  NYU further objects to Request No. 37 to the extent that it seeks information pre-dating August 1, 2019, as such time period is not relevant.  NYU also objects to this Request's use of the undefined term "NYU Online."

### REQUEST FOR PRODUCTION NO. 38:

The academic calendar for the Spring Semester 2020 at New York University.

**RESPONSE TO REQUEST NO. 38:**

NYU objects to Request No. 38 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because it seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study, and thus exceeds the scope of the Order.

Subject to and without waiving any objections, NYU has produced documents sufficient to show the academic calendar for Tisch for the Spring Semester 2020 (*See* NYU_Hall-Landers_00000062-343).

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to identify each of New York University's schools, including but not limited to those referenced in Paragraph 57 of PLAINTIFF'S Second Amended Complaint, and ALL tuition and fees for each school for the Spring Semester 2020.

**RESPONSE TO REQUEST NO. 39:**

Subject to and without waiving any objections, NYU has produced documents sufficient to identify each of its schools and the amount of money each school received in fees for the Spring 2020 semester for the New York City campus (*see* NYU_Hall-Landers_00000344, NYU_Hall-Landers_00000345) and will produce documents sufficient to show the amount of tuition each school received for the Spring 2020 semester for the New York City campus.

**REQUEST FOR PRODUCTION NO. 40:**

ALL articles, opinions, or printed materials appearing in NYU's Washington Square News in any way connected with New York University's response to COVID-19 and/or requests for tuition and fee refunds.

**RESPONSE TO REQUEST NO. 40:**

NYU objects to Request No. 40 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information sought pertains to the merits of this case, is not relevant to whether the putative Class can be certified, and thus exceeds the scope of the Order. NYU further objects because it does not have possession, custody, or control over documents generated by Washington Square News, which is an independent, student-run newspaper, and such information is equally available to the plaintiff as to NYU.

**REQUEST FOR PRODUCTION NO. 41:**

ALL DOCUMENTS AND COMMUNICATIONS regarding New York University's review, consideration, or response to any student petition for tuition and/or fee refunds as a result of New York University's response to COVID-19.

**RESPONSE TO REQUEST NO. 41:**

NYU objects to Request No. 41 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the Request for "ALL DOCUMENTS AND COMMUNICATIONS" seeks discovery regarding communications from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and with regard to over 19,000 employees, including approximately 5,050 full-time faculty members, and because the information sought pertains to the merits of this case and is not relevant to whether the putative Class can be certified, and thus exceeds the scope of the Order. NYU further objects to the extent this Request seeks documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

**REQUEST FOR PRODUCTION NO. 42:**

ALL COMMUNICATIONS from or among faculty or staff related to the transition to remote instruction at New York University in response to COVID-19.

**RESPONSE TO REQUEST NO. 42:**

NYU objects to Request No. 42 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because the information sought pertains to the merits of this case, because it seeks discovery regarding "ALL COMMUNICATIONS" from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and with regard to over 19,000 employees, including approximately 5,050 full-time faculty members, and is not relevant to whether the putative Class can be certified, and thus exceeds the scope of the Order. NYU further objects to the Request to the extent that it seeks documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

Subject to and without waiving any objections, NYU will produce documents sufficient to show non-privileged communications from NYU to the NYU community or students as a whole or Tisch students as a whole.

**REQUEST FOR PRODUCTION NO. 43:**

ALL DOCUMENTS AND COMMUNICATIONS concerning DEFENDANT'S decision to resume in-person classes following its closure in response to COVID-19.

**RESPONSE TO REQUEST NO. 43:**

NYU objects to Request No. 43 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because it seeks discovery

regarding "ALL DOCUMENTS AND COMMUNICATIONS" from NYU's 18 different schools and colleges, 147 centers and institutes, 400 programs, and 230 areas of study and with regard to over 19,000 employees, including approximately 5,050 full-time faculty members, and thus exceeds the scope of the Order.  NYU objects to Request. No. 43 on the basis that information regarding decisions made after Spring 2020 Semester are outside of the putative Class period and therefore are irrelevant and exceed the scope of the Order.  NYU further objects to the Request to the extent that it seeks documents that may be protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, immunity, or protection against disclosure.

**REQUEST FOR PRODUCTION NO. 44:**

ALL DOCUMENTS AND COMMUNICATIONS from Allyson Green to students concerning DEFENDANT'S response to COVID-19 and/or tuition or fee refunds, including but not limited to the video referenced in Paragraph 89 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 44:**

NYU objects to Request No. 44 as overly broad, unduly burdensome, and disproportionate to the needs of the case under the factors set forth in FRCP 26(b)(1) because it seeks "ALL DOCUMENTS AND COMMUNICATIONS" and the information sought pertains to the merits of this case, is not relevant to whether the putative Class can be certified, and thus exceeds the scope of the Order.

Subject to and without waiving any objections, NYU will produce documents sufficient to show communications from Dean Allyson Green to Tisch students as a whole.

Dated: January 16, 2024
      New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**


   */s/ Keara M. Gordon*    
Keara M. Gordon
Colleen Carey Gulliver
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
rachael.kessler@us.dlapiper.com

*Attorneys for Defendant New York*
*University*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 16, 2024, I caused a true and correct copy of the foregoing Defendant New York University's Objections to Plaintiff Casey E. Hall-Landers' First Set of Requests for Production to be served by electronic mail to all counsel of record.

*/s/ Rachael C. Kessler*

Rachael C. Kessler