**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY E. HALL-LANDERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>Defendant. | Civil Action No. 1:20-cv-03250-GBD |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF DEFENDANT NEW YORK UNIVERSITY
[FED. R. CIV. P. 30(b)(6)]**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff Casey E. Hall-Landers ("Plaintiff") will take the deposition upon oral examination of Defendant New York University ("Defendant" or "NYU") on February 15, 2024, commencing at 10:00 a.m. EST, at the offices of Bursor & Fisher, P.A., at 1330 Avenue of the Americas, New York, NY 10019.

The deposition will be taken by a notary public or other person qualified to administer oaths; will be recorded stenographically, including recording by instant visual display of the testimony; and will be videotaped. The deposition may continue from day to day or may be continued to a future date or dates until completed, excluding Saturdays, Sundays and legal holidays. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure. The

1

deponent(s) is to bring to the deposition all documents used by the deponent(s) to prepare for the deposition.

As the scope of discovery at this stage of the litigation is partially bifurcated as to issues related to class certification, Plaintiff reserves the right to depose NYU again.

## AREAS FOR EXAMINATION

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant shall designate to testify on its behalf one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf as to matters set forth in Schedule A to this notice.

Dated: January 23, 2024                     Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joseph I. Marchese*
          Joseph I. Marchese

Joseph I. Marchese
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (*pro hac vice*)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*

# SCHEDULE A

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant is requested to designate a representative to testify about the following:

1. The amount of tuition and fees charged by Defendant to students, both total and broken down on a per-student basis, including any adjustments made for grants, scholarships, or any other form of financial aid.

2. The identification and amounts of tuition and fees charged to students, the contractual basis for those tuition and fees, how those monies are allocated, the process for establishing those amounts, including any adjustments made for grants, scholarships, or any other form of financial aid.

3. The differences (if any) between the tuition and fees paid by students in Defendant's online program(s) and students enrolled at Defendant's campus.

4. The process by which students register for courses, including whether students have the option to search for courses offered exclusively in-person or online.

5. The manner in which Defendant presented its course offerings to students, including but not limited to Defendant's Academic Catalog and/or Course Catalog and online course search and registration function.

6. Colleges or universities that Defendant considers to be comparator schools to NYU.

7. Documents that make up Defendant's contracts with students, and how such documents are presented to students.

8. Defendant's offering of student services and activities, and the differences in such prior to March 2020 and after March 2020.

9. Defendant's process for transitioning students from on-campus classes to online classes for the Spring 2020 semester.

10. Defendant's offerings of online courses, services, and activities prior to March 2020.

11. Defendant's offerings of in-person courses, services, and activities prior to March 2020.

12. Defendant's offerings of online courses, services, and activities from March 2020 to present.

13. Defendant's offerings of in-person courses, services, and activities from March 2020 to present.

14. Defendant's decision, and information relied upon in making its decision, to close certain buildings and facilities on campus in response to COVID-19.

15. Defendant's cancelation, limitation, or modification of educational services due to COVID-19, as well as the alternatives offered to students.

16. Defendant's policies and practices, from 2019 to present, related to changing or modifying students' (i) mode of education; (ii) access to campus; and (iii) services provided.

17. Complaints received by Defendant from students, families of students, professors, or staff regarding Defendant's response to COVID-19.

18. All federal money received by Defendant in connection with COVID-19, and how such monies were allocated.

19. Defendant's financial condition and any changes thereto from 2019 through the present.

20. Defendant's decision not to issue and/or not to issue refunds with respect to tuition and fees.

21. Defendant's basis for its contention, if applicable, that Plaintiff did not bargain for in-person education and facility access.

22. Defendant's complete description of what students pay for when they make tuition and fee payments.

23. The basis and method Defendant used to calculate or determine fees charged to students for each academic program offered, both online and on-campus, during the Spring 2020 term.

24. Defendant's history of offering in-person classes.

25. Defendant's return to in-person classes after Spring 2020.

26. The authenticity of Defendant's website.

27. The tuition and fees specific to each of Defendant's schools.

28. Training provided to, attended by, or offered to NYU professors and instructors prior to the start of online-only learning in March 2020.

29. Documents that make up Defendant's contracts with students in the Tisch School of the Arts, and how such documents are presented to Tisch students.

30. Defendant's communications to students regarding: 1) Defendant's response to COVID-19; and 2) tuition and/or fee refunds.

31. Defendant's internal communications regarding: 1) Defendant's response to COVID-19; and 2) tuition and/or fee refunds.

32. Defendant's closure of buildings and facilities on campus in response to COVID-19.

33. Defendant's handbooks, catalogs, brochures, advertisements, website, social media posts or other promotional materials existing prior to and during the Spring Semester 2020.

34. Defendant's tuition policies and practices both prior to and during the Spring Semester 2020.

35. Tisch School of the Arts marketing materials, course catalogs, and policies and procedures.

36. The cancellation of on-campus events scheduled for the Spring Semester 2020 at New York University.

37. Defendant's allocation of tuition and/or fee monies to on-campus resources.

38. The pricing of credits for in-person courses and online courses.

39. The amount and nature of fees for in-person programs versus NYU Online programs.

40. The offerings in Defendant's Spring Semester 2020 Course Catalog.

41. Changes in Defendant's operating costs from before its closure due to COVID-19 in March 2020 and after its closure in March 2020.

42. Defendant's on-campus resources for students prior to the Spring Semester 2020.

43. Defendant's on-campus resources for Tisch School of the Arts students prior to the Spring Semester 2020, and any changes or modifications to the same during the Spring Semester 2020.

44. NYU's response to any student petition or other request for tuition and/or fee refunds from students, as well as NYU's internal reasoning regarding the same.

45. Defendant's decision to resume in-person classes following its closure in response to COVID-19.

46. Defendant's document retention policy.