# **<u>Exhibit 1</u>**



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T   212.335.4632
F   212.884.8632

January 16, 2024

*Via E-mail*

Joseph I. Marchese
Andrew Obergfell
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
jmarchese@bursor.com
aobergfell@bursor.com

Sarah N. Westcot
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, FL 33131
swestcot@bursor.com

**Re:** ***Casey E. Hall-Landers v. New York University* (No. 1:20-cv-3250-GBD)**
**Deficiencies in Plaintiff's Discovery Responses and Production**

Dear Counsel:

We write on behalf of New York University ("NYU") concerning the plaintiff's discovery responses and document production in an effort to meet and confer on deficiencies and proposed corrections without the need for Court intervention. Specifically, NYU has identified inadequacies in the plaintiff's document production ("Production"), Responses and Objections to NYU's First Set of Requests for Production of Documents ("Requests") to Plaintiff Casey Hall-Landers ("Document Responses") and the Responses and Objections to NYU's First Set of Interrogatories ("Interrogatories") to Plaintiff Casey Hall-Landers ("Interrogatory Responses") as detailed below.

**I.     The Plaintiff's Document Production is Woefully Deficient and Not Provided in a Workable Format.**

The plaintiff's document production is woefully deficient and fails to comply with the Court's Opinion and Order dated November 22, 2023 ("Bifurcation Order"). The Bifurcation Order required the plaintiff to produce "[all] documents in their possession, custody, and control concerning their claims." ECF No. 83, at 14. And NYU's Document Requests call for the production of all of the plaintiff's e-mails and other communications relating to a number of topics,



Counsel
January 16, 2024
Page Two

which the plaintiff agreed to produce.  Document Responses, at 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 3, 24, 26, 29, 30, and 31.

Nevertheless, the plaintiff's Production consists of what appears to be only 30 documents, including only a handful of hard copy documents, nine printed out e-mails, two screen shots of a text chain off the plaintiff's iPhone, and pictures of a text chain the origin of which is entirely unclear.

As an initial matter, it is clear that no one has obtained a forensic copy of the plaintiff's computer and phone and run key word searches or otherwise made a systematic effort to identify the responsive documents, e-mail, and texts.  Instead, it is apparent that the plaintiff has self-selected and self-collected a smattering of screenshots of e-mails and texts.  This is inappropriate. "Self-collection … is strongly disfavored."  *Shulinska v. Niyazov Law Group, P.C.*, 2021 WL 5281115, at *3 n.2 (E.D.N.Y. Nov. 12, 2021).  "Attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search."  *Id.*; *see also Alter v. Rocky Point Sch. Dist.*, 2014 WL 4966119, at *2 (E.D.N.Y. Sept. 30, 2014) (Counsel "are responsible for directly overseeing, supervising, and reviewing the discovery efforts taken by clients.").

In *Thomas v. City of New York*, for example, the plaintiff moved to compel production of chats from a defendant.  336 F.R.D. 1, 4 (E.D.N.Y. Sept. 16, 2020).  The defendant objected because it believed nothing relevant was discussed on the chats.  *Id.*  The Court granted the motion to compel because defendant's counsel's reliance "on their clients' statements that these chats do not contain pertinent or relevant information" was insufficient because it was "a form of self-collection which is strongly disfavored."  *Id.*; *see also Aviles v. S&P Glob., Inc.*, 2022 WL 316868, at *2 (S.D.N.Y. Feb. 2, 2022) (noting that where "Plaintiffs did not initially closely supervise the collection of documents, allowing their clients to self-collect, the Court later ordered them to go back and more closely supervise the searches.").

Please perform a forensic and diligent search of the plaintiff's computer and phones and produce all e-mails, texts, and other information that the Bifurcation Order requires or that is responsive to NYU's Document Requests.  It is our understanding that the plaintiff has access to their NYU e-mail account, so they should provide that information to counsel for review and production of all responsive, non-privileged information.  When a new production occurs, it should be provided as the documents are usually kept with metadata as the Document Requests require. Given the deadlines in this case, please make a complete production as soon as possible.

## II.     The Plaintiff has Failed to Provide a Privilege Log.

The plaintiff's Document Responses include numerous assertions of the attorney-client privilege, the work product doctrine, or other protections.  *See*, *e.g.*, Nos. 1-46, and 49. Pursuant to Federal Rule 26(b)(5), a party withholding information otherwise discoverable must "describe the nature of the documents, communications, or tangible things not produced or disclosed."  *SEC v. Yorkville Advisors,* LLC, 300 F.R.D. 152, 167 (S.D.N.Y. 2014) (party's failure to produce an



adequate privilege log with sufficient descriptions resulted in the waiver of privilege).  This includes any reference to communications between the plaintiff and their counsel that would be responsive to NYU's Requests prior to the filing of this lawsuit.

