# **Exhibit 2**

**Kessler, Rachael**

| | |
|---|---|
| **From:** | Andrew Obergfell <aobergfell@bursor.com> |
| **Sent:** | Thursday, January 25, 2024 3:48 PM |
| **To:** | Kessler, Rachael |
| **Cc:** | swestcot@bursor.com; jmarchese@bursor.com; Gordon, Keara; Gulliver, Colleen Carey |
| **Subject:** | Re: Hall-Landers v. NYU |

⚠️ EXTERNAL MESSAGE

Counsel:

Please see the below responses:

Production of Plaintiff's ESI: Plaintiff is in the process of exporting her NYU email account and calendar and we will confirm that all responsive documents have been produced and will produce additional responsive documents if needed. We confirmed yesterday that texts and IM chains have been produced and there will be one additional document forthcoming. In terms of the potential need for an ESI Vendor, that may be necessary if the data is not in a readable form. My hope is that it is.

Plaintiff's Deposition: Yes Plaintiff's deposition will be moved from February 1. **However, given that Plaintiff is making a fulsome (class and merits) production we will only permit Plaintiff to be deposed once, regardless of whether the case proceeds to "merits" discovery following class certification.**

The Plaintiff's Notebook: My understanding at present is that Plaintiff had notebooks for taking notes in her classes which we agreed was not relevant and will not be produced. I said I would double check to see if there were any notes related to the issues in this case. Also, it would be helpful if, instead of speaking in vague generalities, you give me some information on the notes you are seeking. NYU is an entity and doesn't have senses, so it didn't "observe" anything. Someone at NYU allegedly observed Plaintiff taking notes in some context that you appear to be referencing. Who observed Plaintiff taking notes and what was the context? This will allow me to ask my client a specific question which will help me deduce the status of what you are looking for, to the extent it exists.

NYU 30(b)(6): Considering that we served out 30(b)(6) notice on Wednesday December 20, 2023, over a month ago, and an amended notice which added one topic but was otherwise the same, and that we just got your objections yesterday, January 24, 2024, hours before the call, we were not prepared to fully discuss this issue. That said, we are available at 11:30 a.m. tomorrow to M&C regarding the same.

On Thu, Jan 25, 2024 at 1:29 PM Kessler, Rachael <rachael.kessler@us.dlapiper.com> wrote:

> Counsel:
>
> Thanks again for your time on the meet and confer.
>
> Production of Plaintiff's ESI: As we discussed, the plaintiff will export their NYU e-mail account and any other relevant e-mail account and send it to you, after which you will review their e-mails and calendar entries to identify any

1

additional responsive documents that need to be produced during the time frame 8/1/19-5/31/20**.**  Please confirm that you will also be doing the same exercise regarding any texts, IMs, or similar.   You also stated that you need to determine whether it will be necessary to hire an ESI vendor to assist with the data and to provide it in a workable format (i.e. as separate documents rather than one large PDF).  Please produce the documents in accordance with how they are usually kept (i.e., as separate documents rather than a combined PDF). You explained that you are not yet able to state when you will be able to produce the resulting data but that you will provide us with an update once you have the data.  Because, obviously, NYU cannot depose the plaintiff without a full production, we agreed that the previously agreed upon date of February 1 for their deposition will need to be moved.

Confirmation of Items Fully Produced or to Be Produced:  You confirmed that:

1. the plaintiff had no pre-suit communications with you that need to be logged onto a privilege log outside of the engagement letter and that you would produce a privilege log in short order;
2. the plaintiff has produced everything relied on in preparing the complaint;
3. there are no solicitation documents that were sent to the plaintiff regarding this litigation;
4. as to the plaintiff's perception of their NYU education, they produced one Instagram chat and you are confirming whether there is anything else;
5. the plaintiff will produce everything they will be relying on for class certification;
6. the plaintiff will produce their resume;
7. the plaintiff's social media accounts include Instagram and Facebook, both of which are public and do not include anything relating to NYU, except for one dance performance, which you will look into whether it occurred in the Spring 2020 semester; and
8. in terms of discussions with other putative class members, the plaintiff has produced one Instagram group chat and will produce another group chat shortly, but that is all the communications that exist.

The Plaintiff's Notebook:  You also agreed to ask the plaintiff about NYU's recollection that they had a notebook they used while at NYU and you stated that you will clarify with the plaintiff whether they took general notes in it (as opposed to notes specific to the curriculum of a particular class).  We now understand that NYU observed that they took notes in every meeting, not just during classes.  As a result, please obtain and produce that notebook.

The Plaintiffs' Browsing History:  You agreed to look into whether the plaintiff's browsing history is available through an internet browser account they may have been signed into while viewing NYU websites.  Additionally, while we understand the plaintiff's laptop from the time is unavailable, were there any phones they used at the time that would reflect the relevant browsing history?

Engagement Letter:  The plaintiff is going to stand on their objection to producing their retention letter on privilege grounds and will produce a privilege log reflecting this entry.  We will likely raise this dispute with the Court.

Finally, you were not in a position to discuss NYU's objections to your revised 30(b)(6) notice, which, despite our request, still does not break the topics up into the three different 30(b)(6) depositions that the Court has ordered.  Can

you please provide times today or tomorrow morning that you are available to meet and confer regarding our objections so that we can attempt to resolve any issues before our joint letter is due to the Court on Friday?

Thanks,

Rachael

**Rachael Kessler**  (she, her, hers)
Associate

T  +1 212 335 4749
F  +1 212 884 8605
M  +1 443 243 5967
rachael.kessler@us.dlapiper.com

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY  10020-1104



dlapiper.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

--
Andrew Obergfell
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY
Tel: 646-837-7150
Fax: 212-989-9163
aobergfell@bursor.com
www.bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.