UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CASEY E. HALL-LANDERS, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

NEW YORK UNIVERSITY

Defendant.

Case No 1:20-cv-03250

Declaration

of

**COLIN B. WEIR**

June 21, 2024

MAY REFERENCE MATERIALS DESIGNATED "CONFIDENTIAL" OR "HIGHLY

CONFIDENTIAL -- ATTORNEYS' EYES ONLY" UNDER PROTECTIVE ORDER

I, Colin B. Weir, declare as follows:

I am President at Economics and Technology, Inc. ("ETI"), 100 Franklin Street, 6th Floor, Boston, Massachusetts 02110.  ETI is a research and consulting firm specializing in economics, statistics, regulation, and public policy.

## I. QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1.    I hold a Masters of Business Administration, with honors, from the High Technology program at Northeastern University, Boston, Massachusetts.  I hold a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio.  I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels.  I have consulted on a variety of consumer and wholesale products cases, including calculating damages relating to university tuition, household appliances, food products, herbal remedies, health/beauty care products, electronics, furniture, and computers.  My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony, is attached hereto as Exhibit 1.  This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.  Prior to joining ETI, I worked at Stop and Shop Supermarkets for a period of seven years, working as a cash department head, grocery/receiving clerk, and price-file maintenance head.

2.    Contained in Exhibit 1 is a list of numerous litigations in which I have participated in the design, execution and/or determination of the economic suitability of conjoint surveys, or have been found by the court to have expertise in conjoint analysis.  These cases include, but are not limited to *Sanchez-Knutson v. Ford Motor Company*; *In re Scotts EZ Seed Litigation*; *Hadley v. Kellogg*; *Fitzhenry-Russell v. Dr. Pepper Snapple*; *Kromenhock v. Post*; *Martinelli v. Johnson*



Declaration of Colin B. Weir
June 21, 2024
Page 2 of 12

*& Johnson*; *Hudock v. LG*; *Banh v. American Honda*; *Kaupelis v. Harbor Freight*; *de Lacour v. Colgate*; *Bailey v. Rite Aid*; and *McMorrow v. Mondelez.*

3.    I received graduate level training in conjoint analysis as part of my MBA.  I take continuing education in advanced conjoint design, execution, and analysis through Sawtooth Software, a leading provider of conjoint analysis software.  In addition, I have more than 16 years of experience using conjoint analysis professionally.

## II.  ENGAGEMENT

4.    I provide this declaration in connection with the cases filed by Casey E. Hall-Landers ("Plaintiff") in the above-captioned action against New York University (the "University" or "Defendant").  I make this declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts and opinions set forth herein.

5.    I have been advised by Counsel for Plaintiff that individuals[1] paid tuition to the University for the spring semester of 2020, but Plaintiff alleges that in response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, the University has not delivered the in-person classes and access to the University campus that Plaintiff and the putative class contracted and paid for.  Plaintiff and members of the Class allege that they have paid tuition for educational experiences and services that they did not receive due to the closure of campus.[2]  I have been further advised that Plaintiff and the putative Class are therefore seeking a refund of tuition[3] due to the switch from in-person classes and access to the University campus to online

---

[1] I have been advised that Counsel for Plaintiff seeks certification of a class of All undergraduate students enrolled in classes at NYU at one of NYU's New York campuses during the Spring 2020 semester who paid tuition (the "Class").

[2] Second Amended Complaint, filed September 19, 2023 (the "Complaint"), at paras, 1, 7-8. 15.

[3] Complaint at para 15.



Declaration of Colin B. Weir
June 21, 2024
Page 3 of 12

classes and not having access to the University campus.  Plaintiff seeks, for themselves and Class

members, disgorgement of the pro-rated portion of applicable tuition, proportionate to the

amount of time that remained in the Spring Semester 2020 when classes moved online, and

campus services ceased being provided.

6.    I have been asked by Counsel for Plaintiff to ascertain whether it would be possible

to determine damages on a class-wide basis using common evidence, and if so, to provide a

framework for the calculation of damages suffered by the proposed class.  As part of my work on

damages, I have been asked to work with Steven Gaskin to help design (from an economic

perspective), and to evaluate the economic suitability of a conjoint survey (to be designed,

implemented, and analyzed by Mr. Gaskin) to measure the overpayment of the University

Tuition resulting from the switch from in-person classes and access to the University campus to

online classes and not having access to the University campus.

7.    ETI is being compensated at the rate of $900 per hour for my work on this case.  The

opinions expressed in this declaration are my own, and my compensation is not dependent upon

the substance of these opinions or the outcome of the litigation.

8.    The documents, data and other materials that I relied upon in forming my opinions

are identified throughout my report and in Exhibit 2, attached hereto.  In addition, I have relied

upon my educational background and more than 20 years of experience.

### III.  FRAMEWORK FOR DAMAGES

9.    As a threshold matter, it is my opinion that it is possible to determine class-wide

damages in this case using Defendant's own available records, third-party records, industry

resources, and the conjoint analysis that is to be conducted, and analyzed by Mr. Gaskin.

10.   Below, I propose the use of conjoint analysis to calculate any Overpayment

Damages (wherein consumers would receive the difference in value of the University in-person

classes and access to the University campus compared to the value of the online classes that the



University provided and not having access to the University campus, for the prorated portion of the semester.)

11.  These methodologies can determine classwide damages across any of the possible liability scenarios that may arise in this litigation.

## IV.  CALCULATION OF THE OVERPAYMENT:
## CONJOINT ANALYSIS

12.  In this litigation, Overpayment Damages for the Class is the difference in value of in-person classes at the University and access to the University campus compared to the value of the online classes that the University provided and not having access to the University campus.

13.  Conjoint analysis is a representative survey technique that permits an economist to analyze the value of various product attributes.[4]  Conjoint analysis can be used to determine market valuation/attribute information for a given product or attribute.  Conjoint analysis is founded on rigorous statistical and economic principles.[5]  Indeed, conjoint analysis has been used in litigation contexts to calculate damages for years.[6]

---

[4] Conjoint analysis as a discipline is quite broad, and can be used to facilitate many other sorts of research beyond the specific application that I discuss here.

[5] *See, e.g.*, Sawtooth Software technical papers, available online at http://www.sawtoothsoftware.com/support/technical-papers.

[6] *Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al.*; *See, e.g.*, *Khoday v. Symantec Corp.*, 2014 WL 1281600, at *10 (D. Minn. March 13, 2014); *Sanchez-Knutson v. Ford Motor Company*, 310 F.R.D. 529, 538-39 (S.D. Fl. 2015); *In re: Lenovo Adware Litigation*, 2016 WL 6277245, at *21 (N.D. Cal. Oct. 27, 2016); *Guido v. L'Oreal, USA, Inc.*, 2014 WL 6603730, at *5, *10-*14 (C.D. Cal. July 24, 2014); *Brown v. Hain Celestial Group, Inc.*, 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014); *Microsoft v. Motorola, Inc.*, 904 F.Supp.2d 1109, 1119-20 (W.D. Wa. 2012); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015); *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017); *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018); *In Re Arris Cable Modem Consumer Litig.*, 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10, 2018); *Hadley v. Kellogg Sales Co.*, 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019); *Krommenhock v. Post Foods, LLC*, 2020 U.S. Dist. LEXIS 40463 (N.D. Cal. Mar. 9, 2020); *Hudock v. LG Elecs. USA, Inc.*, 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020); *Koenig v. Vizio, Inc.*, Los Angeles Superior Court Case No. BC702266 (L.A. Super. Ct. Aug. 24, 2020); *Banh v. American Honda Motor Co.*, Inc., 2020 WL 4390371 (C.D. Cal. July 28, 2020); *Kaupelis v. Harbor Freight Tools, Inc.*, 2020



14.    It is well known that conjoint analysis has a long history of use in education.[7]

15.    In a typical conjoint analysis, survey panelists are confronted with various choices of product attributes, prices, and other alternatives, and asked either to rank their preferences, or to choose the most preferred attribute or combination thereof.

16.    Through conjoint analysis, by systematically varying the attributes of the product and observing how respondents react to the resulting product profiles, one can statistically gather information about a product's various attributes.

