# BURSOR & FISHER
P.A.

**701 BRICKELL AVENUE**  
**SUITE 1420**  
**MIAMI, FL 33131**  
www.bursor.com

SARAH N. WESTCOT  
Tel: 305.330.5512  
Fax: 925.407.2700  
swestcot@bursor.com

September 5, 2024

<u>*Via ECF*</u>

The Honorable Sarah L. Cave, U.S.M.J.  
U.S. District Court, Southern District of New York  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

> Re: *Casey E. Hall-Landers v. New York University* (No. 1:20-cv-3250-GBD-SLC) (S.D.N.Y.) – Response to Defendant's Letter Motion for Leave to File Excess Pages

Dear Judge Cave:

On behalf of Plaintiff Casey E. Hall-Landers ("Plaintiff"), we write in response to Defendant New York University's ("Defendant" or "NYU") September 5, 2024 Letter Motion for Leave to File Excess Pages (the "Letter").

NYU seeks, at the last minute, to file an opposition brief that is **60% longer** than Plaintiff's opening class certification brief, which complied with the 25-page limit. This is clearly prejudicial to Plaintiff as Plaintiff did not have the opportunity to file an oversized opening brief. If NYU knew that it would need to file an opposition significantly longer than the page requirements (which it clearly did because NYU employed the same strategy in *García de León*), it should have negotiated the length of the briefing with Plaintiff before class certification briefing began, which the parties could have submitted to the Court for approval. Instead, NYU seeks to gain an unfair advantage by requesting a substantial unilateral extension days before its opposition is due, in a transparent attempt to prejudice Plaintiff. The Court should reject NYU's tactics and deny the motion.

Indeed, NYU provides no concrete reason whatsoever as to why an extension of this magnitude is necessary. NYU's main argument is that because it was granted **an unopposed extension** in *García de León*, such an extension is automatically warranted here. Not so. Just because an unopposed request was honored by the court in *García de León* does not demonstrate good cause for granting NYU's request here. *Gross v. AT & T Inc.*, 2019 WL 3500496, at *2 (S.D.N.Y. July 31, 2019) (requests "for leave to file materials in excess of the page limits [require a] showing [of] good cause"); *Mills v. Poole*, 2007 WL 9195388, at *1 (W.D.N.Y. Oct. 31, 2007), *aff'd*, 2008 WL 10635312 (W.D.N.Y. Jan. 14, 2008) (same). Plaintiff complied with

the page limit requirements and addressed each of the requirements of Rule 23 in 25 pages. There is no reason why Defendant cannot do the same, and Defendant provides no explanation as to why it cannot do the same.

As NYU acknowledges in its Letter, Plaintiff offered NYU a mutual 5-page extension of the opposition and reply briefs. A 5-page extension is ample. NYU did not respond to Plaintiff's proposal, it just proceeded to file a motion (without any further negotiation or discussion). NYU offers no explanation as to why a 5-page extension is insufficient.

If the Court is inclined to grant NYU a 15-page extension (or an intermediate extension), Plaintiff respectfully requests that the page limit for their reply brief also be extended by 15 pages (or any intermediate extension ordered by the Court).

Respectfully Submitted,

*Sarah N. Westcot*

Sarah N. Westcot