IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY HALL-LANDERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>Defendant. | Case No. 1:20-cv-03250-GBD-SLC |

### DECLARATION OF ANTHONY BONANO

ANTHONY BONANO declares pursuant to 28 U.S.C. § 1746:

1. I am over the age of twenty-one and competent to make this declaration.

2. I am the University Bursar in the Office of the Bursar at New York University ("NYU") and I held that position during the spring 2020 semester.

3. The facts set forth below are based on my personal knowledge and my familiarity with and access to records maintained in my role as University Bursar. If called as a witness, I could and would competently testify to the matters set forth in this declaration. The following facts are within my personal knowledge and are true and correct.

4. The Office of the Bursar is the central billing and collection point for NYU. The department is responsible for managing the university billing, collecting, refunding, and cashiering functions.

5. The Bursar's Office staff is available to assist students with activities related to paying their bill.

6. Students are charged tuition based on the particular college, school, and/or program in which they are enrolled, as well as the number of credits they take in a given semester. When students in certain programs reach a certain range of credits, often 12-18 credits, they are charged a flat rate tuition amount regardless of how many credits they take within that designated range; this flat rate is not, however, uniform across all schools.

7. Although students are obligated to pay tuition, that tuition can be paid in any number of different ways, including: (1) by the student; (2) federal grants; (3) NYU scholarships; (4) state scholarships; (5) private scholarships (including some that may not be reported to NYU); (6) tuition remission (*i.e.*, free or reduced tuition for NYU employees and their children); (7) federal loans; (8) private loans; (9) by a parent, other family member, or other third-party; (10) by an employer; or (11) some combination thereof. Scholarships may be of varying amounts and may be merit-based or need-based. Payments can be made by check, wire, or in cash. Each semester, some percentage of students do not actually pay the amounts that were invoiced to them.

8. While NYU generally did not refund tuition following the transition to remote instruction, individual students could petition the particular school in which they were enrolled to refund their individual tuition based on the student's particular extenuating circumstances. The schools had discretion to issue such refunds if the school found a refund warranted under the circumstances.

9. NYU canceled seven courses during the Spring 2020 semester because they could not effectively be transitioned to remote instruction. NYU generally issued refunds of tuition for those courses; if, however, a student who was enrolled in one or more of the seven canceled classes nonetheless remained within the applicable flat rate tuition range of credits, they would not have received a refund because their tuition obligation did not change.

10.     Tuition for the Summer 2020 term was not reduced despite the fact that instruction occurred remotely. Likewise, tuition for the Fall 2020 semester was not reduced depending on whether a student elected to enroll in in-person classes, remote classes, blended classes (*i.e.*, a mixture of in-person and remote), or some combination thereof.

11.     For the Spring 2020 semester, plaintiff Casey Hall-Landers ("Plaintiff") initially was charged a total of $41,205.00, consisting of $27,964.00 in tuition, $6,694.00 for housing, $2,568.00 for a meal plan, a $185 Production Fee, a $77 Liability Insurance Fee, a $1,312.00 Tisch Undergraduate Registration and Services Fee, and $2,405.00 for health insurance. Following the transition to remote instruction, NYU refunded Plaintiff's housing by $3,347.00, their meal plan by $1,306.14, their Production Fee by $92.50, and their Liability Insurance Fee by $38.50, resulting in a total refunded amount of $4,784.14. Thus, the final amount charged to Plaintiff for the Spring 2020 semester was $36,420.86.

12.     Based on NYU's records, Plaintiff's Spring 2020 tuition was paid by Scott A. Landers, who I understand to be Plaintiff's father. Based on NYU's records, Plaintiff's tuition for each term they enrolled at NYU was paid either by their father or by Constance Hall, who I understand to be Plaintiff's grandmother. A copy of a report generated by the Bursar's Office showing the payor for each term between Spring 2020 and Spring 2022 was produced at NYU_Hall-Landers_00001544 and is attached as Exhibit 68 to NYU's Opposition to Plaintiff's Motion for Class Certification.

13.     NYU maintains account statements for each individual student, which would reflect the amount billed and funds credited toward their bill, where applicable. NYU's account statements do not specify whether the student versus a parent or other third party paid. NYU maintains records in a format that can generate lists of students who paid tuition and fees using

certain financial aid (*e.g.*, scholarships), students for whom their employer served as a third-party payor through special arrangement, and whether a student has a zero balance. Otherwise, there is no mechanism other than manual, individualized, student-by-student review of each student's account records within the Bursar's Office systems to determine, how particular financial aid awards were applied, any credits to an account, and whether any records exist that would specify the form of payment including who made that payment.

14. Following the transition to remote instruction during the Spring 2020 semester, the Office of the Bursar continued to provide services remotely through StudentLink.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2024
New York, New York

*Anthony Bonano* (signature)
Anthony Bonano