

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T  212.335.4632
F  212.884.8632

September 18, 2024

*VIA ECF*

The Honorable Sarah L. Cave, U.S.M.J.
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Defendant's request at ECF No. 133 is **GRANTED**.
>
> The Clerk of Court is respectfully directed to close ECF No. 133.
>
> SO ORDERED.    September 19, 2024
>
> *[signature]*
> SARAH L. CAVE
> United States Magistrate Judge

Re:     *Hall-Landers v. New York University*, Case No. 1:20-cv-3250-GBD-SLC
        Request to File Portions of Opposition to Plaintiff's Motion for Class Certification and
        Certain Accompanying Documents Under Seal

Dear Judge Cave:

        We represent defendant New York University ("NYU") in the above referenced matter. Pursuant to Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions, and Rule I(F) of Your Honor's Individual Rules of Practice, NYU seeks permission to file under seal portions of its Opposition to the plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel, along with certain of the accompanying declarations and exhibits. NYU will also publicly file a redacted version of these documents, with all information that is non-confidential unredacted.

        The reason for this request is that the Opposition and certain accompanying declarations and exhibits contain: (1) personal identifying information contained in NYU's records; (2) the plaintiff's protected and/or private health information; and/or (3) sensitive commercial information. While NYU recognizes that there is a strong and well-established presumption of public access to judicial documents and proceedings, the public's right of access is not absolute. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 124 (2d Cir. 2006); *see also In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). All three categories of information listed above are appropriate for sealing.

        First, courts have found "clear and compelling reasons to seal" documents that contain certain educational and personal information about students and their family members protected by the Family Educational Rights and Privacy Act ("FERPA"). *See*, *e.g.*, *Sweeney v. Enfield Bd. of Educ.*, 2016 WL 4435331, at *10 (D. Conn. Aug. 18, 2016) (sealing documents containing confidential educational information protected by FERPA); *Chapman v. Ouellette*, 200 F. Supp.



The Honorable Sarah L. Cave
September 18, 2024
Page Two

3d 303, 311 (D. Conn. 2016) (same); *García De León v. New York Univ.*, No. 21-cv-5005 (S.D.N.Y. May 9, 2022), ECF No. 89 (granting motion to seal and holding "[a]ll personal identifying information about plaintiff or other NYU students may be redacted from publicly filed versions of exhibits on this motion"); *see also* 34 C.F.R. § 99.3.

Second, courts have held it appropriate to seal medical records and health information protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"), which "covers, among other things, past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (quotation omitted) (granting motion to seal plaintiff's health records on the basis "that Plaintiffs' privacy interests and Defendants' legal obligations [under HIPAA] outweigh the presumption of public access").  Courts also have found it appropriate to seal medical or health related information outside the context of HIPAA, particularly where, as here, such information is not directly at issue in the case. *See Robinson v. De Niro*, 2022 WL 2712827, at *2 (S.D.N.Y. July 12, 2022) (granting motion to seal; the plaintiff's "privacy interest in her medical information" weighed in favor of sealing particularly because her "medical wellbeing [wa]s not at issue" and thus "the public's interest in the information contained in the medical record . . . is not especially strong").

Third, courts have held that an entity's confidential "commercial information" is a proper subject for sealing.  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (redactions of "confidential business information," including "internal business documents," "investigative reports," and "information about [ ] business operations" was "justified"); *McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *5 (W.D.N.Y. Sept. 26, 2017) (granting motion to seal "to avoid public disclosure of [the defendant's] private financial data").

Disclosure of the confidential information described above would be harmful to the parties by, among other things, causing them to disclose non-public, commercially sensitive, and/or private information.

Counsel for NYU contacted the plaintiff's counsel on September 17, 2024 to inquire if the plaintiff consents to this request, however the plaintiff's counsel did not respond.

NYU respectfully requests that the Court grant this request to file the above-mentioned documents under seal.  Thank you in advance for your consideration.



The Honorable Sarah L. Cave
September 18, 2024
Page Three


Respectfully submitted,

*/s/ Keara M. Gordon*
Keara M. Gordon

cc: All Counsel of Record (via ECF)