April 10, 2025

*VIA ECF*

The Honorable Sarah L. Cave, U.S.M.J.
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> The parties' request at ECF No. 206 is **GRANTED**. The case is **STAYED** pending resolution Plaintiff's Rule 23(f) petition. The parties shall file a joint status letter **within five (5) business days** of the resolution of Plaintiff's petition.
>
> SO ORDERED.   April 10, 2025
>
> *[signature]*
> SARAH L. CAVE
> United States Magistrate Judge

Re:   *Hall-Landers v. New York University*, Case No. 1:20-cv-3250-GBD-SLC
<u>Joint Letter in Response to the Court's March 27, 2025 Order</u>

Dear Judge Cave:

The parties jointly write pursuant to the Court's March 27, 2025 Order (ECF No. 205), directing the parties to file a joint letter outlining their positions regarding the proposed case schedule and whether they would like a settlement conference. The parties met and conferred on April 8, 2025.

On April 4, 2025, Plaintiff filed a petition to appeal the March 26, 2025 Memorandum Decision and Order denying Plaintiff's Motion for Class Certification (ECF No. 204) pursuant to Federal Rule of Civil Procedure 23(f) (Case No. 25-815). As set forth below, the parties jointly request that this Court stay this action pending resolution of Plaintiff's 23(f) petition, but disagree regarding future scheduling following resolution of Plaintiff's petition.

*The Parties Jointly Request a Stay Pending Resolution of the 23(f) Petition*

Rule 23(f) "gives . . . the district court . . . discretion to stay the proceedings." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001). The parties agree that a stay of the action pending resolution of Plaintiff's 23(f) petition will avoid unnecessary expenditure of resources by both the Court and the parties and will also allow for guidance as to the scope of any proceedings moving forward. No burden or prejudice will ensue in granting a short stay of this matter as the Rule 23(f) process is "an expedited appeals process." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 2000 WL 1424931, at *2 (E.D.N.Y. Sept. 26, 2000).

*Plaintiff's Position Regarding Future Scheduling*

Plaintiff proposes that within fourteen (14) days of resolution of Plaintiff's 23(f) petition, that the parties meet and confer and submit a proposed case schedule, or outline any disputes regarding the same, as well as their positions regarding a settlement conference.

NYU's position regarding subject matter jurisdiction is incorrect as this Court will retain subject matter jurisdiction under CAFA regardless of whether class certification is denied, so long as the class action allegations remain in the Second Amended Complaint (which they do), which

is the law in the Second Circuit (and many other circuits to consider the issue). *See Gale v. Chicago Title Ins. Co.*, 929 F.3d 74, 77 (2d Cir. 2019) (even "after the class was decertified, the District Court still had CAFA jurisdiction because class–action allegations remained in the complaint."); *accord Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011) (collecting cases and concluding "[w]e agree with the other circuits that have addressed this issue and hold that denial of class certification does not divest federal courts of jurisdiction.") (internal citation and quotation marks omitted); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) ("We assumed in *Bullard v. Burlington Northern Santa Fe Ry.,* 535 F.3d 759, 762 (7th Cir.2008), that federal jurisdiction under the Class Action Fairness Act does not depend on certification, and we now join *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1268 n. 12 (11th Cir.2009), in so holding.").

### *NYU's Position Regarding Future Scheduling*

As Your Honor held when issuing the order bifurcating discovery, "[t]he sole basis for federal subject matter jurisdiction over this action is the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)(A) ('CAFA')." ECF No. 83 at 4-5. Thus, "if class certification is denied, the Court will no longer have subject matter jurisdiction over Hall-Landers' claims." *Id.* at 11; *see also García De León v. New York University*, 2022 WL 2237452, at *15 (S.D.N.Y. Jun. 22, 2022) (dismissing similar Covid-19 tuition refund case against NYU; "Because this case cannot be maintained as a class action . . . the lone basis for federal jurisdiction disappears" and "the complaint must be dismissed[.]"). Accordingly, NYU's position is that unless the Second Circuit grants the plaintiff's Rule 23(f) petition and reverses the denial of class certification (which it should not), further proceedings are unnecessary as this case should be dismissed for lack of subject matter jurisdiction per this Court's holding.

Respectfully submitted,

| | |
|---|---|
| BURSOR & FISHER, P.A. | DLA PIPER LLP (US) |
| By: /s/ *Andrew J. Obergfell* | By: /s/ *Keara M. Gordon* |
|     Sarah N. Westcot |     Keara M. Gordon |
|     Joseph I. Marchese |     Colleen Carey Gulliver |
|     Andrew Obergfell |     Rachael C. Kessler |
| |     Connor D. Rowinski |
| 1330 Avenue of the Americas, 32nd Floor | 1251 Avenue of Americas, 27th Floor |
| New York, NY 10019 | New York, NY 10020 |
| Telephone: (646) 837-7150 | Telephone: (212) 335-4500 |
| Facsimile: (212) 989-9163 | Facsimile: (212) 335-4501 |
| BURSOR & FISHER, P.A. | *Attorneys for Defendant New York University* |
| 701 Brickell Avenue, Suite 1420 | |
| Miami, FL 33131 | |

Hon. Sarah L. Cave
April 10, 2025
Page Three

Telephone: (305) 330-5512
Facsimile: (305) 676-9006

*Attorneys for Plaintiff Casey E. Hall-Landers*