Despite the fact that almost every single Document Response contains an objection as to privilege, the plaintiff has not provided a privilege log or any indication of when they will produce one.  Please provide a privilege log as soon as possible. *See*, *e.g.*, *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *11 (S.D.N.Y. May 24, 2017) ("It is well established that failure to provide a privilege log in a timely manner may result in waiver of objections on the basis of privilege.").  If you are not withholding anything on the grounds of privilege, please so state.

### III.    The Plaintiff Improperly Refused to Produce Documents in Response to Certain Document Requests.

A.      *Request No. 1 – Documents Relied Upon in Preparing Complaint*

Request 1 seeks documents and communications that the plaintiff and their counsel relied upon in preparing their putative class action complaint.  The plaintiff objected to this Request asserting that it seeks information protected by the attorney-client privilege and the work product doctrine and is otherwise irrelevant to the litigation. *See* Response No. 1.  These objections are not proper.

If there is a document on which the plaintiff predicates their claim it is clearly relevant and they must produce that document. *See*, *e.g.*, *Galloway v. Walton*, 2021 WL 4595153, at *3 (W.D. Pa. Oct. 6, 2021) (overruling objections and ordering plaintiff to produce documents in response to request seeking "documents relied upon in preparing the complaint"); *Brotz v. Simm Assocs., Inc.*, 2018 WL 7269700, at *8 (M.D. Fla. May 8, 2018) (holding that a party "must disclose documents used to support its defenses").  Giving the document to counsel does not make it privileged.  *Upjohn v. United States*, 449 U.S. 383, 396, 101 S.Ct. 677, 686, 66 L.Ed.2d 584 (1981) ("A party cannot conceal a fact merely by revealing it to his lawyer."); *see also SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties LLC*, 2003 WL 193071, at *3 (S.D.N.Y. Jan. 29, 2003) (noting only "thought processes of the attorney" are entitled to protection, but "underlying facts are always discoverable").

In *Askew v. Bon Secours Health Sys., Inc.*, the defendant moved to compel "documents [plaintiff] relied upon in preparing the complaint."  2006 WL 8456740, at *3 (D. Md. Nov. 29, 2006).  The plaintiff objected and asserted attorney work product.  *Id.*  The Court overruled the objection and explained that the request as drafted sought "documents relied upon by [plaintiff] in her preparation for trial, not those prepared by [plaintiff] or her attorney."  *Id.*  The Court held that "[r]esponsive documents which were not created in preparation for trial are not immune from discovery under Rule 26 and [plaintiff] will be compelled to produce them."  *Id.*

To the extent that there are privileged documents or communications on which the plaintiff relied, they should be put on a privilege log.  *Id.*  (instructing plaintiff to put documents on a



privilege log if she believed any constituted work product). "The party asserting the privilege bears the burden of proof." *Dorce v. City of New York*, 2023 WL 7545345, at *3 (S.D.N.Y. Nov. 14, 2023) (Cave, M.J.). A "number of courts have held that an objection that does not appropriately explain its grounds is forfeited." *Michael Kors*, *LLC v. Su Yan Ye and Does 1-10*, 2019 WL 1517552, at *7 (S.D.N.Y. Apr. 8, 2019).

      B.    *Request 21 – Notes, Calendars, Etc.*

Request 18 seeks relevant notes or calendar entries, among other things, from August 1, 2019 through May 31, 2020 concerning the facts alleged or the plaintiff's claims. These items are indisputably discoverable, as evidenced by fact that plaintiff has agreed to produce them. Despite agreeing to produce such documents, the plaintiff has not produced any notes or calendars. Please produce them immediately or confirm that none exist.

      C.    *Request Nos. 20 - Engagement Letter and Solicitations*

Request 20 seeks documents and communications regarding the prosecution of the lawsuit, including any solicitation of the named plaintiff and the engagement letter with your firm. The plaintiff improperly refused to produce these documents and asserted that they are subject to the attorney-client privilege. They are not. Rather, "the fact of representation and nature of a fee arrangement between an attorney and his client are not privileged [and] need to be transparent so that absent class members can understand the arrangements that are pertinent to the representation of their interests as absent parties, and so that class actions are not lawyer-driven." *In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *11 (S.D.N.Y. Sept. 29, 2020); *see also García De León v. New York University*, 2022 WL 2237452, at *12 (S.D.N.Y. Jun. 22, 2022) (reviewing plaintiff's engagement letter to assess whether a class could be certified); *Porter v. Nationscredit Consumer Disc. Co.*, 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004), *aff'd*, 285 F. App'x 871 (3d Cir. 2008) (granting motion to compel production of documents related to fee arrangements; holding that fee arrangements are not covered by the attorney-client privilege or the work product doctrine).