17.    Statistical methods (including regression analysis) are then applied to the survey responses to calculate attribute value.[8]

18.    Conjoint analysis has a long history of use in industry and is widely accepted and relied upon by enterprises such as Procter & Gamble, Microsoft, General Motors, Ford, and Google.[9]   Conjoint is also widely respected by academics and is a regular part of the curriculum

---

WL 5901116 (C.D. Cal. Sep. 23, 2020); *McMorrow v. Mondelez*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021); *de Lacour v. Colgate-Palmolive Co*., 2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021); *Bailey v. Rite Aid Corp*., 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021); *Prescod v. Celsius Holdings, Inc.*, Case No. 19STCV09321 (Cal. Super. Ct. Cnty. L.A. Aug. 2, 2021); *Cardenas v. Toyota Motor Corp.*, Case No.: 18-cv-22798, 2021 U.S. Dist. LEXIS 152920, at *21-*23, *52-*65 (S.D. Fla. Aug. 12, 2021); *Bechtel v. Fitness Equipment Svcs., LLC*, No. 1:19-CV-726, 2021 WL 4147766, at *2, *16-*17 (S.D. Ohio Sep. 12, 2021); *Milan v. Clif Bar & Co.*, Case No. 18-cv-02354-JD, 2021 WL 4427427, at *6-*7 (N.D. Cal. Sep. 27, 2021); *Testone v. Barlean's Organic Oils*, Case No. 19-cv-169-JLS (BGS), 2021 WL 4438391, at *5-*6, *15-*17 (S.D. Cal. Sep. 28, 2021) ; *Johnson v. Nissan N. Am., Inc.,* 2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022), *Willis v. Colgate Palmolive Co.*, No. CV 19-8542 JGB (RAOx) (C.D. Cal Jan. 5, 2023), ECF No. 105.;  *Chapman v. General Motors,* Case No. 2:19-CV-12333-TGB-DRG, 2023 WL 2745161 (E.D. Mich. Mar. 31, 2023); *Gunaratna v. Dennis Gross Cosmetology LLC*, Case No. CV 20-2311-MWF (GJSx), 2023 WL 2628620 (C.D. Cal. Mar. 15, 2023); *Banks v. R.C. Bigalow, Inc.*, No. 20-CV-06208 DDP (RAOx) (C.D. Cal. Jul. 31, 2023); *Bush v. Rust-Oleum Corp.*, Case No. 3:20-cv-03268-LB (N.D. Cal. Feb. 5, 2024),  ECF No. 189, Amended Order Granting Motion for Class Certification; *Corbett v. Pharmacare U.S. Inc.*, No. 21-cv-137-JES (AHG) (S.D. Cal.) March 29, 2024 Order; *Vancleave v. Abbott Laboratories*, Case No. 19CV345045 (Cal. Super. Ct., Santa Clara County Apr. 5, 2024); *Sinatro v. Barilla America, Inc.*, No. 22-cv-03460-DMR, Dkt. No. 78 (N.D. Cal. May 28, 2024).

[7] *Getting Started With Conjoint Analysis: Strategies for Product Design and Pricing Research*, Bryan K. Orme, Research Publishers 2020 ("Getting Started with Conjoint"), at 157.

[8] *See, e.g.*, *Getting Started with Conjoint*.

[9] *Id.*



Declaration of Colin B. Weir
June 21, 2024
Page 6 of 12

at universities world-wide, such as Duke, Northeastern, the University of South Australia, NYU, and the University of California.

19.  Conjoint analysis has been used to analyze the value and importance of product attributes.  One recent study used conjoint analysis to determine "whether health claims (claims of health-promoting effects) of food products positively influence product price and consumer choices."[10]  Prior to conducting the conjoint survey, the study finds that "[i]n general, consumers consider health and wholesomeness as important aspects of food quality."  The study then uses choice-based conjoint analysis to measure the effects of various product attributes on the price of a single product, green tea.  The study examines only four product attributes: health claim, country of origin, the size of the product, and price.  The study finds that the health claim on green tea is a positive, statistically significant purchase driver, and results in a price premium of approximately 20%.

20.  In light of proposed FDA standardized front-of-pack nutrition labeling standards, another study sought "to estimate the relative contribution of declared amounts of different nutrients to the perception of the overall 'healthfulness' of foods by the consumer."[11]  The study determined that claims such as "this product has no saturated fat," "this product is fat free," and "this product is low in total fat" were among the 22 most important nutrient content claims.  The study concludes that "Conjoint analysis can lead to a better understanding of how consumers process information about the full nutrition profile of a product, and is a powerful tool for the testing of nutrient content claims."

---

[10] *Estimating Consumers' Willingness to Pay for Health Food Claims: A Conjoint Analysis*, Mitsunori Hirogaki, International Journal of Innovation, Management and Technology, Vol. 4, No. 6, December 2013.

[11] *Testing Consumer Perception of Nutrient Content Claims Using Conjoint Analysis*, Drewnowski, Adam *et al.*, Public Health Nutrition: 13(5), 688–694.



21.   An application of conjoint analysis to orange juice was used to evaluate which attributes of orange juice consumers value most.  Results of the study showed that vitamin C content was the most important purchase driver besides price.[12]

22.   The use of conjoint analysis in similar applications is too extensive to document exhaustively here.

23.   Conjoint analysis, as a survey tool, does not rely on an existing data set for its analysis because it relies on data generated through the survey process.  Common conjoint analysis software would permit the administration of a representative sample survey, and the analysis of the results therefrom.

24.   No individualized analyses, or Class-Member-specific inquiry will be required.  All relevant data needed to complete the conjoint analysis will be Class-wide, common evidence.

**Overpayment: The Gaskin Conjoint Survey**

25.   I have been provided with, and have reviewed, a copy of the Declaration of Steven Gaskin dated June 20, 2024 ("Gaskin Declaration").  Mr. Gaskin has worked in the field of market research and marketing science models since 1982.  Mr. Gaskin is an award-winning, published practitioner of conjoint analysis.  I understand that Mr. Gaskin was asked whether it was possible to use conjoint analysis to assess whether Plaintiff and the Class did not receive the economic value of the University in-person classes and access to the University campus compared to the online classes that the University provided and not having access to the University campus.[13]

26.   The Gaskin Declaration describes how conjoint analysis can be used to determine any such overpayment for the University in-person classes and access to the University campus

---

[12] *Evaluation of Packing Attributes of Orange Juice on Consumers' Intention to Purchase by Conjoint Analysis and Consumer Attitudes Expectation*, Gadioli, I. L. et al., Journal of Sensory Studies 28 (2013):57-65.

[13] Gaskin Declaration, at paras 8-10.



Declaration of Colin B. Weir
June 21, 2024
Page 8 of 12

compared to the online classes that the University provided and not having access to the
University campus.

27.  I worked with Mr. Gaskin to develop parts of the survey.

28.  Mr. Gaskin proposes to measure the overpayment (measured in percentage terms)
caused by the elimination of on-campus education through the use of a Class and Campus
Format attribute[14] and price/tuition[15] along with several distractor attributes.  The Gaskin survey
will include market-based price points for tuition derived, at least in part, from the University
website, the admissions websites and third-party websites of New York  University's
competitors, and various college decision websites, which I have also reviewed.[16]  Mr. Gaskin
also considered information about colleges and universities when selecting the other attributes
and levels for inclusion in the conjoint.[17] Mr. Gaskin has also taken into account the fact that the
number of students enrolled is a known fact, and is fixed as a matter of history.[18]

29.  After reviewing the Gaskin Declaration, the methodology underlying Mr. Gaskin's
conjoint survey, and the documentary evidence relied upon by Mr. Gaskin and incorporated into
the survey design, it is my opinion that Mr. Gaskin's conjoint survey is properly designed to
measure the overpayment for the University in-person classes and access to the University
campus compared to the online classes that the University provided and not having access to the
University campus.  The survey is especially economically suitable given Mr. Gaskin's use of
market based pricing for tuition, and considerations given as to the fixed enrollment of students
are part of the Class definition.

---

[14] *Id.*, at paras 25, 27, 29, and 46.

[15] *Id.*, at paras 25-30, and 46.

[16] *Id.*, at para 30, Ex. B.

[17] *Id.*, at para 29 *et seq.*

[18] *Id.*, at para 26.



Declaration of Colin B. Weir
June 21, 2024
Page 9 of 12

30.  I have relied on conjoint surveys, and the work of Mr. Gaskin, to determine damages in other litigations.[19]

**Supply-Side Considerations**

31.  I understand that Mr. Gaskin considered and accounted for supply-side factors in the determination of his overpayment calculation.[20]

32.  I have also considered supply-side factors in my determination of the framework damages.  First, unlike in a Lanham Act or intellectual property litigation where a but-for quantity of sales may need to be determined, in this litigation, the historic number of students enrolled is a fact and, in this litigation, it would be antithetical to the concept of class definition to suggest that the quantity supplied be anything other than the actual number of students enrolled by Defendant.