"By definition, solicitation letters are one-way communications and do not involve affirmative requests for legal advice by potential clients. Accordingly, they are not protected from discovery by the attorney-client privilege." *Equal Emp. Opportunity Comm'n v. Bloomberg L.P.*, 2009 WL 10696734, at *1 (S.D.N.Y. 2009) (granting motion to compel); *see also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *11 (S.D.N.Y. May 24, 2017) (communications with potential class members were not privileged).

      D.    *Request No. 27, 30-34 – Class Certification Documents*

Request 27 seeks all documents the plaintiff plans to introduce as evidence during the class certification stage of these proceedings. Requests 30-34 seek documents supporting the plaintiff's allegations in support of class treatment. In response, they object as privileged, burdensome, vague, premature, and "because this request seeks premature disclosure of experts and expert testimony." None of those objections have merit.



First, the evidence that the plaintiff will rely upon is not privileged and will need to be produced in support of their class certification request.  Second, this request is not burdensome or vague:  if the plaintiff intends to rely upon a fact in support of class certification, that fact should be produced. Third, it is not premature. As you know, the Court ordered that class certification discovery should be completed by February 20, 2024 and the plaintiffs must move for class certification by March 21.  As such, the plaintiff must produce any documents now, during the discovery period.

E.   *Request No. 28 - Communications Regarding Decision to Sue*

Request 28 seeks all documents and communications relating to the plaintiff's decision to sue NYU and to serve as a named plaintiff in this action. Any documents or communications relating to the plaintiff's hiring of counsel, their decision to sue NYU, and/or communications regarding the Complaint in this action are responsive to this request. The plaintiff objects on the grounds of privilege, but they are required to produce any non-privileged communications that exist and to log any documents over which the plaintiff asserts a privilege. *See*, *e.g., Equal Emp. Opportunity Comm'n*, 2009 WL 10696734, at *1 (S.D.N.Y. Apr. 29, 2009) (compelling production of documents because the plaintiff's "reasons for joining th[e] lawsuit, [was] discoverable pursuant to Fed. R. Civ. P. 26(b)(1)" and could bear on credibility).

F.   *Request No. 42 – Perception of NYU Education*

Request 42 seeks documents related to the plaintiff's allegations regarding their perception of their educational experience at NYU.  In response, the plaintiff objects as privileged, overly broad and unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. None of these objections has merit.

First, the plaintiff should produce any non-privileged documents that discuss or evidence their perception of the NYU education they received.  Second, NYU finds it hard to believe that complying with the request will be unduly burdensome, but if the plaintiff truly thinks that is so, please articulate facts in support of the burdensome objection.  *See*, *e.g.*, *Finkelstein v. Bical*, 2023 WL 9119575, at *1 (E.D.N.Y. Dec. 14, 2023) ("[B]oilerplate objections that a request for discovery is overboard and unduly burdensome ... persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts.").

Third, the Request is not vague and is most certainly relevant.  The Second Amended Complaint explicitly puts at issue the plaintiff's perception of the value of their education.  For example, they allege that they "did not receive the full value of the access, programs, and services for which they paid, including the benefits of in-person instruction and the on-campus experience." Second Amended Complaint, ¶ 15; *see also* ¶ 126 ("Plaintiff and members of the Classes and Subclasses have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.").  In addition, the plaintiff fails specifically to identify what portion of the Request is supposedly vague. *Fischer v. Forrest*, 2017 WL 773694, at



Counsel
January 16, 2024
Page Six

*3 (S.D.N.Y. Feb. 28, 2017) (objection that request is "vague, ambiguous and overbroad" without factual support "is vacuous boilerplate"); *see also Wang v. Shanghai You Garden, Inc*., 2023 WL 5670772, at *4 (E.D.N.Y. Mar. 31, 2023) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.").

G.  *Request No 43 – Plaintiff's Browsing History*

This Request seeks the plaintiff's internet browsing history, limited expressly to NYU websites they visited from August 1, 2018 through August 31, 2019 and from January 1, 2020 through the present. In response, the plaintiff objected and asserted that this information was irrelevant, not proportional to the needs of the case and unduly burdensome. None of these objections are appropriate.

The plaintiff's internet browsing history of NYU sites is directly relevant to this case because the contract alleged between NYU and the plaintiff is based on statements the plaintiff reviewed in NYU's brochures and publications, including its website.  The purpose of this Request is to ascertain what statements the plaintiff saw on NYU websites before and during the time they were enrolled, but the plaintiff has not produced any website pages in their Production.  While their Interrogatory Responses list some websites, the plaintiff states that those "are just some of the specific materials Plaintiff can recall at this time." Response to Interrogatory No. 3.  The Request is narrowly tailored to only browsing history related to NYU during the time periods when the plaintiff would have been looking at schools, during the Spring 2020 semester, and in connection with their prosecution of this lawsuit.