33.  Furthermore, if one were to assume, *arguendo*, that Defendant would not have lowered their tuition in concert with demand (indicating that Defendant priced above the market clearing price), then the economic outcome would be that many or all of the students would not have enrolled at all.  As such, the overpayment value to be determined by Mr. Gaskin will be an inherently conservative measure.

34.  It is also an economic perversion for a defendant engaged in a litigation (with an obvious conflict of interest) to simply state that it would never have adjusted its prices or would not have adjusted them enough so as to meet demand, and therefore damages should be set at

---

[19] *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018); *Hudock v. LG Elecs. USA, Inc.*, 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020); *Koenig v. Vizio, Inc.*, Los Angeles Superior Court Case No. BC702266 (L.A. Super. Ct. Aug. 24, 2020); *Banh v. American Honda Motor Co.*, Inc., 2020 WL 4390371 (C.D. Cal. July 28, 2020); *Kaupelis v. Harbor Freight Tools, Inc.*, 2020 WL 5901116 (C.D. Cal. Sep. 23, 2020); *Bailey v. Rite Aid Corp.*, 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021) *Weiman v. Miami University*; Case No. 2020-00614JD (Oh. Ct. Claims); *Smith v. The Ohio State University*, Case No. 2020-00321JD (Oh. Ct. Claims); *Ninivaggi, et al., v. University of Delaware*, Civil Action No. 20-cv-1478-SB (D. Del.).

[20] Gaskin Declaration, at paras 16, 21, 25-30, 46, and 50.



Declaration of Colin B. Weir
June 21, 2024
Page 10 of 12

zero or something less than actual economic damages. If that were permitted, any defendant could simply postulate its way out of economic damages.

35.  I worked closely with Mr. Gaskin to ensure that his survey was appropriately designed to measure the true overpayment attributable to the elimination of on-campus education.

36.  Mr. Gaskin and I had several discussions concerning the design of his survey where I provided input based upon economic concepts, and real-world pricing and market data. We also had several discussions concerning how the results of his survey would be interpreted and applied.

37.  One of the most important and most frequent topics of discussion between Mr. Gaskin and myself was the data on actual tuition set in the real-world marketplace. These real-world transactions occurred at prices that *already* reflect the supply-side factors then extant in the marketplace. I understand that Mr. Gaskin relied upon these historical data in setting the tuition prices used in his conjoint survey.

38.  Another important supply-side factor that Mr. Gaskin and I discussed was the fact that the quantity of the students enrolled is a known quantity, and fixed as a matter of history.

39.  In addition to these factors that influenced Mr. Gaskin's survey design, after the completion of the survey, the results will be calculated using Hierarchical Bayes regression.[21] The use of Hierarchical Bayes regression provides for, amongst other factors, the ability to estimate better market-level results from a conjoint survey.

40.  The proper use of supply-side factors, individually or in combination, as I have discussed above, permits the Gaskin Survey to estimate a marketplace outcome -- the overpayment due solely to the switch from the University in-person classes and access to the

---

[21] Gaskin Declaration, at 17, 20-21, and 50.

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
June 21, 2024
Page 11 of 12

University campus compared to the online classes that the University provided and not having access to the University campus.

**The Conjoint Overpayment Percentage**

41.  The Gaskin Declaration describes the method by which an overpayment percentage will be calculated.  This calculation will measure the overpayment due solely to the switch from the University in-person classes and access to the University campus compared to the online classes that the University provided and not having access to the University campus.  Mr. Gaskin notes that "this percentage will apply equally to all Class members."[22]

## V.  CALCULATION OF DAMAGES

42.  This litigation calls for the following damages calculations:

• Overpayment Damages -- wherein students would receive the difference between the market value of the University in-person classes and access to the University campus compared to the online classes that the University provided and not having access to the University campus.

**Overpayment Damages**

43.  After completing all of the work as discussed above, the final calculation of total overpayment value damages in this litigation will be as follows.

44.  With the price difference due to the elimination of on-campus education on a percentage basis, the calculation of class-wide damages will be:

$$\%Overpayment\ Factor \times \$Tuition \times \%Prorate = Damages$$

---

[22] Gaskin Declaration, at para 55.

 ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
June 21, 2024
Page 12 of 12

45. In this equation, the %Overpayment Factor will be the output of the Gaskin conjoint analysis and market simulation showing the change in value due solely to the switch from the University in-person classes and access to the University campus compared to the online classes that the University provided and not having access to the University campus; $Tuition would be the amount the class paid in instructional fees; and %Prorate would be the fraction of the days that students were taking online classes and not having access to the University campus divided by the total days that students would have otherwise had in-person classes and access to the University campus.

## VI. RESERVATION OF RIGHTS

46. My testimony is based upon the information and data presently available to me. Additional, different and/or updated data including market research data may be obtained in advance of trial. I therefore reserve the right to amend or modify my testimony.

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Boston, Massachusetts, this 21st day of June, 2024.

Colin B. Weir

ECONOMICS AND
TECHNOLOGY, INC.

**Exhibit 1**

**Statement of Qualifications
of**

**COLIN B. WEIR**



**Statement of Qualifications**

**COLIN B. WEIR**


Colin B. Weir is President at Economics and Technology, Inc.  Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple regression, surveys, statistical sampling, micro- and macroeconomic modeling, accounting and other economic analysis.  Such analysis often involves analysis of databases, call detail records, and other voluminous business records.  Mr. Weir is familiar with common statistical and econometric software packages such as STATA and Sawtooth Software.  Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations.  Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels.  Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation; liquidated damages provisions; lost profits; false claims; diminution in value; merger/antitrust analysis; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue,  Thomas v. Global Vision, (class action litigation, Superior Court, County of Alameda), Ayyad v. Sprint (class action litigation,  Superior Court, County of Alameda), Forcellati v. Hylands (class action, U.S. District Court, Central District of California), and Ebin v. Kangadis Foods (class action, U.S. District Court, Southern District of New York).

Mr. Weir holds an MBA with honors from Northeastern University.  He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, and a business member of the Boston Bar Association.  Mr. Weir has served on the Board of Trustees of the Waring School, and served as the comptroller for the Sybaris Investment Partnership.

ECONOMICS AND TECHNOLOGY, INC.

**Publications and Testimony of Colin B. Weir**

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.



*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York* (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.

Mr. Weir has submitted the following testimony during the last four years:

**United States District Court for the Southern District of California,** *Linda Sunderland and Benjamin Binder, individually and on behalf of all others similarly situated, v. Pharmacare U.S., Inc., a Delaware Corporation*, Case No.: 3:23-cv-01318-JES-BGS, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on June 3, 2024.

**United States District Court for the Northern District Of California,** *Martha Valentine, Ruby Cornejo, and Tiffany Avino, each an individual, on behalf of themselves, the general public, and those similarly situated, v. Crocs, Inc.*, Case No. 3:22-cv-07463-TLT, on behalf of Gutride Safier, LLP, Declaration submitted on May 31, 2024.

**In the United States District Court for the Northern District of California,** *David Wallenstein, Montgomery Summa, individually and on behalf of all others similarly situated, v. Mondelez International, Inc., a Virginia corporation, Mondelez Global, LLC, a Delaware limited liability company, and Nabisco, Inc., a New Jersey corporation*, Case No. 3:22-cv-6033, on behalf of Fox Law APC, Declaration submitted on May 24, 2024.

**United States District Court, Western District of Wisconsin,** *John Bankhurst, Pamela Anderson, Jonathan Zang, and Jesse Karp, individually and on behalf of all others similarly situated, v. Sub-Zero Group, Inc. and Wolf Appliance, Inc.*, Case No. 3:23-cv-253, on behalf of Dovel & Luner, LLP, Declaration submitted on May 17, 2024; Deposition on June 18, 2024.

**United States District Court, Eastern District of New York,** *Claudia Newton and Brandy Leandro, on behalf of themselves and all others similarly situated, v. R.C. Bigelow, Inc., and Does 1 through 10*, Case No.: 2:22-cv-05660-LDH-SIL, on behalf of The Wand Law Firm, Declaration submitted May 16, 2024.