The plaintiff's internet browsing history of NYU websites is relevant to the issue of class certification and must be produced. Indeed, this precise issue was litigated in *García De León v. New York University*. In that case, like here, the plaintiff refused to produce her internet browsing history; the Magistrate Judge ordered its production. *See Garcia De León v. New York Univ.,* No. 21 CIV 05005 (CM), Order compelling production (ECF No. 45) (ordering search and production of "internet browsing history [] for any NYU-related web pages she visited"); *see also* 2022 WL 2237452, at *7 (S.D.N.Y. June 22, 2022) ("Plaintiff failed to produce numerous responsive categories of information, such as the recruitment emails she reviewed and purportedly relied on, her internet browsing history, and emails from NYU she received regarding the continuing services available to students during the spring 2020 semester.").

To the extent that the plaintiff claims the Request is overbroad and unduly burdensome, they have not provided any factual basis for that assertion.  *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. March 26, 2014) (where a party objects to a discovery request, the "objecting party bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (internal citations omitted).



H.  *Request No. 47 – The Plaintiff's Resume*

This Request seeks the plaintiff's resume or similar document detailing their education and employment history. In response, the plaintiff objects and asserts that this Request is irrelevant, overbroad, and unduly burdensome. These objections are without merit.  These documents fall plainly within the Court's Bifurcation Order, as they are relevant to the plaintiff's claims and are related to plaintiff's deposition. ECF No. 83, at 14; *see also Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 399 (W.D. Tenn. 2012) (finding resumes discoverable).

For example, the plaintiff claims that the education that they received was not what they bargained for.  Second Amended Complaint, at ¶¶ 121-123.  The employment that the plaintiff secured after graduating from NYU may refute any notion that they did not get an education commensurate with what was paid on their behalf. Moreover, a resume is basic background information that could make plaintiff's deposition more efficient for all parties.

I.  *Request No. 48 – Social Media Posts*

This Request seeks the plaintiff's social media posts, limited to those relating to NYU. The plaintiff objects that this information is irrelevant, overbroad, and unduly burdensome.  These objections are unfounded.

First, it is unclear how one could reasonably contend that posts regarding the plaintiff's statements about and personal opinions regarding NYU – the basis of this lawsuit – and their experience there are not relevant. "There is no dispute that social media information may be a source of relevant information that is discoverable." *Reid v. Ingerman Smith LLP*, 2012 WL 6720752, at *1 (E.D.N.Y. Dec. 27, 2012) (ordering production of social media posts relevant to the plaintiff's claims).  Second, this Request is limited to posts about NYU, such that plaintiff's overbroad objection is unsubstantiated. *See id.* (compelling production of plaintiff's public and private postings as they "provide probative evidence of her mental and emotional state, as well as reveal the extent of activities in which she engages").

Third, it is unclear how the plaintiff contends this Request is unduly burdensome given its narrowly tailored scope. A diligent search can provide efficient access to any posts which reference NYU. *Barella v. Village of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) (explaining that "[t]he party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production"). How many social media posts did they make regarding NYU?  If there is a factual basis for the burden objection, please provide it.

**IV.  The Plaintiff Must Disclose Putative Class Members to Whom They Have Spoken About this Case.**

Interrogatory 15 asks the plaintiff to identify all Putative Class Members with whom they communicated concerning this litigation. In response, the plaintiff claims that this information is "irrelevant." It is hard to understand how that information is irrelevant. *See*, *e.g.*, *In re Vesta Ins.*



Counsel
January 16, 2024
Page Eight

*Group Inc. Secs. Litig.*, 1999 WL 34831474, at *1 (N.D. Ala.) (rejecting relevance objection and compelling production of "communications" "between Lead Plaintiffs and other putative plaintiffs" because "the communications may potentially go to the issue of adequacy of representation"); *Rahman*, 2007 WL 1521117, at *10-11 (compelling plaintiff to answer interrogatory seeking the identity of putative class members to whom he communicated).

If the plaintiff made statements to other putative class members regarding the litigation, that is relevant.  If the plaintiff tried to recruit other putative class members to join their case, that is relevant.  If the plaintiff made statements to other putative class members that contradict what is in their SAC, that is relevant.  NYU is entitled to explore with whom the plaintiff spoke about the litigation.

NYU requests that the plaintiff immediately correct the deficiencies in their Document Responses, Interrogatory Responses, and Production outlined above as soon as possible and, in any event, no later than Monday, January 22, 2024 so that NYU can be in a position to advise the Court of any lingering discovery issues by the letter due on January 26.

We are available to meet and confer regarding these issues at your convenience.

Best Regards,

*/s/ Keara M. Gordon*
Keara M. Gordon