**United States District Court, Northern District of Illinois, Eastern Division,** *Charlotte Willoughby, Lakendrea Camille Mcnealy, Shaylynn Doxie, Brittney Gray, Kataleena Helmick, Lani Johnston, Ashley Popa And Deniege Revord, individually and on behalf of a class of similarly situated individuals, v. Abbott Laboratories*, Case No. 1:22-cv-01322, on behalf of Lockridge Grindal Nauen P.L.L.P., Declaration submitted on April 12, 2024; Deposition on May 15, 2024.

**In the United States District Court, Northern District of California**, *Aaron Brand, John Flodin, individually and on behalf of all others similarly situated, v. Central Garden & Pet Company, a Delaware corporation, Breeder's Choice Pet Foods, Inc., and Does 1-50, inclusive*, Case No.: 4:21-cv-01631-JST, on behalf of Fox Law APC, Declaration submitted on March 15, 2024; Deposition on June 11, 2024.

3



**United States District Court, Central District of California**, *Tristan Hurd and Ken Dimicco, individually and on behalf of all others similarly situated, v. G.Skill International Enterprise Co., LTD., G.Skill USA, Inc., Racerspeed, Inc., and Neuteck, Inc.*, Case No. 2:22-cv-00685-SSS-MAR, on behalf of Dovel & Luner, LLP, Declaration submitted on March 15, 2024.

**In the United States District Court for the Western District of Virginia**, *Wendy Prince, individually and on behalf of all others similarly situated, v. Johnson Health Tech Trading, Johnson Health Tech Retail, Inc., and Johnson Health Tech, Inc*., Civil Action No. 5:22-cv-00035, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on February 29, 2024; Deposition on June 7, 2024.

**In the United States District Court, for the Southern District of Ohio, Eastern Division,** *Judy Kirkbride and Beeta Lewis, individually and on behalf of all others similarly situated, v. The Kroger Co*., Case No. 2:21-cv-00022-ALM-EPD, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 23, 2024; Deposition on May 2, 2024.

**United States District Court, for the Southern District of New York,** *Joseph Wolf, Carmen Wolf, on behalf of themselves and those similarly situated, v. Dolgen New York LLC*, Case No.: 7:23-cv-00558-PMH, Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on February 9, 2024; Supplemental Declaration filed March 20, 2024; Deposition on March 25, 2024.

**United States District Court, Southern District of California,** *Heather Turrey, Oliver Fiaty, Jordan Hernandez, and Jeffrey Sazon, individually, and on behalf of all others similarly situated, v. Vervent, Inc. fka First Associates Loan Servicing, LLC; Activate Financial, LLC; David Johnson; and Laurence Chiavaro*, Case No. 3:20-cv-00697-DMS-AHG, on behalf of Blood, Hurst, & O'Reardon, LLP, Declaration submitted on February 2, 2024.

**United States District Court, Southern District of California,** *William Lessin and Carol Smalley et al, on behalf of themselves and all others similarly situated, v. Ford Motor Company*, Case No. 19-cv-1082-AJB-WVG , on behalf of McCune Law Group, Declaration submitted on December 1, 2023; Deposition on January 19, 2024; Reply Declaration submitted on April 12, 2024.

**United States District Court, Northern District of California,** *Thomas Iglesias, David Salazar, Olivia Thurman, and Bethany Torbert, individually and on behalf of all others similarly situated, v. For Life Products, LLC*, Case No. 3:21-cv-01147-TSH, on behalf of Clarkson Law Firm, Declaration submitted on November 29, 2023; Deposition on January 4, 2024.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of California,** *Matthew Sinatro and Shane Winkelbauer, individually and on behalf of all others similarly situated, v. Welch Foods Inc., A Cooperative and Promotion in Motion, Inc.*, Case No. 22-cv-07028-JD, on behalf of Clarkson Law Firm, Declaration submitted on November 20, 2023; Reply Declaration submitted on December 14, 2023; Deposition on December 20, 2023; Supplemental Declaration filed March 5, 2024.

**United States District Court, Northern District of California,** *David Swartz, as an individual, on behalf of himself, the general public and those similarly situated, v. Dave's Killer Bread, Inc., and Flowers Foods, Inc.*, Case No.: 4:21-cv-10053-YGR, on behalf of Gutride Safier, LLP, Declaration submitted on November 17, 2023; Deposition on January 23, 2024; Reply Declaration submitted on March 22, 2024.

**United States District Court, District of New Jersey,** *Thomas Niemczyk, individually, and on behalf of a class of similarly situated individuals, Pro Custom Solar LLC, D/B/A Momentum Solar*, Case No. 2:19-cv-07846-ES-MAH; *Herbert Walters, Rick Hill, and Barry Wolford, individually, and on behalf of a class of similarly situated individuals, v. Pro Custom Solar LLC, D/B/A Momentum Solar*, Case No. 2:22-cv-00247-ES-MAH, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 16, 2023.

**United States District Court, Northern District of California,** *Steven C. Johnson, an individual, on behalf of himself and all others similarly situated, v. GLOCK, INC., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity; John and Jane Does I through V; ABC Corporations I-X, XYZ Partnerships, Sole Proprietorships and/or Joint Ventures I-X, Gun Component Manufacturers I-V*, CASE NO.: 3:20-cv-08807-WHO, on behalf of Lewis and Lewis Trial Lawyers, PLC, Declaration submitted October 12, 2023; Reply Declaration submitted on April 11, 2024.

**United States District Court, Northern District of California,** *Kenneth Glassman, individually and on behalf of all others similarly situated, v. Edgewell Personal Care, LLC*, Case No. 3:21-cv-07669-RS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 14, 2023; Deposition on November 8, 2023; Reply Declaration submitted on February 12, 2024.

**United States District Court, for the Northern District of California, San Francisco,** *Tracy Howard, Adina Ringler, and Trecee Artis on behalf of themselves and those similarly situated, v. Hain Celestial Group, Inc., d/b/a Earth's Best*, Case No. 3:22-cv-00527-VC, on behalf of Gutride Safier LLP, Declaration submitted on September 5, 2023; Deposition on October 12, 2023; Reply Declaration submitted on December 13, 2023.

**Superior Court of the State of California, for the County of Alameda, Northern Division,** *Patricia Bland and Edward White, individually and on behalf of all others similarly situated, v. Premier Nutrition Corporation; and DOES 1-25, inclusive*, Case No. RG19002714, on behalf of Blood, Hurst, & O'Reardon, LLP, Deposition on September 1, 2023.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of California,** *Antonio Mckinney, Clint Sundeen, and Joseph Alcantara, each individually and on behalf of all others similarly situated, v. Corsair Gaming, Inc.*, Case No. 3:22-cv-00312-CRB, on behalf of Dovel & Luner, LLP, Declaration submitted on September 1, 2023; Deposition on January 9, 2024.

**United States District Court, Northern District of California,** *Matthew Sinatro, and Jessica Prost, individually and on behalf of all others similarly situated, v. Barilla America, Inc*., Case No: 4:22-cv-03460, on behalf of Clarkson Law Firm, Declaration submitted on August 30, 2023; Reply Declaration submitted on February 7, 2024.

**United States District Court, for the Central District of California,** *Kathleen Cadena, et al., v. American Honda Motor Company, Inc.*, Case No. 2:18-cv-04007-MWF-MAA, on behalf of Gibbs Law Group, LLP, Declaration submitted on August 11, 2023; Deposition on September 27, 2023.

**United States District Court, for the Eastern District of Michigan,** *Edward Pistorio, Paul Murdock, Daniel Przekop, Hasan Aktulga, Sandra and Thomas Kloszewski, Randall Courtney, Corey Gerritsen, Sara Elice, Justin Bagley and Elizabeth Bagley, and Marcus Swindle on behalf of themselves and all others similarly situated, v. FCA US LLC*, Case No.: 2:20-cv-11838-SFC-RSW, on behalf of Capstone Law APC, Declaration submitted on July 31, 2023; Deposition on September 13, 2023.

**United States District Court, District of Minnesota,** *Teeda Barclay, Jay Ovsak, and Nicole Nordick, individually, and on behalf of others similarly situated, v. iFIT Health & Fitness, Inc. f/k/a Icon Health & Fitness, Inc., and Nordictrack, Inc.*, Case No. 0:19-cv-02970-ECT-DTS, on behalf of Markovits, Stock & DeMarco, LLC, Declaration submitted on July 14, 2023; Deposition on August 9, 2023; Declaration submitted on January 2, 2024.

**United States District Court, Eastern District of Michigan, Southern Division,** *Bobby Roe, et al., individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:18-cv-12528-LGM-APP, on behalf of Kessler Topaz Meltzer & Check LLP, Declaration submitted on June 28, 2023.

**United States District Court, for the Central District of California, Eastern Division**, *Sarah McCracken, Individually and on behalf of all others similarly situated, v. KSF Acquisition Corporation*, Case No. 5:22-cv-01666, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on May 24, 2023.

**United States District Court, Northern District of California, Oakland Division,** *Jonathan Rusoff and Joseph Gambino, on behalf of themselves and all others similarly situated, v. The Happy Group, Inc., a corporation; and DOES 1 through 10, inclusive*, Case No.: 4: 21-cv-08084-YGR, on behalf of The Wand Law Firm, Declaration submitted on April 11, 2023; Deposition on May 10, 2023; Reply Declaration submitted on July 18, 2023.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of Illinois,** *Justin O'Connor, Stanislaw Zielinski, Daniel Fair, Bryan Smith, Jason Steen, William Fiedler, Michael Barcelona, Robert Marino, Brian Dougherty, Susan Heller, Victor M. Orndorff, and Michael McDonald on behalf of themselves and all others similarly situated, v. Ford Motor Company*, Case No. 1:19-cv-05045, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on March 30, 2023; Reply Declaration submitted on June 1, 2023; Deposition on June 15, 2023.

**United States District Court, Northern District of California, Oakland Division,** *In re: Plum Baby Food Litigation*, Case No. 21-cv-00913-YGR, on behalf of Lockridge Grindal Nauen P.L.L.P., Declaration submitted on December 20, 2022; Deposition on February 27, 2023; Declaration submitted on September 29, 2023.

**United States District Court, Northern District of California,** *Lisa M. Moore, individually and on behalf of all others similarly situated, v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC; Pfizer Inc.*, Case No. : 4:20-cv-09077-JSW, on behalf of Clarkson Law Firm and Moon Law APC, Declaration submitted on December 7, 2022; Deposition on April 13, 2023.

**United States District Court, Southern District of California,** *Montiqueno Corbett, Damaris Luciano, and Rob Dobbs, individually and on behalf of all others similarly situated, v. Pharmacare U.S., Inc.*, Case No.: 3:21-cv-00137-GPC-AG, on behalf of Milberg LLC, Declaration submitted on September 30, 2022; Declaration submitted on March 22, 2023; Deposition on April 10, 2023; Supplemental Declaration submitted on April 24, 2023.

**In the United States District Court, for the Eastern District of Texas, Sherman Division,** *William Squires, Jesse Badke, Ahmed Khalil, Michelle Nidever, John Murphy, Kevin Neuer, Nicholas Williams and Donna Sue Scott, on behalf of themselves and all others similarly situated, v. Toyota Motor Corp, Toyota Motor North America, Inc. and Toyota Motor Sales, U.S.A., Inc.*, Case No.: 4:18-cv-00138, on behalf of Berger Montague, P.C., Declaration submitted September 29, 2022; Deposition on October 27, 2022; Reply Declaration submitted December 21, 2022.

**United States District Court, Northern District of California,** *Anthony Bush, individually and on behalf of all others similarly situated, v. Rust-Oleum Corporation* Case No.: 3:20-cv-03268-LB, on behalf of Clarkson Law Firm and Moon Law, Declaration submitted on September 27, 2022; Deposition on February 8, 2023.

**United States District Court, Southern District of California,** *William D. Petterson, individually and on behalf of all others similarly situated, v. Circle K Stores Inc.*, Case No. 3:21-cv-00237-RBM-BGS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 22, 2022; Deposition on October 11, 2022.

7



*Statement of Qualifications – Colin B. Weir*

**Superior Court of the State of California, For the County Of Santa Clara,** *Elizabeth J. VanCleave, and Katherine Hassan, individually and on behalf of a class of similarly situated individuals, v. Abbott Laboratories*, Case No. 19CV345045, on behalf of Goldstein, Borgen, Dardarian & Ho, Declaration submitted on September 19, 2022; Reply Declaration submitted on January 10, 2023; Deposition on February 1, 2023.

**United States District Court, Southern District of New York,** *Asher Haft, Robert Fisher, and Cheryl Jones, individually and on behalf of all others similarly situated, v. Haier US Appliance Solutions, Inc. d/b/a GE Appliances*, Case No.: 1:21-cv-00506-GHW, on behalf of Milberg LLC, Declaration submitted on August 12, 2022.

**United States District Court for the District of Delaware,** *Michael Ninivaggi, Jake Mickey and Cailin Nigrelli, individually and on behalf of all others similarly situated, v. University of Delaware,* Case No. 20-cv-1478-SB, and *Hannah Russo, individually and on behalf of all others similarly situated, v. University of Delaware*, Case No. 20-cv-1693-SB, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 1, 2022; Declaration submitted on August 1, 2022; Deposition on August 19, 2022; Reply Declaration submitted September 30, 2022.

**United States District Court, Central District of California,** *Kimberly Banks and Carol Cantwell, on behalf of themselves and all others similarly situated, v. R.C. Bigelow, Inc., a corporation; and DOES 1 through 10, inclusive,* Case No.: 20-cv-06208-DDP (RAOx), on behalf of The Wand Law Firm, Declaration submitted on June 17, 2022; Rebuttal Declaration submitted October 3, 2022; Declaration submitted on March 6, 2024; Deposition on May 30, 2024.

**United States District Court, Central District of California,** *Mocha Gunaratna and Renee Camenforte, individually and on behalf of all others similarly situated, v. Dr. Dennis Gross Skincare, LLC, a New York Limited Liability Company*, Case No. 2:20-cv-02311-MWF-GJS, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on March 30, 2022; Deposition on May 20, 2022; Reply Declaration submitted on September 22, 2022.

**Superior Court of the State of California, County of Santa Clara,** *Lance Dutcher, individually and on behalf of all others similarly situated, v. Google LLC, d/b/a YouTube, and YouTube LLC,* Case No. 20CV366905, on behalf of Bursor & Fisher, P.A., Declaration submitted on March 2, 2022; Deposition on May 17, 2022; Reply Declaration submitted on August 2, 2022; Declaration submitted on May 2, 2023.

**United States District Court, Middle District of Tennessee, Nashville Division,** *In re Nissan North America, Inc. Litigation; Lakeita Kemp, individually and on, behalf of all others similarly situated v. Nissan North America, Inc., and Nissan Motor Co., Ltd.*, Cases Nos. 3:19-cv-00843, Case No. 3:19-cv-00854, on behalf of DiCello Levitt Gutzler, Declaration submitted February 28, 2022; Deposition on August 25, 2022; Reply Declaration submitted on November 15, 2022.



**In the Court of Claims, for the State of Ohio,** *Autumn Adams, individually and on behalf of all others similarly situated v. University of Cincinnati*, Case No. 2021-00458JD, on behalf of Bursor & Fisher, P.A., Declaration submitted February 11, 2022; Deposition on August 10, 2022; Reply Declaration submitted on November 16, 2022.

**United States District Court, Northern District of California, San Francisco Division,** *Eric Fishon, individually and on behalf, of all others similarly situated, v. Premier Nutrition Corporation f/k/a Joint Juice, Inc.*, Case No. 3:16-cv-06980-RS, on behalf of Blood, Hurst, & O'Reardon, LLP, Expert Report submitted January 24, 2022; Deposition on March 11, 2022; Oral Testimony and Cross Examination on May 31, 2022.

**Superior Court for the State of California, for the County of Alameda,** *Michelle Moran, an individual on behalf of herself and all others similarly situated, v. S.C. Johnson & Son, Inc.*, Case No.: RG20067897, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on November 12, 2021.

**United States District Court, Eastern District of Michigan,** *Chapman, et al., v. General Motors, LLC*, Case No. 2:19-cv-12333-TGB-DRG, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on November 10, 2021; Declaration submitted on March 1, 2022; Deposition on April 13, 2022; Reply Declaration submitted on June 16, 2022.

**United States District Court, Central District of California,** *Terry Sonneveldt, Esther Wright Schneider, Michael Bibbo, Alan Meshberg, Brian Hume, Amie Levasseur, Jean Levasseur, Christopher Lacasse, Beth Pickerd, Dan Pickerd, Tim Halwas, Erin Matheny, Lewis Delvecchio, Jon Sowards, Lawrence Bohana, Monika Bohana, David Dennis, Jacqueline S. Aslan, Michael Gilreath, and Renatta Gilreath, individually and on behalf of all others similarly situated, v. Mazda Motor of America, Inc. D/B/A Mazda North American Operations and Mazda Motor Corporation*, Case No.: 8:19-cv-01298-JLS-KES, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on November 3, 2021; Declaration submitted on March 11, 2022; Deposition on April 4, 2022; Declaration submitted July 26, 2022.

**United States District Court, Southern District of Texas, Corpus Christi Division,** *Tyler Allen Click, Troy Bowen, Bailey Henderson, Ethan Galan, Luis G. Ochoa Cabrera, Homero Medina, Michael Guidroz, Scott A. Hines, Bryan J. Tomlin, Quentin Alexander, and Jacqueline Bargstedt, individually and on behalf of all others similarly situated, v. General Motors LLC*, Case No. 2:18-cv-00455-NGR, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on October 12, 2021.

**In the Court of Claims, for the State of Ohio,** *Lawrence Keba, individually and on behalf of all others similarly situated v. Bowling Green University*, Case No. 2020-00639JD, on behalf of Bursor & Fisher, P.A., Declaration submitted September 29, 2021; Reply Declaration submitted on November 26, 2021; Declaration submitted on March 31, 2023.



**In the Court of Claims, for the State of Ohio,** *Mackenzie Weiman and Sarah Baumgartner, on behalf of themselves and all others similarly situated v. Miami University*, Case Nos. 2020-00614JD and 2020-00644JD, on behalf of Bursor & Fisher, P.A., Declaration submitted September 29, 2021; Reply Declaration submitted on November 10, 2021.

**United States District Court, Southern District of New York,** *Eric Fishon and Alicia Pearlman, individually and on behalf of all others similarly situated, v. Peloton Interactive, Inc.*, Case No. 1:19-cv-11711-LJL, on behalf of DiCello Levitt Gutzler and Keller Lenkner, Declaration submitted September 15, 2021; Deposition on October 12, 2021; Reply Declaration submitted on November 1, 2021; Declaration submitted on October 17, 2022; Reply Declaration submitted on November 30, 2022.

**In the Court of Claims, for the State of Ohio,** *Caitlyn Waitt and Jordan Worrell v. Kent State University*, Case No. 2020-00392JD, on behalf of Bursor & Fisher, P.A., Declaration submitted September 15, 2021; Reply Declaration submitted on November 11, 2021.

**United States District Court, Northern District of California,** *Christopher Julian, Mark Pacana, Paul Fiskratti, and Wayne Lewald, on behalf of themselves and all others similarly situated, v. TTE Technology, Inc., dba TCL North America*, Case No. 3:20-cv-02857-EMC, on behalf of Milberg LLC, Declaration submitted on August 27, 2021; Deposition on October 2, 2021.

**United States District Court for the Northern District of California,** *Sherris Minor, as an individual, on behalf of herself, the general public and those similarly situated, v. Baker Mills, Inc.; and Kodiak Cakes, LLC*, Case No. 20-cv-02901-RS, on behalf of Gutride Safier, LLP, Declaration submitted August 2, 2021; Deposition on September 2, 2021; Reply Declaration submitted on October 18, 2021.

**In the Court of Claims, for the State of Ohio,** *Lily Zahn v. Ohio University*, Case No. 2020-00371JD, and *Gila Duke, individually and on behalf of all others similarly situated, v. Ohio University*, Case No. 2021-00036JD, on behalf of Bursor & Fisher, P.A., Declaration submitted July 30, 2021; Deposition on October 6, 2021; Reply Declaration submitted on December 2, 2021; Oral Testimony and Cross Examination on January 18, 2022.

**In the Court of Claims, for the State of Ohio,** *Brooke Smith, individually and on behalf of all others similarly situated, v. The Ohio State University*, Case No. 2020-00321JD, on behalf of Bursor & Fisher, P.A., Declaration submitted June 24, 2021; Deposition on August 26, 2021; Reply Declaration submitted on September 29, 2021.

**United States District Court, Eastern District of California,** *Felix Obertman, individually and on behalf of all others similarly situated, v. Electrolux Home Products, Inc.*, Case No. 2:19-cv-02487-KJM-AC, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 14, 2021; Reply Declaration submitted on November 18, 2021.



**United States District Court, Central District of California,** *Delaney Sharpe, Erin Weiler, Jenna Leder, and Adriana DiGennaro, on behalf of themselves and all others similarly situated, v. GT's Living Foods, LLC,* Case No. 2:19-cv-10920-FMO-GJS, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 2, 2021; Deposition on June 30, 2021.

**United States District Court, Southern District of New York,** *In re: Elysium Health - ChromaDex Litigation*, Case No. 1:17-cv-07394-LJL, on behalf of Frankfurt Kurnit Klein & Selz PC, Declaration submitted on April 20, 2021; Deposition, on April 26, 2021; Declaration submitted on June 4, 2021.

**United States District Court, Southern District of Texas, Corpus Christi Division,** *Darren Fulton and Craig Jude Broussard, each plaintiff is a citizen of the State of Texas, and each plaintiff individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:18-cv-00456, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on March 15, 2021; Deposition on April 16, 2021; Reply Declaration submitted on July 21, 2021.

**United States District Court, Southern District of California,** *Michael Testone, Collin Shanks, and Lamartine Pierre, on behalf of themselves, all others similarly situated, and the general public,v. Barlean's Organic Oils, LLC,* Case No. 3:19-cv-00169-JLS-BGS, on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on March 1, 2021; Reply Declaration submitted on May 27, 2021; Declaration submitted on February 11, 2022; Deposition on March 25, 2022.

**In The United States District Court, For the District of New Hampshire,** *Derick Ortiz, individually and on behalf of all others similarly situated, v. Sig Sauer, Inc.*, Case No.: 1:19-cv-01025-JL, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 26, 2021; Rebuttal Declaration submitted on July 28, 2021; Supplemental Declaration submitted on August 6, 2021; Declaration submitted on August 13, 2021; Oral Testimony and Cross Examination on May 4, 2022.

**United States District Court, Western District of Washington,** *Tamara Lohr and Ravikiran Sindogi, on behalf of themselves and all others similarly situated, v. Nissan North America, Inc., and Nissan Motor Co., LTD.*, Case No.: 2:16-cv-01023-RSM and United States District Court, Northern District of California, San Francisco Division, *Sherida Johnson, Subrina Seenarain, Chad Loury, Linda Spry, Lisa Sullivan, and April Ahrens on behalf of themselves and all others similarly situated, v. Nissan North America, Inc.*, Case No.: 3:17-cv-00517-WHO, on behalf of Simmons Hanly Conroy LLC; Declaration submitted on February 16, 2021; Deposition on May 5, 2021; Reply Declaration submitted on August 13, 2021.

**Superior Court of the State of California, County of Alameda,** *Donna Connary, Zoriana Pawluk-Florio, Adrienne Andry, and Paul Terrecillas, on behalf of themselves and all others similarly situated, v. S.C. Johnson & Son, Inc.*, Case No. RG20061675, on behalf of Feinstein Doyle Payne & Kravec, LLC; Settlement Declaration submitted on February 16, 2021.



**United States District Court, Western District of New York,** *In re: Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, Case MDL No. 1:19-md-2903, on behalf of Beasley Allen Law Firm, Declaration submitted on February 8, 2021; Deposition on March 11, 2021; Brief Reply Declaration submitted on September 24, 2021; Oral Testimony and Cross Examination on September 27, 2021; Reply Declaration submitted on October 13, 2021.

**Superior Court for The State of California, County of Los Angeles,** *Daniel Prescod, individually and on behalf of all others similarly situated, v. Celsius Holdings, Inc. and Does 1 through 10, inclusive*, Case No. 19STCV09321, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on December 23, 2020; Deposition on April 14, 2021; Reply Declaration submitted on July 1, 2021.

**United States District Court, Central District of California,** *Sharon Willis, individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co.*, Case No. 2:19-cv-08542-JGB-RAOx, on behalf of Bursor & Fisher, P.A.; Declaration submitted on December 17, 2020; Deposition on March 30, 2021; Reply Declaration submitted on July 15, 2021.

**United States District Court, Northern District of California,** *Gordon Noboru Yamagata, and Stamatis F. Pelardis, individually and on behalf of all others similarly situated, v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529-VC, on behalf of Blood, Hurst, & O'Reardon, LLP, Expert Report submitted December 4, 2020; Expert Report submitted December 15, 2020; Deposition on January 19, 2021.

**In the United States Court of Federal Claims,** *Bryndon Fisher, individually and on behalf of all others similarly situated, v. The United States of America,* Case No. 15-1575C, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on December 3, 2020; Reply Declaration submitted on October 29, 2021.

**United States District Court, for the Southern District of Ohio, Western Division,** *Laura Bechtel and Troy Thoennes, on behalf of themselves and all others similarly situated, v. Fitness Equipment Services, LLC, dba SOLE Fitness*, Case No. 1:19-cv-00726-MRB, on behalf of Markovits, Stock & DeMarco, LLC, Declaration submitted on December 2, 2020; Reply Declaration submitted on June 14, 2021.

**United States District Court, Northern District of California,** *Thomas Bailey, on behalf of himself and all others similarly situated, v. Rite Aid Corporation*, Case No. 4:18-cv-06926-YGR, on behalf of Greg Coleman Law, Declaration submitted October 19, 2020; Deposition on December 10, 2020; Reply Declaration submitted on March 16, 2021; Declaration submitted on May 3, 2022.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of California,** *Jeremiah Revitch, individually and on behalf of all others similarly situated, v. New Moosejaw, LLC and Navistone, Inc.*, Case No. 3:18-cv-06827-VC, on behalf of Bursor & Fisher P.A., Declaration submitted on September 28, 2020, Deposition on November 20, 2020.

**United States District Court, Southern District of Florida,** *Javier Cardenas, Rodney and Pamela Baker, Michelle Monge, and Kurt Kirton, individually and on behalf of all others similarly situated, v. Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Southeast Toyota Distributors, LLC*, Case No.: 18-cv-22798-CIV-FAM, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on September 17, 2020; Declaration submitted on October 20, 2020; Deposition on November 12, 2020; Rebuttal Declaration submitted on November 24, 2020; Supplemental Declaration submitted on December 8, 2020; Rebuttal Declaration filed on December 9, 2020; Supplemental Declaration submitted on February 17, 2023; Oral Testimony and Cross Examination on March 7, 2023.

**United States District Court, Northern District of California,** *Ralph Milan, Sarah Aquino, and Elizabeth Arnold, on behalf of themselves, those similarly situated and the general public, v. Clif Bar & Company,* Case No. 3:18-CV-02354-JD, on behalf of Law Office of Paul K. Joseph, PC, Declaration submitted on September 17, 2020; Deposition on October 23, 2020; Reply Declaration submitted on November 27, 2020; Declaration submitted on March 2, 2021; Declaration submitted on April 9, 2021; Deposition on May 7, 2021.

**Superior Court of The State of California, County of Orange,** *William Brady, on behalf of himself and all others similarly situated, v. Bayer AG; Bayer Corporation; Bayer Healthcare LLC; and Does 1 through 10, inclusive*, Case No. 0-2016-00839608-CU-MC-CXC, on behalf of Wolf Haldenstein Adler Freeman & Herz LLP, Declaration submitted on September 9, 2020; Deposition on December 4, 2020.

**United States District Court, Northern District of California, San Francisco Division,** *Daniel Zeiger, Individually, and on Behalf of All Others Similarly Situated, v. Wellpet LLC, A Delaware Corporation*, Case No. 3:17-CV-04056-WHO, on behalf of Gustafson Gluek PLLC, Declaration submitted on June 29, 2020.

**United States District Court, Central District of California, Western Division,** *Roberta Bilbrey, Jimmy Banh, Lawrence Goldman, Mark Peoples, Jamal Samaha, George Quinlan, Kara Drath, Gary Hanna, Sarah Gravlin, Caitlin Kremer, Cindy Ortiz, Alexis Chisari, Robert Moss, Michael Brumer, Dave Jahsman, John Bartholomew, Vimal Lawrence, Kayce Kleehamer, Mark Klein, Brian Klein, Charles Denaro, Adam Pryor, Srikarthik Subbarao, Daniel Allan, Paul Gonzales, Eric Faden, Hamilton Hines, And Kristen Gratton, on behalf of themselves and all others similarly situated, v. American Honda Motor Co., Inc., a California Corporation*, Case No.: 2:19-cv-05984 RGK (ASx), on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted July 24, 2020.

13



*Statement of Qualifications – Colin B. Weir*

**Superior Court of the State of California, County of Los Angeles,** *Jeffrey Koenig, on behalf of himself and all others similarly situated, v. Vizio, Inc*., Case No. BC 702266, on behalf of Greg Coleman Law, Reply Declaration submitted on July 13, 2020; Declaration submitted on August 31, 2021; Deposition on October 15, 2021; Supplemental Declaration submitted on May 2, 2022; Deposition on May 12, 2022; Supplemental Declaration submitted January 16, 2023; Deposition on February 13, 2023.

**United States District Court, Northern District of California, San Francisco Division,** *Jennifer Nemet, Norbert Kahlert, Angela Matt Architect, Inc., Eddie Field, Tonya Dreher, Adam Schell, Bryan Sheffield, Darryl Lecours, Gisbel De La Cruz, Derek Winebaugh, Michael Skena, Melissa St. Croix, Andrew Olson, John Kubala, Brendan Daly, Steven Ferdinand, Ken Galluccio, Steven Rawczak, Mark Miller, Sven Hofmann, Thomas Siehl, III, Adam Schell, Bradley Conner, Benjamin Tyler Dunn, Ingrid Salgado, Michael Bowman, and Jon Mosley, on behalf of themselves and all others similarly situated, v. Volkswagen Group of America, Inc., Volkswagen AG, Audi AG, Audi of America, LLC, Robert Bosch Gmbh, Robert Bosch LLC, Richard Dorenkamp, Heinz-Jakob Neusser, Jens Hadler, Bernd Gottweis, Oliver Schmidt, and Jurgen Peter,* Case No. 3:17-cv-04372-CRB, on behalf of Hagens Berman Sobol Shapiro LLP, Deposition on July 22, 2020.

**United States District Court, Norther District of California, San Francisco Division,** *Vicky Maldonado and Justin Carter, individually and on behalf of themselves and all others similarly situated, v. Apple Inc., Applecare Service Company, Inc., and Apple CSC, Inc.,* Case No. 3:16-cv-04067-WHO, on behalf of Hagens Berman Sobol Shapiro LLP, Supplemental Declaration submitted on September 14, 2020; Deposition on November 17, 2020.

**United States District Court, District of New Jersey,** *Brian Gozdenovich, on behalf of himself and all others similarly situated, v. AARP, Inc., AARP Services Inc., AARP Insurance Plan, Unitedhealth Group, Inc., and Unitedhealthcare Insurance Company,* Case No. 9:18-cv-81258-DMM, on behalf of Bursor & Fisher, P.A., Deposition on July 1, 2020; Rebuttal Declaration submitted on July 9, 2020.

**United States District Court, for the Central District of California, Western Division,** *Toya Edwards, on behalf of herself and all others similarly situated, v. Walmart Inc*., Case No. 1:18-cv-9655, on behalf of Simmons Hanly Conroy LLC, Reply Declaration submitted on June 28, 2021.

**United States District Court, Southern District of California,** *Patrick McMorrow, Marco Ohlin and Melody DiGregorio, on behalf of themselves, all others similarly situated and the general public, v. Mondelez International, Inc*., Case No. 3:17-cv-02327-BAS-JLB, on behalf of Law Offices of Jack Fitzgerald, Omnibus Declaration submitted on August 28, 2020; Declaration submitted on May 14, 2021; Rebuttal Declaration submitted on July 2, 2021.

**United States District Court, Central District of California, Western Division,** *Barry Braverman, et al., v. BMW of North America, LLC, et al.*, Case No. 8:16-cv-00966-TJH-SS, on behalf of Hagens Berman Sobol Shapiro LLP, Supplemental Declaration submitted on July 6, 2020.



**United States District Court, Northern District of California,** *Debbie Krommenhock and Stephen Hadley, on behalf of themselves, all others similarly situated, and the general public, v. Post Foods, LLC,* Case No. 3:16-cv-04958-WHO (JSC), on behalf of Law Offices of Jack Fitzgerald, PC, Supplemental Declaration submitted on November 16, 2020; Declaration submitted on January 18, 2021.

**United States District Court, Southern District of New York,** *Anne De Lacour, Andrea Wright, and Loree Moran individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co., and Tom's of Maine Inc.*, Case No. 1:16-cv-08364-RA, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 22, 2022; Deposition on September 9, 2022.

**United States District Court, Northern District of California,** *Stephen Hadley, on behalf of himself, all others similarly situated, and the general public, v. Kellogg Sales Company*, Case No. 5:16-cv-04955-LHK-HRL, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted on July 16, 2020; Declaration submitted on March 10, 2021.

**United States District Court, Northern District of California,** *Sandra McMillion, Jessica Adekoya and Ignacio Perez, on Behalf of Themselves and all Others Similarly Situated, v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR, on behalf of Bursor & Fisher, P.A., Oral Testimony and Cross Examination May 7 - 8, 2019.

**United States District Court, Eastern District Of New York, Brooklyn Division,** *Reply All Corp., v. Gimlet Media, Inc.,* Case No. 15-cv-04950-WFK-PK, on behalf of Wolf, Greenfield & Sacks, P.C., Deposition on October 16, 2019.

Mr. Weir has provided expert testimony since 2007, served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional projects, publications and testimony at the state, federal, and international levels.



**Exhibit 2**

**Documents Reviewed**



- Second Amended Complaint, filed September 19,2023.

- Declaration Steven P. Gaskin, June 20, 2024

- Sawtooth Software technical papers, available online at

http://www.sawtoothsoftware.com/support/technical-papers.

- *When "All Natural" May Not Be*, Analysis Group Forum (Winter 2013).

http://www.analysisgroup.com/assessing_false_advertising_claims.aspx.

- *Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al*.

- *Khoday v. Symantec Corp.*, No. 11-180 (JRT/TNL), (2014 WL 1281600, at *10 (D. Minn. March 13, 2014)

- *Sanchez-Knutson v. Ford Motor Company*, 310 F.R.D. 529, 538-39 (S.D. Fl. 2015)

- *In re: Lenovo Adware Litigation*, 2016 WL 6277245, at *21 (N.D. Cal. Oct. 27, 2016)

- *Guido v. L'Oreal, USA, Inc.*, 2014 WL 6603730, at *5, *10-*14 (C.D. Cal. July 24, 2014)

- *Brown v. Hain Celestial Group, Inc.*, 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014)

- *Microsoft v. Motorola, Inc.*, 904 F.Supp.2d 1109, 1119-20 (W.D. Wa. 2012)

- *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015)

- *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017)

- *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013)

- *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017)

- *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018)

- *In Re Arris Cable Modem Consumer Litig.*, 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10, 2018)

- *Hadley v. Kellogg Sales Co.*, 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018)

- *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019)

- *Krommenhock v. Post Foods, LLC*, 2020 U.S. Dist. LEXIS 40463 (N.D. Cal. Mar. 9, 2020)

- *Hudock v. LG Elecs. USA, Inc.*, 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020)



- *Koenig v. Vizio, Inc.*, Los Angeles Superior Court Case No. BC702266 (L.A. Super. Ct. Aug. 24, 2020)

- *Banh v. American Honda Motor Co*., Inc., 2020 WL 4390371 (C.D. Cal. July 28, 2020)

- *Kaupelis v. Harbor Freight Tools, Inc.*, 2020 WL 5901116 (C.D. Cal. Sep. 23, 2020)

- *McMorrow v. Mondelez*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021)

- *de Lacour v. Colgate-Palmolive Co*., 2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021)

- *Bailey v. Rite Aid Corp*., 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021)

- *Cardenas v. Toyota Motor Corp.*, Case No.: 18-cv-22798, 2021 U.S. Dist. LEXIS 152920 (S.D. Fla. Aug. 12, 2021)

- *Prescod v. Celsius Holdings, Inc.*, No. 19STCV09321 (Cal. Super. Ct. Cnty. L.A. Aug 2, 2021)

- *Bechtel v. Fitness Equipment Svcs., LLC*, No. 1:19-CV-726, 2021 WL 4147766 (S.D. Ohio Sept. 12, 2021)

- *Milan v. Clif Bar & Co.*, 2021 WL 4427427, (N.D. Cal. Sept. 27, 2021)

- *Testone v. Barlean's Organic Oils*, No. 19-cv-169-JLS (S.D. Cal.), Dkt. No. 98, Order Granting Motion for Class Certification (Sept. 28, 2021)

- *Johnson v. Nissan N. Am., Inc.,* 2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022)

- *Willis v. Colgate Palmolive Co.*, No. CV 19-8542 JGB (RAOx) (C.D. Cal Jan. 5, 2023), ECF No. 105.

- *Chapman v. General Motors,* Case No. 2:19-CV-12333-TGB-DRG, 2023 WL 2745161 (E.D. Mich. Mar. 31, 2023)

- *Gunaratna v. Dennis Gross Cosmetology LLC*, Case No. CV 20-2311-MWF (GJSx), 2023 WL 2628620 (C.D. Cal. Mar. 15, 2023)

- *Banks v. R.C. Bigalow, Inc.*, No. 20-CV-06208 DDP (RAOx) (C.D. Cal. Jul. 31, 2023)

- *Bush v. Rust-Oleum Corp.*, Case No. 3:20-cv-03268-LB (N.D. Cal. Feb. 5, 2024),  ECF No. 189, Amended Order Granting Motion for Class Certification

- *Corbett v. Pharmacare U.S. Inc.*, No. 21-cv-137-JES (AHG) (S.D. Cal.) March 29, 2024 Order



- *Vancleave v. Abbott Laboratories*, Case No. 19CV345045 (Cal. Super. Ct., Santa Clara County Apr. 5, 2024)

- *Sinatro v. Barilla America, Inc.*, No. 22-cv-03460-DMR, Dkt. No. 78 (N.D. Cal. May 28, 2024)

- *Getting Started With Conjoint Analysis: Strategies for Product Design and Pricing Research*, Bryan K. Orme, Research Publishers 2020.

- *Estimating Consumers' Willingness to Pay for Health Food Claims: A Conjoint Analysis*, Mitsunori Hirogaki, International Journal of Innovation, Management and Technology, Vol. 4, No. 6, December 2013

- *Testing Consumer Perception of Nutrient Content Claims Using Conjoint Analysis*, Drewnowski, Adam *et al*., Public Health Nutrition: 13(5), 688–694

- *Evaluation of Packing Attributes of Orange Juice on Consumers' Intention to Purchase by Conjoint Analysis and Consumer Attitudes Expectation*, Gadioli, I. L. et al., Journal of Sensory Studies 28 (2013):57-65

- NYU_Hall_Landers_0000002

- NYU_Hall-Landers_00000344-00000345

- NYU_Hall-Landers_00000366-00000368

- NYU_Hall-Landers_00000475

- NYU_Hall-Landers_00000480-00000483

- NYU_Hall-Landers_00000489

- NYU_Hall-Landers_00000493-00000511

- NYU_Hall-Landers_00000513-00000516

- NYU_Hall-Landers_00000518

- NYU_Hall-Landers_00000520

- NYU_Hall-Landers_00000526-00000527

- NYU_Hall-Landers_00000866

- NYU_Hall-Landers_00000973

- NYU_Hall-Landers_00000980-00000981


ECONOMICS AND
TECHNOLOGY, INC.

- NYU_Hall-Landers_00000988-00000989

- NYU_Hall-Landers_00001511-00000513

- NYU_Hall-Landers_00003651

- NYU_Hall-Landers_00003657

- NYU_Hall-Landers_00007953-00007955

- NYU_Hall-Landers_00007959-00007965

- NYU_Hall-Landers_00008004-00008064

- NYU_Hall-Landers_00008073-00008074

- NYU_Hall-Landers_00008079-00008089

- NYU_Hall-Landers_00008093-00008094

- NYU_Hall-Landers_00008185-00008190

- NYU_Hall-Landers_00008255-00008263

- NYU_Hall-Landers_00008403

- NYU_Hall-Landers_00008411

- NYU_Hall-Landers_00008413

- NYU_Hall-Landers_00008416

- NYU_Hall-Landers_00008424

- NYU_Hall-Landers_00008432

- NYU_Hall-Landers_00008440

- NYU_Hall-Landers_00008447-00008456

- NYU_Hall-Landers_00008465

- NYU_Hall-Landers_00008474

- NYU_Hall-Landers_00008478

- NYU_Hall-Landers_00008481

- NYU_Hall-Landers_00008524

- NYU_Hall-Landers_00009209-00009224

- NYU_Hall-Landers_00009322



- NYU_Hall-Landers_00009371

- NYU_Hall-Landers_00009372

- collegefactual.com

- https://nces.ed.gov/ipeds/use-the-data

- nyu.edu

- ncsu.edu

- usmd.edu

- usnews.com

